# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAM L. CLEMMONS,             ) | |
|              ) | |
|        Plaintiff,     ) | |
|              ) | |
|      v.           ) | Civil Action No. 1:05-CV-02353 (RCL) |
|              ) | |
| U.S. ARMY CRIME RECORDS    ) | |
| CENTER,            ) | |
|              ) | |
|       Defendant.    ) | |
|              ) | |

## DEFENDANT'S MOTION TO DISMISS IN PART
## AND FOR SUMMARY JUDGMENT IN PART

Defendant hereby moves to dismiss Plaintiff's Complaint, in part, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. Defendant moves for summary judgment on Plaintiff's remaining claims pursuant to Rule 56 of the Federal Rules of Civil Procedure because there is no genuine issue as to any material fact and Defendant is entitled to judgment as a matter of law. In support of this motion, Defendant respectfully submits the attached memorandum of points and authorities, statement of material facts not in genuine dispute[1], and a proposed order.

---

[1] To the extent that the Court may rely on matters outside of the pleadings, the Court may enter summary judgment in favor of the defendant. See Fed. R. Civ. P. 12(b); 56. Plaintiff should take notice that any factual assertions contained in the documents in support of this motion will be accepted by the Court as true unless the plaintiff submits his own affidavit or other documentary evidence contradicting the assertions in the documents. See Neal v. Kelly, 963 F.2d 453, 456-57 (D.C. Cir. 1992), Local Rule 7(h); 56.1 and Fed. R. Civ. P. 56(e), which provides as follows:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show

Respectfully submitted,

/ s /

_____

KENNETH L. WAINSTEIN, D.C. Bar # 451058
United States Attorney

/ s /

_____

RUDOLPH C. CONTRERAS D.C. Bar No.  434122
Assistant United States Attorney

/ s /

_____

KEVIN ROBITAILLE
Special Assistant United States Attorney
Civil Division
555 Fourth St., N.W.
Washington, D.C. 20530
202-353-9895

---

affirmatively that the affiant is competent to testify to the matters stated therein.
Sworn or certified copies of all papers or parts thereof referred to in an affidavit
shall be attached thereto or served therewith.  The court may permit affidavits to
be supplemented or opposed by depositions, answers to interrogatories, or further
affidavits.  When a motion for summary judgment is made and supported as
provided in this rule, an adverse party may not rest upon the mere allegations or
denials of the adverse party's pleading, but the adverse party's response, by
affidavits or as otherwise provided in this rule, must set forth specific facts
showing that there is a genuine issue for trial.  If the adverse party does not so
respond, summary judgment, if appropriate, shall be entered against the adverse
party.

Fed. R. Civ. P. 56(e).

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| SAM L. CLEMMONS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:05-CV-02353 (RCL) |
| | ) | |
| U.S. ARMY CRIME RECORDS | ) | |
| CENTER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS IN PART**
**AND FOR SUMMARY JUDGMENT IN PART**

Defendant files this Memorandum in support of its Motion to Dismiss plaintiff's

complaint, or in the alternative, for Summary Judgment to the extent that plaintiff's complaint

relates to an alleged Freedom of Information Act,(FOIA) cause of action.

## I.  INTRODUCTION

In a confusing complaint dated December 8, 2005, Plaintiff brought suit seeking, *inter*

*alia*, "full recovery" for myriad allegations; "complete removal of all personal information from

this agency's database"; and "punitive damage recovery."  Plaintiff's Complaint, ¶ 6 (*hereinafter*

Pl. Compl).  Plaintiff's complaint does not contain a short and plain statement of the grounds

upon which the court's jurisdiction depends as required by FRCP 8(a).  However, given the

latitude given to pro se plaintiffs, the government has attempted to ascertain the claims plaintiff

is raising and addresses each below.

Given the allegations in the complaint and the administrative record, this disjointed

complaint can be distilled into three causes of action: one, an alleged violation of the Privacy

Act, 5 U.S.C. 552a et seq., in that the Army Crime Records Center (ACRC) failed to amend  a

U.S. Army Criminal Investigation Command (CID) report of investigation (ROI) which lists

Plaintiff as the subject of a 1994 ROI for fraud; two, that such entry of Plaintiff's name as a

subject of a criminal investigation amounted to tortuous conduct of "deformation of character

[sic]," identity theft and identity fraud," Pl. Compl. ¶ 5; and three,  that ACRC has improperly

withheld the criminal investigation which names the plaintiff as a subject under the Freedom of

Information Act 5 U.S.C. § 552 (FOIA).

        Defendant, U.S. Army Crime Records Center, a component of the Department of the

Army moves to dismiss Plaintiff's Privacy Act cause of action for lack of subject matter

jurisdiction, Fed. R. Civ. P. 12(b)(1), as Plaintiff has failed to exhaust his administrative

remedies.  Defendant also moves to dismiss Plaintiff's allegations which sound in tort for lack of

subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).  The United States has not waived

sovereign immunity for these alleged torts and Plaintiff has also failed to exhaust his

administrative remedies.

        To the extent any additional alleged causes of action can be discerned from Plaintiff's list

of violations ( Pl. Compl. ¶3), other than FOIA, Defendant also moves to dismiss them under

Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, or in the alternative, Fed. R. Civ.

P. 12(b)(6) for failure to state a claim for which relief can be granted.

        Defendant moves for summary judgment with respect to any improper withholding under

FOIA. Fed. R. Civ. P. 56.   The subject criminal investigation was released to Plaintiff on

February 23, 2006 with proper redactions under FOIA Exemptions (b)(2), (b)(6), and (b)(7)(C) .

See Defendant's Exhibit 6 (hereinafter DEX).  Given this release and the proper withholdings

2

therein, there is no genuine issue of material fact regarding release of records to plaintiff under

FOIA, thus Defendant is entitled to summary judgment as a matter of law.

## II.  **BACKGROUND**

On March 9, 2004, the ACRC received a FOIA referral from the Drug Enforcement

Administration (DEA) via the Department of the Army FOIA and Privacy Act Office. DEX 1.

As indicated in that referral, Plaintiff made a Privacy Act/FOIA request to the DEA dated July

15, 2003, seeking information regarding a negative DEA background investigation. DEX 1, pg.

4-5.  The DEA referral to ACRC contained an unredacted DA Form 4833, *Commanders Report*

*of Disciplinary or Administrative Action*, dated September 30, 1994 and the unredacted four-page

narrative portion of the final Army CID Report of Investigation, number 0233-94-CID043-

31332, dated June 16, 1994. DEX 8.

On March 18, 2004, the CRC processed the DEA referral and released to Plaintiff a

redacted copy of the DA 4833 and four-page narrative portion of the investigation number 0233-

94-CID043-31332. DEX 2.

In a letter dated August 8, 2005, citing the Privacy Act and FOIA, Plaintiff requested "all

information . . .in a file containing issues with me that I committed a crime." DEX 3, pg. 1.  By

letter dated August 29, 2005, the ACRC notified Plaintiff that his request was being processed in

chronological order based upon the date it was received as prescribed by Department of Defense

Regulation 5400.7. DEX 4.  In a response dated September 7, 2005, Plaintiff--construing the

August 29, 2005 ACRC notification as a denial--wished to "appeal" and requested ACRC to

"expedite" his request. DEX 5.  Plaintiff filed the instant suit on December 8, 2005.

On February 23, 2006, the ACRC released to Plaintiff the full, 14-page criminal ROI

listing him as the subject of a 1994 criminal investigation for fraud. DEX 6. ACRC's release included appropriate redactions under FOIA Exemptions (b)(2), (b)(6), and (b)(7)(C).

## III. STANDARD OF REVIEW

### A. Lack of Subject Matter Jurisdiction

On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), the Plaintiff bears the burden of establishing that the court has subject matter jurisdiction. Dist. of Columbia Ret. Bd. v. United States, 657 F. Supp. 428, 431 (D.D.C. 1987). In considering a motion to dismiss for lack of subject matter jurisdiction, the court accepts as true all material factual allegations in the complaint. Hohri v. United States, 782 F.2d 227, 241 (D.C. Cir. 1986), vacated on other grounds, 482 U.S. 64 (1987). In addition, a court may consider such materials outside the pleadings as appropriate to resolve the question whether it has jurisdiction to hear the case. See Herbert v. Nat'l. Academy of Sciences, 974 F.2d 192, 197 (D.C. Cir. 1992); Haase v. Sessions, 835 F.2d 902, 906 (D.C. Cir. 1987); Borg-Warner Protective Servs. Corp. v. EEOC., 81 F. Supp. 2d 20, 23 (D.D.C. 2000).

While pro se litigants' complaints are liberally construed they "cannot generally be permitted to shift the burden of litigating his case to the courts, nor to avoid the risks of failure that attend his decision to forego expert assistance." Macleod v. Georgetown Univ. Med. Ctr., 736 A.2d 977 (D.C. Cir. 1999) quoting Dozier v. Ford Motor Co., 702 F.2d 1189, 1194 (1993). See also Moore v. Agency for Int'l Dev., 994 F.2d 874, 876 (1993) (the court "does not need to provide detailed guidance to pro se litigants," nor does liberal treatment "constitute a license for a plaintiff filing pro se to ignore the Federal Rules of Civil Procedure." (internal quotation

4

omitted)).

A plaintiff's burden to properly plead jurisdiction is particularly heavy when suing the sovereign. United States v. Mitchell, 463 U.S. 206, 212 (1983). As sovereign, the United States is "immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." United States v. Sherwood, 312 U.S. 584, 586 (1941). Statutory waivers of sovereign immunity "are to be construed strictly in favor of the sovereign." McMahon v. United States, 342 U.S. 25, 27 (1951) (citations omitted).

### B. Failure to State a Claim

A Plaintiff must state a claim upon which relief can be granted. District of Columbia Retirement Bd. v. United States, 657 F. Supp. 428, 433 (D.D.C. 1987). A court must accept the allegations of the complaint as true in determining whether to grant a Rule 12(b)(6) motion to dismiss for failure to state a claim. Scolaro v. D.C. Bd. of Elections and Ethics, 104 F. Supp. 2d 18, 22 (D.D.C. 2000). See, e.g., Croixland Properties Ltd. Partnership v. Corcoran, 174 F.3d 213, 215 (D.C. Cir.1999) All reasonable inferences must be drawn in favor of the Plaintiff, and a court should only dismiss a complaint for failure to state a claim "'if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" Id. (quoting Hishon v. King & Spalding, 467 U.S. 69, 73(1984)); see also Price v. Crestar Secs. Corp., 44 F.Supp.2d 351, 353 (D.D.C.1999). A court "does not test whether the Plaintiff will prevail on the merits, but instead whether the claimant has properly stated a claim." Price at 353. While plaintiff is entitled to all favorable inferences that can be drawn from those allegations, Warth v. Seldin, 422 U.S. 490, 501 (1975), the court need not accept inferences drawn by

plaintiff if such inferences are unsupported by the facts set out in the complaint.  Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994) Further, while the court must accept plaintiff's allegations of fact as true, the court is not required to accept as correct the conclusions plaintiff would draw from such facts.  Taylor v. Federal Deposit Insurance Corp., 132 F.3d 753, 762 (D.C. Cir. 1997); National Treasury Employees Union v. United States, 101 F.3d 1423, 1430 (D.C. Cir. 1996).  Nor must a Court "accept legal conclusions cast in the form of factual allegations." Kowal, 16 F.3d at 1276; see also Papasan v. Allain, 478 U.S. 265, 286 (1986).

Ordinarily, the introduction of materials outside of the pleadings is not allowed upon consideration of a motion to dismiss under Rule 12 (b)(6) and converts a motion to dismiss to a motion for summary judgment.  Savage v. Scales, 310 F. Supp. 2d 122, 129 (D.D.C. 2004).  An exception to this rule exists where a document is referred to in the plaintiff's complaint and is central to the plaintiff's allegations.  Lipton v. MCI Worldcom, Inc., 135 F. Supp. 2d 182, 186 (D.D.C. 2001).

**C.  Summary Judgment**

In 1986, the Supreme Court issued three opinions that clarified the standards governing consideration of motions for summary judgment under Fed. R. Civ. P. 56.  Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R.

Civ. P. 56(c); Celotex at 322; Diamond v. Atwood, 43 F.3d 1538, 1540 (D.C. Cir. 1995);

Molerio v. FBI, 749 F.2d 815, 823 (D.C. Cir. 1984).  Where no genuine dispute exists as to any

material fact, summary judgment is required.  Anderson, 477 U.S. 242 (1986).

A genuine issue of material fact is one that could change the outcome of the litigation.  Id. at

247.  The party moving for summary judgment need not prove the absence of an essential

element of the nonmoving party's case.  Celotex, at 325.  "The burden on the moving party may

be discharged by 'showing' –  that is, pointing out to the (Court) –  that there is an absence of

evidence to support the non-moving party's case." Id.  Once the moving party has met its burden,

the non-movant may not rest on mere allegations, but must proffer specific facts showing that a

genuine issue exists for trial.  Matsushita, 475 U.S. at 586.  Fed. R. Civ. P. 56 requires the party

opposing summary judgment go beyond the pleadings, and by affidavits, depositions, answers to

interrogatories or admissions set forth "specific facts showing that there is a genuine issue for

trial."  Fed. R. Civ. P. 56(e); Celotex, 477 U.S. at 324; Banks v. C & P Tel. Co., 802 F.2d 1416

(D.C. Cir. 1986).  To avoid summary judgment, the Plaintiff must state specific facts or present

some objective evidence that would enable the court to find an entitlement to relief.

    In an opinion issued the same day as Celotex, the Supreme Court explained the

circumstances where summary judgment is appropriate: "if the evidence is merely colorable . . .

or is not sufficiently probative . . . summary judgment may be granted . . . (T)he mere existence

of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be

evidence on which the jury could reasonably find for the plaintiff."  Anderson, 477 U.S. at 252.

Unsupported speculation is not enough to defeat a summary judgment motion; the existence of

specific material evidentiary facts must be shown.  Fed. R. Civ. P. 56(e) (the nonmoving party

may not rest on mere allegations but "must come forward with 'specific facts showing there is a genuine issue for trial."). _See also_ Hayes v. Shalala, 902 F.Supp. 259, 263 (D.D.C. 1995) (opposition to summary judgment must consist of more than mere unsupported allegations or denials); Johnson v. Digital Equip. Corp., 836 F.Supp. 14, 18 (D.D.C. 1993) (evidence that is merely colorable or not sufficiently probative is insufficient to defeat summary judgment); Baton v. Powell, 912 F.Supp. 565, 578 (D.D.C. 1996).

The mere existence of some factual dispute will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact. *See* Anderson, 477 U.S. at 247-248. Perhaps most significantly, the Court authorized weighing the evidence at the summary judgment stage of litigation, stating that the "purpose of summary judgment is to 'pierce the pleadings, and to assess the proof in order to see whether there is a need for a trial.'" Id. (citation omitted). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Id. at 249-250 (citations omitted). If the evidence is "merely colorable, or is not significantly probative," or the record taken as a whole could not "lead a rational trier of fact to find for the nonmoving party, summary judgment is proper." Id.; Matsushita, 475 U.S. at 587. Thus, the non-movant cannot manufacture genuine issues of material fact with "some metaphysical doubt as to the material facts," (Matsushita at 586), or with "conclusory allegations . . . unsubstantiated assertions, . . . or a scintilla of evidence." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). Importantly for this case, "[b]y pointing out the absence of evidence to support the nonmoving party's case, the moving party can demonstrate that there is no genuine issue as to any material fact, therefore entitling it to summary judgment."

<u>Shelborne v. Runyon</u>, 1997 WL 527352 at **3 (citing <u>Celotex</u>, 477 U.S. at 325).

In <u>Celotex</u>, the Supreme Court further instructed that the "(s)ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" <u>Celotex</u>, 477 U.S. at 327 (quoting Fed.R.Civ.P. 1). A court should grant summary judgment if the moving party submits affirmative evidence that negates an essential element of the nonmoving party's claims or by demonstrating to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim. <u>Celotex</u>, 477 U.S. at 331.

## IV.  <u>ARGUMENT</u>

### A.  Liberally Construing Pro Se Plaintiff's Complaint Results in Alleged Causes of Action under The Privacy Act, Tort, and FOIA.

As a threshold matter, it is necessary to sort out Plaintiff's confusing complaint to establish a basis for this honorable Court's jurisdiction and identify any colorable legal causes of action raised by Plaintiff. Applying the long-standing rule that *pro se*[2] pleadings are to be given a liberal construction, *see, e.g.*, <u>Haines v. Kerner</u>, 404 U.S. 519 (1972), plaintiff's complaint facially raises Privacy Act, FOIA, and Tort causes of action.

Plaintiff's complaint, liberally read, alleges a Privacy Act cause of action under an amendment theory. The Privacy Act is a limited waiver of sovereign immunity and a grant of

---

[2]Although the summons also lists "Attorney Louise Harrell," the complaint is only signed by Mr. Clemons. Fed. R. Civ. P. 11(a).

jurisdiction to United States District Courts.  5 U.S.C. § 552a(g)(1)(D).  While the complaint

does not specifically allege a failure of the agency to amend an individual record, the crux of the

complaint is one of amendment under 5 U.S.C. § 552a(d)(3) and (g)(1)(A).  Plaintiff refers to the

Privacy Act in his complaint,[3] and his primary allegation is that his "personal information" was

entered into a "United State [sic] Government's criminal database," and that such entry was done

"wilfully" and "intentionally." Pl. Compl. ¶ 2.  Moreover, Plaintiff, *inter alia*, specifically seeks

"complete removal of all personal information from this federal agency's database." Pl. Compl. ¶

7.  As such, the relief sought is akin to an action for amendment per 5 U.S.C. § 552a(g)(2)(A).

Liberally construed, Plaintiff's complaint also sounds in tort as he characterizes his

complaint as an action of "deformation of character [*sic*], identity theft, and identity fraud." (Pl.

Compl. ¶5).  Claims against the United States are barred by sovereign immunity unless there is

an applicable statutory waiver.  Although the Federal Tort Claims Act (FTCA) is a waiver of

sovereign immunity, certain types of claims are excepted from its coverage. 28 U.S.C. §§

1346(b), 2671-2680.  The FTCA also requires exhaustion of administrative remedies prior to

filing suit.

In paragraphs three and four of his complaint, Plaintiff provides a lengthy list of alleged

violations.  With the exception of the causes of action discussed above and one under the FOIA,

discussed below, this list-liberally construed--provides no cognizable cause of action.  None of

---

[3]Plaintiff cites 5 U.S.C. § 552a (j)(2) of the Privacy Act in his complaint which provides agency authority to exempt law enforcement systems of records from specified Privacy Act requirements, to include the amendment provisions of 5 U.S.C. § 552a(d).  The Army CID, implementing 5 U.S.C. § 552a(j)(2), has exempted criminal investigation and crime laboratory files from the access and amendment requirements of the Privacy Act.  *See* 5 C.F.R.§ 505.5(e)(15)(iv)(B).

the named statutes, executive orders, or regulations provides a waiver of federal sovereign immunity,  a grant of jurisdiction or a private right of action, nor does plaintiff state a claim for which relief can be granted based on them.[4]  Even though *pro se* plaintiffs are generally held to a less stringent standard of pleading than those prepared by lawyers, this does not "'constitute a license for a plaintiff filing *pro se* to ignore the Federal Rules of Civil Procedure." <u>Moore v. Agency for Int'l Dev.</u>, 994 F.2d 874, 876 (D.C. Cir 1993).  Nor does it allow a pro se plaintiff to "expect the Court to decide what claims a plaintiff may or may not want to assert.'" <u>Baker v. United States Army</u>, 1991 U.S. Dist. LEXIS 6424 (D.D.C. 1991), *quoting* <u>Jarrell v. Tisch</u>, 656 F. Supp. 237, 239 (D.D.C. 1987).

Finally, Plaintiff's complaint also alleges a cause of action under FOIA.  FOIA also provides a limited waiver of sovereign immunity. 5 U.S.C. § 552(a)(4)(B).  Plaintiff refers to FOIA in his complaint (Pl. Compl. ¶2), and the three FOIA withholding exemptions–(b)(2), (b)(6), and (b)(7)(C)–asserted by the ACRC in the March 18, 2004 release to Plaintiff (DEX 2) as well as the recent February 23, 2006 release. DEX 6.

---

[4]Executive Order (EO) 10450 prescribes security requirements for government employees; EO 10865 prescribes the safeguarding of classified information within industry; EO 1233 generally prescribes U.S. intelligence activities; EO 12356 establishes the system of classifying and declassifying government information; 5 U.S.C. § 3301 is the statutory authority for the President to prescribe civil service regulations; 5 U.S.C. § 9101 governs access to criminal histories by designated agencies for national security and other purposes; 42 U.S.C. § 2165 prescribes access to restricted data requirements for employees or contractors of the Atomic Energy Commission; 42 U.S.C. § 2201 prescribes the organic functions of the Atomic Energy Commission; 50 U.S.C. §§ 781 <u>et seq</u>, is collectively known as the Internal Security Act of 1950; 5 C.F.R. Part 732 sets forth agency procedures for determining national security positions pursuant to EO 1045; 5 C.F.R. Part 736 specifies requirements for personnel investigations conducted by OPM and those conducted by agencies under OPM authority.

**B. Plaintiff's Alleged Cause of Action To Amend under the Privacy Act Must be Dismissed for Failure to Exhaust Administrative Remedies.**

This Court must dismiss the Plaintiff's Privacy Act cause of action under Fed. R. Civ. P. 12 (b)(1) because it lacks subject matter jurisdiction; Plaintiff has failed to exhaust his administrative remedies by seeking removal of his name as a subject in a criminal investigation from the U.S. Army Criminal Investigation Command as prescribed in Army Regulation (AR) 195-2.

The U.S. Supreme Court has "long acknowledged the general rule that parties exhaust prescribed administrative remedies before seeking relief from federal courts." McCarthy v. Madigan, 503 U.S. 140, 144 (1992). Exhaustion concerns are more pronounced when the action under review involves agency discretion or allows the agency to apply its special expertise. McKart v. United States, 395 U.S. 185, 193-195 (1969); *see also* Bowen v. City of New York, 476 U.S. 467, 484 (1986).

The general principle of exhaustion squarely applies in this case. The language of the Privacy Act plainly contemplates exhaustion; as a precursor to the judicial relief provisions of 5 U.S.C. § 552a(g)(2)(A), 5 U.S.C. § 552a(g)(1) provides that "[w]henever any agency (A) makes a determination . . .not to amend an individual's record." (emphasis added). Army Regulation 195, paragraph 4-4 (DEX 7) prescribes the process of requesting an amendment to an Army CID ROI, to include the removal of one's name as a subject. See Holz v. Westphall, 217 F. Supp. 2d 50 (D.D.C. 2002) (Privacy Act amendment suit seeking removal of name as a subject of a CID report of investigation). Plaintiff's request dated August 8, 2005 sought only the release of records; the request did not expressly or impliedly request amendment of the record. See DEX 3.

12

To date, the ACRC has received no amendment request from plaintiff as required under AR 195-2, paragraph 4-4. DEX 8. Accordingly, to the extent that Plaintiff's complaint can be construed to allege that the agency has wrongfully failed to amend this record under the Privacy Act, the complaint must be dismissed under Fed. R.Civ. P. 12 (b)(1) for a failure to exhaust administrative remedies. The Army CID Command has not been afforded the opportunity to apply its expertise to determine whether Plaintiff's name should be removed pursuant to a proper administrative request.[5]

### C. Plaintiff's Alleged Causes of Action which Sound in Tort Must be Dismissed for Lack of Subject Matter Jurisdiction.

In paragraph five, Plaintiff also describes "this complaint" as one seeking relief for "deformation of character [sic], identity theft and identity fraud." These actions, which sound in tort, must be dismissed for lack of subject matter jurisdiction under Fed. R. Civ. P. 12 (b)(1). The United States has not waived sovereign immunity for such causes of action, and to the extent cognizable under the FTCA, Plaintiff has failed to exhaust his administrative remedies.

The Plaintiff bears the burden of proving the subject- matter jurisdiction of this court. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 182 (1936). Dist. Of Columbia Ret. Bd. V. United States, 657 F. Supp. 428, 431 (D.D.C. 1987). A bedrock requirement of subject-matter jurisdiction is the waiver of federal sovereign immunity. The United States, as sovereign, is immune from suit as it consents to be sued, and the terms of its consent to be sued define a court's jurisdiction to entertain suit. United States v. Mitchell, 445 U.S. 535, 538 (1980); United

---

[5] In Accordance with 5 U.S.C. § 552a(j)(2); Army CID's has exempted criminal investigation files from the Privacy Act under 32 C.F.R. § 505.5(c)(15). The government does not waive its right to assert this exemption if the Court reaches the merits of plaintiff' PA claim.

States v. Sherwood, 312 U.S. 584, 586 (1941).  In the torts context, the Federal Tort Claims Act ("the FTCA") represents a limited waiver of the United States' sovereign immunity.  28 U.S.C. §§ 1346(b) and 2671-80.

The United States' waiver of sovereign immunity under the FTCA is subject to certain exemptions, one of which is applicable here: the United States may not be sued for defamation. See Benvenuti v. Dep't of Defense, 587 F.Supp. 348, 352 (D.D.C. 1984); Art Metal-U.S.A. v. United States, 753 F.2d 1151 (D.C. Cir. 1985).  The applicable provision of the statute explicitly states that the Act shall not apply to "any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit..."  28 U.S.C. § 2680(h).  Defamation is encompassed in this exception. See Hosey v. Jacobik, 966 F.Supp. 12, 15 (D.D.C. 1997) (Defamation is "simply a broader term for slander and libel," and accordingly, is a type of claim for which the United States cannot be sued).  Thus, plaintiff's allegation of "deformation [sic] of character" must be dismissed on immunity grounds.

To the extent the allegations of "identity fraud" and "identity theft" state any claim for civil relief, they would sound in tort.  These claims are more difficult to address since they lack clarity.[6]  Defendant is not aware of any authority which waives the sovereign immunity of the United States for actions of "identity theft or identity fraud."  As indicated by the four corners of

_____

[6]It is unclear from the face of the *pro se* pleading whether "identity theft" and "identity fraud" relate to the defamation allegation or attempt to allege a separate cause of action. Certainly such acts may qualify as criminal conduct, but such conduct is squarely outside the realm of this Civil Court.  Liberally construing *pro se* Plaintiff's attempt at pleading; however, these allegations are essentially the same as the defamation claim since they all arise from the single act of identifying him as a subject of a criminal ROI.

the complaint, Plaintiff's chief allegation is that ACRC wrongfully placed his name in a criminal

database.  As such, these vague allegations of "identity theft" and "identity fraud" appear  to be

nothing more than the same tortious allegation of defamation packaged in different language.

Accordingly,  the allegations of "identity theft" and identity fraud" must also be dismissed as part

of the United States immunity for defamation actions or more generally under the intentional tort

exception promulgated by 28 U.S.C. § 2680(h).

To the extent the claims of "identity theft" and "identity fraud" raise claims for which the

government has waived sovereign immunity under the FTCA, plaintiff has failed to exhaust his

administrative remedies and thus the result is the same, the Court lacks jurisdiction over the

claims.  Federal law prohibits FTCA actions from proceeding unless the plaintiff has presented

an administrative tort claim.  28 U.S.C. § 2675(a).  Under the FTCA, a plaintiff is required, prior

to the institution of suit, to present an administrative claim to the appropriate Federal agency.  28

U.S.C. § 2675(a).  Section 2675(a) provides in relevant part (with emphasis added):

> *An action shall not be instituted* upon a claim against the United States for money
> damages for injury or loss of property or personal injury or death caused by the
> negligent or wrongful act or omission of any employee of the Government while
> acting within the scope of his office or employment, *unless the claimant shall
> have first presented the claim to the appropriate Federal agency and his claim
> shall have been finally denied by the agency* in writing and sent by certified or
> registered mail.  The failure of an agency to make final disposition of a claim
> *within six months* after it is filed shall, at the option of the claimant any time
> thereafter, be deemed a final denial of the claim for purposes of this section.

Thus, presentation of an administrative claim complying with Section 2675 and the FTCA

regulations is a non-waivable jurisdictional requirement.  McNeil v. United States, 508 U.S. 106,

110-13, 113 S. Ct. 1980, 1983-1984 (1993).

Plaintiff did not submit an administrative claim to the U.S. Army for the incidents alleged by him to be violations of the FTCA. *See* DEX 9.  Thus, the Court does not have jurisdiction over this matter.  Because the Court lacks subject matter jurisdiction, this claim must be dismissed under Fed. R. Civ. P. 12 (b)(1).

### D.  Plaintiff's List of Violations Must be Dismissed for Lack of Subject Matter Jurisdiction or for Failure to State a Claim for Relief.

In paragraphs three and four of the complaint, Plaintiff provides a list of alleged agency violations by citing myriad statutes, executive orders, and regulations.  With the exception of the alleged causes of action discussed above and one under the FOIA, none of these provisions–many of suspect relevance–provide a basis for this honorable Court's subject matter jurisdiction or state a cognizable claim.  In sum, Defendants and this Court cannot guess what plaintiff alleges.

Even within the liberal *pro se* context, Plaintiff must still comply with the basic requirements of the Federal Rules of Civil Procedure. Jarrell v. Tisch, 656 F. Supp. 237, 239 (D.D.C. 1987). This includes providing a "short and plain statement" setting forth the basis of the Court's jurisdiction as well as a claim showing an entitlement to relief.  Fed. R. Civ. P. 8(a). "The purpose of Rule 8(a) is to give fair notice to the defendants. . . to permit defendants to prepare a responsive answer [or] prepare an adequate defense." Coleman v. Gingrich et. al., 1997 U.S. Dist. LEXIS 1871, *citing* Brown v. Califano, 75 F.R.D. 497, 498 (D.D.C. 1977).

In the instant case, Plaintiff's list contains no authority which either provides a waiver of

16

federal sovereign immunity, a grant of jurisdiction or a private right of action.[7]    Defendant and this Court can only guess what, if any, additional causes of action Plaintiff attempts to raise with his confused list of alleged violations; therefore, there is no requisite specificity on which to base jurisdiction. *See e.g.*, Tisch, 656 F. Supp. At 239.    Accordingly, Plaintiff's complaint must be dismissed for lack of subject matter jurisdiction.  Likewise, Plaintiff fails to state a bona fide claim for relief on the face of this list of  "violations;" thus dismissal under Fed. R. Civ. P. 12 (b)(6) is also proper.  *See e.g.*,  District of Columbia Retirement Bd., 657 F. Supp. at 433.

### E.  Defendant is Entitled to Summary Judgment on Plaintiff's FOIA Claim as No Issue of Material Fact Remains as to the Withholding of Information under FOIA Exemptions (b)(2), (b)(6), and (b)(7)(C).

The subject criminal investigation was released to Plaintiff on February 23, 2006, with proper redactions under FOIA Exemptions (b)(2), (b)(6), and (b)(7)(c). DEX 6.

### 1.  The Agency properly invoked FOIA Exemption (b)(2).

5 U.S.C. §552 (b)(2) permits an agency to withhold information "related solely to the internal personnel rules and practices of an agency."  To qualify for this exemption, information must not only be internal; it must also relate to an existing agency rule or practice.  *See* Schwaner v. Department of Air Force, 898 F.2d 793, 794-98 (D.C. Cir. 1990).  FOIA Exemption (b)(2) includes two categories of such internal agency documents: (1) "low 2" matters, those which disclose internal matters of a trivial nature, including administrative data, *See* Dep't of Air Force v. Rose, 425 U.S. 352, 369-70 (1976); Lesar v. United States Dep't of Justice, 636 F.2d 472, 485 (D.C. Cir. 1980) (informant codes held to be a matter of internal significance in which public had

_____

[7]The statutes, regulations and E.O are detailed in f.n. 3 above.

no substantial interest); Branch v. FBI, 658 F. Supp. 204 (D.D.C. 1987) (No question that source

symbols and file numbers "may be withheld as a matter of law under Exemption 2"); and (2)

"high 2" matters, those which involve more substantial internal matters that may result in the

circumvention of agency statutes or regulations to include impeding agency law enforcement

effectiveness.  See Crooker v. ATF, 670 F.2d 1051, 1074 (D.C. Cir. 1981)(enbanc); Hardy v.

ATF, 631 F.2d 653, 656 (9th Cir. 1980); Caplan v. ATF, 587 F.2d 544, 547 (2nd Cir. 1978).

Moreover, "courts have consistently found no significant public interest in the disclosure

of identifying codes and similar information." Maydak v. United States Dep't of Justice, 254 F.

Supp. 2d 23, 36 (D.D.C. 2003) (Withholding internal codes for electronic systems within the

Bureau of Prisons which could be used by inmates to access information about other inmates),

citing Lesar, 636 F.2d at 485-486; Blanton v. United States DOJ, 63 F. Supp. 2d 35, 43 (D.D.C.

1999); Albuquerque Publishing Company v. Dep't of Justice, 726 F. Supp. 851, 854 (D.D.C.

1989).  Courts in this District have recognized that such trivial "low 2"codes may also trigger

"high 2" concerns if released.  See Maydak, 254 F. Supp 2d at 36; Coleman v. FBI, 13 F. Supp.

2d 75, 79 (D.D.C. 1998) (FBI source symbols and file numbers which facilitated administrative

operations and record-keeping qualified for "low 2" and "high 2" exemptions as there is no

legitimate public interest in such and release "would allow criminals to redirect their activities to

avoid legal intervention"); Palacio v. United States Dep't of Justice, No. 00-1564, 2002 U.S.

Dist. LEXIS 2198, at *15 ( FBI informant codes properly withheld as a "matter of internal

significance in which the public has no interest" and disclosure of the codes may "harm the FBI's

legitimate investigative activities").

The instant case fits within this "hybrid " category where trivial, internal law enforcement

18

information can also impact the effectiveness of law enforcement activities. CID Command withheld special agent sequence numbers under Exemption (b)(2). DEX 8. This internal CID numbering practice, identifies agents "sequentially and are used to identify agents when they perform a myriad of administrative functions." DEX 8 ¶ 19.

First, the sequence numbers easily qualify for withholding under a "low 2" analysis. These ID numbers merely identify agents for agency administrative purposes; as such, these sequence numbers or internal codes have internal significance only, and "the public lacks any substantial or legitimate interest." Lesar, 636 F.2d at 485. The sequence numbers at issue here squarely fit into the category of cases regarding "identifying codes and similar information" where there is no genuine public interest. Maydak, 254 F. Supp. 2d at 36.

Second, the release of the sequence numbers also trigger law enforcement harms typically associated with a "High 2" analysis. As described by the Director of the ACRC, these sequence numbers also are part of the security measures used to verify that authorized agents are accessing criminal history data. DEX ¶ 20. The release of these sequence numbers could open the door to unauthorized access or impersonation of agents which could "allow individuals to obtain both DOD and U.S. Civilian law enforcement criminal information . . .[and] ascertain if they were personally under criminal investigation, thus compromising on going investigations." DEX ¶ 20. Therefore, withholding under "high 2" is also justified; release "would allow criminals to redirect their activities" to undermine legitimate law enforcement efforts, Coleman, 13 F. Supp. 2d at 79, thus circumventing CID Command's regulatory mandate to investigate serious crimes. DEX ¶ 2.

### 2. The Agency properly invoked Exemptions 6 and 7(C).[8]

### A.  Exemption 6.

The purpose of Exemption 6 is to "protect individuals from the injury and embarrassment that can result from the unnecessary disclosure of personal information." United States Dep't of State v. Washington Post Co., 456 U.S. 595, 599 (1982).  Exemption 6 protects "personnel or medical files and similar files the disclosure of which constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. §552 (b)(6). The Supreme Court has interpreted Exemption 6 broadly, making clear that the statutory language files "similar" to personnel or medical files encompasses  any "information which applies to a particular individual." Washington Post Co, 456 U.S. at 602.  See also New York Times Co. V, NASA, 920 F.2d 1002, 1005 (D.C. Cir. 1990) (finding voice tapes from the shuttle Challenger to be "similar files").  Highly personal information has been held to be exempt from disclosure under FOIA Exemption 6.  National Archives and Records Admin. v. Favish, 541 U.S. 157, 124 124 S. Ct. 1570, 1579-80 (2004) (photographs of the suicide of Deputy White House Counsel Vincent Foster). See also Dep't of Defense v. FLRA, 510 U.S. 487, 497 (1994) (names and addresses); United States Dep't of Justice v. Ray, 502 U.S. 164, 175-76 (1991) (names and addresses, marital and employment status, information regarding children); Washington Post, 456 U.S. at 602 (passport information); Judicial Watch, Inc. v. United States Dep't of Commerce, 83 F. Sup. 2d 105, 112 (D.D.C. 1999) (date of birth, visa, and passport data); Church of Scientology v.Dep't of the Army, 611 F.2d 738, 747 (9th Cir. 1979) (religious affiliation).

Once across the broad threshold that information at issue "applies to a particular individual,"

---

[8] Exemption 6 and exemption 7(c) are asserted for the same information.

the analysis shifts to whether disclosure of the information at issue "would constitute a clearly

unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6).  This requires a balancing of

the public's interest in disclosure against the privacy interest in non-disclosure.  See DOD v.

FLRA, 510 U.S. at 495; Dep't of Justice v. Reporters Comm. For Freedom of Press, 489 U.S.

749, 776 (1989); Dep't of the Air Force v. Rose, 425 U.S. 352, 372 (1976).

The plaintiff bears the burden of establishing that disclosure of personal information

would serve a cognizable public interest. Carter v. United States Dep't of Commerce, 830 F.2d

388, 391 n.13 (D.C. Cir. 1987).  The "simple invocation of a legitimate public interest . . .cannot

itself justify the release of personal information.  Rather, a court must first ascertain whether that

interest would be served by disclosure."  Hopkins v. HUD, 929 F.2d 81, 88 (2nd Cir. 1991); see

also Carter, 830 F.2d at 391 and n.13 (establishing public interest is the requester's burden).  The

"only relevant public interest to be weighed in this balance is the extent to which disclosure

would serve the core purpose of FOIA, which is contribut[ing] significantly to public

understanding of the operations or activities of the government." DOD v. FLRA, 510 U.S. at

495-96. (Internal citation and quotation marks omitted) (emphasis added).  Where government

misconduct is asserted as the basis for a public interest in an Exemption 6 or 7(C) context, the

requester must establish that the public interest is a significant one and that the information

sought is likely to advance that interest.  Favish, 541 U.S. at 172-73; see Davis v. United States

Dep't of Justice, 968 F.2d 1276, 1282 (D.C. Cir. 1992)(inquiring whether information sought

would confirm or refute alleged government misconduct, citing, SafeCard Services, Inc. v. SEC,

926 F.2d 1197, 1205-06 (D.C. Cir. 1991)).

21

**B. Exemption 7(C).**

FOIA Exemption 7 protects from mandatory disclosure "records or information compiled for law enforcement purposes," to the extent that disclosure could result in one of the six harms enumerated in subparts (A) through (F) of the exemption. *See* 5 U.S.C. § 552(b)(7). As such, judicial review of an agency's withholding under Exemption 7 "requires a two-part inquiry." FBI v. Abramson, 456 U.S. 615, 622 (1982). First, the relevant information must have been "compiled for law enforcement purposes." Id.; Quinon v. FBI, 86 F.3d 1222, 1228 (D.C. Cir. 1996). A record is compiled for law enforcement purposes if: (1) the activity that gives rise to the documents is related to the enforcement of federal laws or the maintenance of national security; and (2) the nexus between the activity and one of the agency's law enforcement duties is based on information sufficient to support at least a "colorable claim" of its rationality. *See* Keys v. DOJ, 830 F. 2d 337, 340 (D.C. Cir. 1987); Pratt v. Webster, 673 F.2d 408, 420-21 (D.C. Cir. 1982); Blanton v. DOJ, 63 F. Supp. 2d 35, 44 (D.D.C. 1999).

Second, assuming information was compiled for law enforcement purposes, then it must be determined if disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). Like Exemption 6, Exemption 7(C) "call[s] for a balancing of the privacy interests that would be compromised by disclosure against the public interest in release of the requested information." McCutcheon v. United States Dep't of Health & Human Servs, 30 F.3d 183,185 (D.D.C. 1994); Davis v. DOJ, 968 F.2d 1276, 1281 (D.C. Cir. 1992). As the Supreme Court explained in Reporters' Committee, however:

> "Exemption 7(C)'s privacy language is broader than [that of]
> Exemption 6 in two respects. First, whereas Exemption 6 requires that the
> invasion of privacy be 'clearly unwarranted,' the adverb 'clearly' is

omitted from Exemption 7(C). . . .  Second whereas Exemption 6 refers to disclosures that 'would constitute' an invasion of privacy, Exemption 7(C) encompasses any disclosure that 'could reasonably be expected to constitute' such an invasion.  489 U.S. at 756 (*quoting* 5 § U.S.C. §552(b)(6), (7)(C)).

Courts have construed the public interest component narrowly, noting that the public interest "must be assessed in light of FOIA's central purpose," and that purpose "is not fostered by disclosure about private individuals that is accumulated in various government files but that reveals little or nothing about an agency's conduct." Nation Magazine v. Untied States Customs Serv., 71 F.3d 885, 894 (D.C. Cir. 1995) (quotation marks and citation omitted).  Rather, the information must "contribute significantly to public understanding of the operations or activities of the government." Reporters' Comm., 489 U.S. at 775 (emphasis added); Favish, 541 U.S. at 172-73 (public interest must be significant and information sought must be likely to advance that interest); *see also* Davis, 968 F.2d at 1282 (analyzing whether information would confirm or refute alleged government misconduct).

In the instant case, the identities of CID special agents and military police, other government personnel, and third party witnesses have been properly withheld from the CID ROI released to Plaintiff under FOIA Exemptions 6 and 7(C).   First, the information contained in the ROI easily meets the threshold requirements of Exemptions 6 and 7(C).  The identities of these agents and persons in the ROI certainly fall within the broad ambit of Exemption 6 as they apply " to a particular individual." Washington Post Co., 456 U.S. at 602.  The information also meets the Exemption 7 threshold that the information was "compiled for a law enforcement purpose." Abramson, 456 U.S. at 622; Quinon, 86 F.3d at 1228.  As the felony law enforcement agency of the U.S. Army, Army CID Command conducts investigations into crimes that affect Army

23

persons or property; the ROI released to plaintiff was a criminal investigation conducted during the normal course of law enforcement duties.  DEX 8, ¶ 22.  Accordingly, the subject ROI was compiled for a law enforcement purpose.

Second, the identities withheld by the ACRC are justified in the public v. private balance component of Exemptions 6 and 7(C).  Simply put, there is no cognizable public interest in the release of the names of law enforcement agents who conducted this investigation, other government personnel listed in the report (employee who reported suspected fraud and counsel), and third party-witnesses.

Plaintiff cannot establish a bonafide public interest in disclosure.  The release of these names would not shed light on how CID Command conducts its operations; release in no way serves the "core purpose of FOIA, which is contribut[ing] significantly to public understanding of the operations or activities of the government." DOD v. FLRA, 510 U.S. at 495-96; see also Reporters' Comm. 498 U.S. at 775.

In comparison, significant privacy interests are at stake. The release of any of these names would result in an "unwarranted invasion of privacy" under the standard of Exemption 6 ("would constitute a clearly unwarranted invasion of privacy") or 7(C) ("could reasonably be expected to constitute an unwarranted invasion of personal privacy") 5 U.S.C.§ 552(b)(6) and (7)(C). Specifically, releasing the names of law enforcement agents would not only expose them to the unwarranted personal intrusion of  having their personal information disclosed, it could lead to harassment associated with their connection to the case and "may seriously prejudice their effectiveness in conducting other investigations."  DEX 8, ¶ 25.

Likewise, releasing the names of the other government personnel and third party

24

witnesses connected with the case would also intrude on their legitimate privacy interests of not

having their personal information exposed as well as lead to derogatory criticism or harassment

due to their involvement with a criminal investigation.  DEX 8. ¶¶ 26-28.


# V.  CONCLUSION


Plaintiff's confusing complaint distills into three alleged causes of action: a Privacy Act

amendment action, 5 U.S.C. 552a § (d)(3) and (g)(1)(A); an intentional tort claim of defamation;

and a complaint of improper withholding under FOIA.  This honorable Court must dismiss

Plaintiff's Privacy Act claim as he has not sought administrative removal or amendment of his

name as prescribed by AR 195-2 and required by the PA.  This Court must also dismiss

plaintiff's tort allegation as the United States has not waived sovereign immunity for defemation

and to the extent Plaintiff raises a claim cognizable under the FTCA, plaintiff has failed to

exhaust his administrative remedies.  Moreover, Plaintiff's list of violations do not constitute

cognizable causes of action and to the extent any allegation is raised must be dismissed under

Fed. R. Civ. P. 12 (b)(1) or (b)(6).  Finally, Plaintiff has received the full report he requested less

authorized redactions under FOIA Exemptions (b)(2), (b)(6), and (b)(7)(C).  Accordingly, there

is no material fact in dispute and defendant is entitled to summary judgment as a matter of law.


Respectfully submitted,

_____/s_____
KENNETH L.  WAINSTEIN, D.C. Bar #451058
United States Attorney

25

_____/s_____
RUDOLPH C. CONTRERAS D.C. Bar No.  434122
Assistant United States Attorney


_____/s_____
KEVIN K. ROBITAILLE
Special Assistant U.S. Attorney
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 353-9895

Of Counsel:
Lieutenant Colonel
Michael G. Seidel
Chief, General Litigation Branch
U.S. Army Litigation Division
901 N. Stuart Street
Arlington, VA 22203

26