# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**Sam L. Clemmons**

    **Plaintiff,**

    **v.**                        **Civ. Action No.: 1:05CV02353**

**United States Army**
    **Crime Records Center**

    **Defendant**

_____\

## Defendant's Exhibits 1-9

# Defendant's Exhibit #1

# FREEDOM OF INFORMATION/PRIVACY ACT REFERRAL

| 1. TO | | |
|---|---|---|
| | | A. Director, U.S. Army Crime Records Center, ATTN:CICR-FP, 6010 6th Street, Bldg #1465, Fort Belvoir, VA 22060-5585 |
| | | B. Commander, U.S. Army Intelligence and Security Command, ATTN: IAMG-C-FOI/PO, 4552 Pike Road, FT. Meade, MD 20755-5995 |
| | | C. Directorate of Information Management, ATTN: ANIM-IMP 204 Lee Avenue, Fort Myer, VA 22211 |
| | X | D. U.S. Army Crime Records Center, ATTN: CICR-FP (FOIA), 6010 6th Street, BLDG #1465, Fort Belvoir, VA 22060-5585 |
| | | E |
| | | F. |
| | | G. |
| | | H. |

| 2. FROM: DA FOIA/PA 7798 Cissna Road, Suite 205 Springfield, VA 22153-3166 | 3. ACTION OFFICER'S NAME & TELEPHONE NO. Stephen L. Fisher COMM: (703) 806-7133 | 4. DATE Feb 25, 2004 |
|---|---|---|

**5. SUBJECT: Referral of Army documents for a release determination and direct response to the requester.**

| 6. Request | X | A. FREEDOM OF INFORMATION ACT/Mr. Sam L. Clemmons | FOIA 04-0950 |
|---|---|---|---|
| | | B. PRIVACY ACT | PA # |
| | | C. RESEARCH/ | RES |

| 8. Action | X | A. Enclosed request and documents are forwarded to your office for a release determination, and direct reply to the requester. |
|---|---|---|
| | X | B. Request this office be furnished a copy of action taken. |
| | X | C. Requester has been advised of this referral (copy enclosed). |
| | | D. Provide a proper "no records" response with appeal rights, if after conducting a reasonable search, you fail to locate any documents responsive to this request. |

**9. REMARKS:**

BRUNO C. LEUYER
Chief, DA Freedom of Information
and Privacy Acts Office

2 Encls



**DEPARTMENT OF THE ARMY**
FREEDOM OF INFORMATION AND PRIVACY ACTS OFFICE
7798 CISSNA ROAD
SPRINGFIELD VA 22153-3166
February 25, 2004



REPLY TO
ATTENTION OF

FOIA 04-0950

Mr. Sam L. Clemmons
548 Saint Charles Place
Brookhaven, MS 29601

Dear Mr. Clemmons:

This letter responds to your Freedom of Information Act request dated July 15, 2003, addressed to the United States Department of Justice. That agency located Department of the Army documents in its files when responding to your request and forwarded those documents to this office for appropriate referral within the Department of the Army.

As a matter under its purview, the documents are being referred to the following activity for a release determination and direct response to you:

U.S. Army Crime Records Center
ATTN: CICR-FP (FOIA)
6010 6th Street, BLDG #1465
Fort Belvoir, VA 22060-5585
Telephone: (703) 806-0468

If you have questions regarding the status of your request you should contact that activity at the address above. If this office can be of further assistance, please contact us at the above address or (703) 806-7133.

Sincerely,

Bruno C. Leuyer
Chief, DA Freedom of Information
and Privacy Acts Office

Printed on ♻ Recycled Paper

2



**U.S. Department of Justice**

Drug Enforcement Administration



FEB 2 0 2004    04-0483

*Washington, D.C. 20537*

| | |
|---|---|
| *DEA Request Number:* | 04-0355-P |
| *Requester:* | SAMUEL CLEMMONS |
| *DEA FOI Specialist:* | RENEE JACKSON |
| *Telephone Number:* | (202) 307-7617 |

Bruno C. Leuyer, FOI/PA Officer
U.S. Army
7798 Cissna Road, Suite 205
Springfield, Virginia 22153-3166

Dear Mr. Leuyer:

In processing the enclosed request, the Drug Enforcement Administration (DEA) has located documents which originated within your agency. They are being referred to your Office for review and a direct response to the requester.

A copy of DEA's response to the requester is also enclosed.

If you have questions regarding this referral, you may contact the FOI Specialist indicated above.

Sincerely,

Katherine L. Myrick
Chief, Operations Unit
FOI/Records Management Section

Enclosures

**Sam L. Clemmons**
**548 Saint Charles Place**
**Brookhaven, MS 39601**
**1-866-409-7758**

July 15, 2003

Department of Justice
DEA's Freedom of Information Section
Record Management Section
Washington, DC 20537

### Re: Request for release of private information in my record

Dear Department of Justice:

I am in receipt of your letter to request for the release of information you have in my record concerning something may have surfaced in my background investigation in relation to my employment history, financial responsibility, and personal conduct.

This is very surprising to have been informed as of today that such exist when I have maintained employment to the best of my abilities to pay my creditors, and to support my family. I see no problem in my credit in paying my debt or creditors....I maintained a high credit score with an average of 800. My personal conduct, I would like to know what problems I have had since my up bringing and through out my years. When I have conducted myself in a very noble way and have never done any wrong to anyone. I have volunteered a great deal of my time assisting and helping the community. I see no problem where there should be a personal conduct mark against me. My character speaks for itself. I'm a very honesty and a loyal person with a great deal of integrity.

I will wait for your release of this information attached with the information concerning a subject by the name of Richard D. Scott as I was clearly informed by your DEA agent (E.C. Earls) as to him having and using my identity. According to your agent finding and conversation with me, I was informed that I passed all phases of the process. Your letter state otherwise.

It's ashamed that I never had the chance to rebuttal, explain or submit support information to counter whatever derogatory marks someone has placed against me.

From your letter and the DEA finding in it's background it seem as if you have allow others to make the formal decision about me not becoming a DEA agent. I wonder was this process fair?

My honesty is in my application and by me passing the polygraph exam should suffice for itself.

Sincerely,

Samuel L. Clemmons
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, Recruit

Enclosures (3)
      CC: Nancy A. Lane
          Gary W. Hart



Privacy Act Statement. In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Failure to furnish this information will result in no action being taken on the request. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 522a(i) (3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to Director, Facilities and Administrative Services Staff, Justice Management Division, U.S. Department of Justice, Washington, DC 20530 and the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester [1] _SAMUEL L. CLEMMONS_

Current Address _548 SAINT CHARLES PLACE, BROOKHAVEN, MS 39601_

Date of Birth _06/04/65_

Place of Birth _ST. LOUIS, MO_

Social Security Number [2] _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_

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Signature [3] _(signature)_      Date _11/4/03_

## Optional: Authorization to Release Information to Another Person

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. § 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

_____
(Print or Type Name)

[1] Name of individual who is the subject of the record sought.
[2] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.
[3] Signature of individual who is the subject of the record sought.

FORM APPROVED OMB NO. 1103-0016
EXPIRES 1/31/98

FORM DOJ-361
FEB. 95

**U.S. Department of Justice**

**Drug Enforcement Administration**

---

*Washington, D.C. 20537*

Request Number:      04-0355-P

Subject of Request:

548 SAINT CHARLES PLACE
BROOKHAVEN, MS 39601

DEAR SAMUEL CLEMMONS:

    Your Freedom of Information/Privacy Act (FOI/PA) request seeking information from the Drug Enforcement Administration (DEA) has been processed. The paragraphs checked below apply:

[   ] A determination has been made to deny your request pursuant to subsections of the Privacy Act and/or Freedom of Information Act referenced at the end of this letter. The exemption number(s) indicated by a mark appearing in the block to the left of the subsection cited constitutes the authority for withholding the deleted material. An attachment to this letter explains these exemptions in more detail.

[X] The processing of your request identified certain materials that will be released to you. Portions not released are being withheld pursuant to the Freedom of Information Act, 5 U.S.C. 552, and/or the Privacy Act, 5 U.S.C. 552a. Please refer to the list enclosed with this letter that identifies the authority for withholding the deleted material, which is indicated by a mark appearing in the block next to the exemption. An additional enclosure with this letter explains these exemptions in more detail.

[X] The documents are being forwarded to you with this letter.

[   ] The rules and regulations of the Drug Enforcement Administration applicable to Freedom of Information Act requests are contained in the Code of Federal Regulations, Title 28, Part 16, as amended. They are published in the Federal Register and are available for inspection by members of the public.

[ X ] Certain DEA files contain information furnished by other government agencies. The information and copies of your request have been referred to those agencies involved and they will respond directly to you in accordance with 28 C.F.R 16.4 and/or 16.42.

**RECEIVING AGENCY INFORMATION COPY**

[ X ]  If you wish to appeal any denial of your request, you may do so within sixty (60) days pursuant to 28 C.F.R. 16.9.  The appeal should be sent to the following address, with the envelope marked "FOIA Appeal":

Co-Director<br>
Office of Information and Privacy<br>
FLAG Building, Suite 570<br>
Washington, D.C. 20530

[  ]  For further information, see attached comments page.

Sincerely,

Katherine L. Myrick
Chief, Operations Unit
FOI/Records Management Section
Drug Enforcement Administration
Washington, D.C. 20537

Number of Pages Withheld:                                      <u>04</u>

Number of Pages Released:                                       <u>88</u>

Number of Pages Referred to other agencies:        <u>84</u>

**APPLICABLE SECTIONS OF THE FREEDOM OF INFORMATION AND/OR PRIVACY ACT:**

|  | Freedom of Information Act 5 U.S.C. 552 | | | Privacy Act 5 U.S.C. 552a | |
|---|---|---|---|---|---|
| [  ] (b)(1) | [  ] (b)(5) | [ X] (b)(7)(C) | | [  ] (d)(5) | [  ] (k)(2) |
| [ X ] (b)(2) | [ X] (b)(6) | [  ] (b)(7)(D) | | [ X] (j)(2) | [  ] (k)(5) |
| [  ] (b)(3) | [  ] (b)(7)(A) | [  ] (b)(7)(E) | | [  ] (k)(1) | [  ] (k)(6) |
| [  ] (b)(4) | [  ] (b)(7)(B) | [  ] (b)(7)(F) | | | |

FREEDOM OF INFORMATION ACT
SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)  Information which is currently and properly classified pursuant to Executive Order in the interest of the national defense or foreign policy.

(b)(2)  Materials related solely to the internal rules and practices of DEA.

(b)(3)  Information specifically exempted from disclosure by another federal statute.

(b)(4)  Privileged or confidential information obtained from a person, usually involving commercial or financial matters.

(b)(5)  Inter-agency or intra-agency documents which are subject to a privilege, such as documents the disclosure of which would have an inhibitive effect upon the development of policy and administrative direction, or which represent the work product of an attorney, or which reflect confidential communications between a client and an attorney.

(b)(6)  Materials contained in sensitive records such as personnel or medical files, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.

(b)(7)  Records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information (A) could reasonably be expected to interfere with enforcement proceedings; (B) would deprive a person of a right to a fair trial or an impartial adjudication; (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy; (D) could reasonably be expected to disclose the identity of a confidential source, including a State, local or foreign agency or authority or any private institution which furnished information on a confidential basis; and, in the case of a record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source; (E) would disclose techniques and procedures for law enforcement investigations or prosecutions or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or (F) could reasonably be expected to endanger the life or physical safety of any individual.

PRIVACY ACT
SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)  Materials compiled in reasonable anticipation of a civil action or proceeding.

(j)(2)  Material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals.

(k)(1)  Information which is currently and properly classified pursuant to Executive Order in the interest of the national defense or foreign policy.

(k)(2)  Material compiled during civil investigations for law enforcement purposes.

(k)(5)  Investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to an express promise that his identity would be held in confidence, or pursuant to an implied promise of confidentiality if such information was furnished prior to September 27, 1975.

(k)(6)  The substance of tests used to determine individual qualifications for appointment or promotion in Federal Government Service.

# Defendant's Exhibit #2



# DEPARTMENT OF THE ARMY
## U. S. ARMY CRIMINAL INVESTIGATION COMMAND
### 6010 6TH STREET
### FORT BELVOIR, VIRGINIA 22060-5506

REPLY TO
ATTENTION OF

MAR 1 8 2004

U.S. Army Crime Records Center
(FP04-0483)

Mr. Sam L. Clemmons
548 Saint Charles Place
Brookhaven, Mississippi 39601

Dear Mr. Clemmons:

This is in response to your request for release of information from the files of the U.S. Army Criminal Investigation Command (USACIDC). Your request was received on March 9, 2004. The attached documents were referred by the Army FOIA and Privacy Act Office.

The marked paragraph(s) of this letter provide explanation concerning your request:

☒ The enclosed documents, 94-CID043-31332-5M, responsive to your request are a part of a system of records exempt from the mandatory access provisions of the Privacy Act (PA) and the mandatory disclosure provisions of the Freedom of Information Act (FOIA). The names of law enforcement personnel, as well as names, social security numbers, and other personal items of information pertaining to third parties may have been withheld. The removal of this information constitutes a partial denial pursuant to Title 5, USC, Section 552a, Exemption (j)(2) of the PA and Title 5, USC, Section 552, Exemptions (b)(6) and (b)(7)(C) of the FOIA, because release could violate the personal privacy of other individuals mentioned in the report(s). Exemption (b)(2) applies to withholding of the identification numbers of special agents. (See attached appeal instructions.)

☐ Portions of the report(s) did not originate with this agency. The USACIDC is not the release authority for the documents in question. Your request and the documents have been referred to the (government agency or organization) for release determination and a direct reply to you.

☐ Portions of the report(s) originated with a civilian agency. The USACIDC is not the release authority for these documents. You may wish to write to the (civilian agency or organization) for that information.

☐ Coordination is being conducted with our field element(s) to obtain additional information responsive to your request. Upon receipt of any additional information you will be provided with a follow-up response.

☐ The documents that were enclosed with your request have been reviewed and are returned for your use in resolving the issue with the subject of your inquiry. The names of law enforcement personnel, as well as names, social security numbers, and other personal items of information pertaining to third parties have been withheld pursuant to The Privacy Act, Title 5, USC, Section 552a, Exemption (j)(2), and the Freedom of Information Act (FOIA), Title 5, USC, Section 552, Exemptions (b)(6) and (b)(7)(C). Exemption (b)(2) of the FOIA applies to withholding of the identification numbers of special agents. You may release a copy of the report(s) to the subject of your inquiry.

☐ A copy of this letter was provided to the U.S. Army Intelligence and Security Command, (referral #).

Printed c    Recycled Paper

☐  Other:

Questions regarding this action should be addressed in writing to the address shown on the letterhead.

I trust this will be of assistance to you.

Sincerely,

Phillip J. McGuire
Director, Crime Records Center

## DENIAL APPEAL RIGHTS

On occasion, we deny release of a record pending receipt of disciplinary or administrative action. In some cases we deny records release pending a review of the record for thoroughness and legal sufficiency. We deny release of records of active investigations and we remove portions of records that identify our investigative and/or law enforcement personnel and third parties so as to protect their privacy.

"No record" responses and partial or full denial responses are made on behalf of the Commanding General, U.S. Army Criminal Investigation Command (USACIDC), who is the Access and Amendment Refusal Authority for USACIDC records under the Privacy Act and the Initial Denial Authority for USACIDC records under the Freedom of Information Act and may be appealed to the Secretary of the Army. If you decide to appeal at this time, your appeal must be submitted within 60 days of the date of our letter. You should state the basis for your disagreement with the response and you should provide justification for an additional administrative search to be conducted or reconsideration of the denial. An appeal may not serve as a request for additional or new information. An appeal only addresses information denied in this response. Your appeal is to be made to this center to the below listed address for forwarding, as appropriate to the Secretary of the Army, Office of General Counsel.

Director, U.S. Army Crime Records Center
Attention: CICR-FP
6010 6th Street
Fort Belvoir, Virginia 22060-5585

CAUTION: THIS DOCUMENT IS THE PROPERTY OF US ARMY CRIMINAL INVESTIGATION COMMAND FOR USE ONLY BY YOUR AGENCY

# COMMANDER'S REPORT OF DISCIPLINARY OR ADMINISTRATIVE ACTION

For use of this form, see AR 190-45 and AR 195-2; the proponent agency is DCSPER.

| | | | SUSPENSE DATE |
|---|---|---|---|
| THRU: | TO:<br>SAC<br>Ft Gordon RA, 3d MP GP (CID)<br>Ft Gordon, GA 30905 | FROM:<br>Commander | 17 Jul 94 |

| USACRC CONTROL NUMBER | MP REPORT NUMBER | SUB-INSTALLATION IDENTIFIER |
|---|---|---|
| 0233-94-CID043-31332 5M | | |

*To be completed by the commander or supervisor of the subject identified below and in corresponding MP/CID report. Check all applicable blocks. Briefly explain circumstances not covered by blocks. For multiple offenses resulting in more than one type of action taken or action taken for offenses not listed in the report, explain in REMARKS which offenses apply to blocks checked and action taken for other offenses. Retain last copy and return all others to addressee indicated in "TO" block on completion of final action.*

| NAME OF SUBJECT (Last, first, MI) | GRADE | SOCIAL SECURITY NUMBER | DATE OF BIRTH |
|---|---|---|---|
| CLEMMONS, SAMUEL L. | 1LT | 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 | 4 Jun 65 |

| OFFENSE(S) | DATE OF OFFENSE(S) |
|---|---|
| ~~ALTERING A PUBLIC DOCUMENT, FALSE OFFICIAL STATEMENT, FRAUD~~ | |

**ACTION TAKEN**

A ☒ NONE  1 ☐ INSUFFICIENT EVIDENCE *(Explain in remarks)*  2 ☐ OTHER *(Explain in remarks)*

*Subject was advised that although no action was taken, the report will be retained in Army records and that requests for amendment, correction, or expungement may be submitted IAW AR 190-45 (MP Reports) or AR 195-2 (CID Reports).*

B ☐ ADMINISTRATIVE  C ☐ NONJUDICIAL *(Article 15, UCMJ)*

D ☐ JUDICIAL *(If subject was tried by court-martial attach a copy of the court-martial order giving findings and sentences)*

1 ☐ SUMMARY COURT-MARTIAL  2 ☐ SPECIAL COURT-MARTIAL  3 ☐ GENERAL COURT-MARTIAL  4 ☐ CIVIL COURT

**JUDICIAL FINDINGS**

A ☐ GUILTY  B ☐ NOT GUILTY  C ☐ DISMISSED  D ☐ OTHER *(For example, guilty of a lesser included offense) (Explain below)*

**RESULTANT SENTENCES, PUNISHMENTS, OR ADMINISTRATIVE ACTION**

A ☐ REPRIMAND/ADMONITION *(Strike inappropriate word)*  1 ☐ ORAL  2 ☐ IN WRITING

B ☐ DETENTION/FORFEITURE/FINED *(Strike inappropriate words)*  $ _____ / _____ MONTHS

C ☐ REDUCED FROM _____ TO _____  D ☐ EXTRA DUTY FOR _____ DAYS  E ☐ RESTRICTED FOR _____ DAYS

F ☐ CORRECTIONAL CUSTODY FOR _____ DAYS  G ☐ CONFINED _____ YEARS _____ MONTHS

H ☐ PUNITIVE DISCHARGE ADJUDGED *(type)* _____

I ☐ ADMINISTRATIVE DISCHARGE UP PARA _____ , AR _____ – _____ , EFFECTIVE _____

J ☐ OTHER, FOR EXAMPLE, SUSPENSION OF DRIVING PRIVILEGES *(Explain below)*

**REMARKS**

Date of Action Taken:

~~Date of Article 32:~~

b6,7C

| TYPED NAME & GRADE OF COMMANDING OFFICER | SIGNATURE | DATE OF REPORT |
|---|---|---|
| | | 30 Sep 94 |

DA FORM 4833, 1 JAN 80   REPLACES DA FORM 3975-1, 1 JAN 74, WHICH IS OBSOLETE.

1

DEPARTMENT OF THE ARMY
UNITED STATES ARMY CRIMINAL INVESTIGATION COMMAND
FORT GORDON RESIDENT AGENCY, 3D MILITARY POLICE GP (CID)
FORT GORDON, GA 30905-5670

CIRCB-RFG                                                    16 Jun 1994

MEMORANDUM FOR SEE DISTRIBUTION

SUBJECT: CID REPORT OF INVESTIGATION - FINAL(C) -
0233-94-CID043 - 31332 - 5M3A / 5G2X / 8F4D (DIMIS)

DATES/TIMES/LOCATIONS OF OCCURRENCES:
     1. 06 Jun 1994/0700 - 06 Jun 1994/1700; OFFICE OF THE STAFF
JUDGE ADVOCATE, CLAIMS BRANCH, FT GORDON, GA 30905

DATE/TIME REPORTED:  06 Jun 1994, 1530

INVESTIGATED BY:  SA ▮▮▮▮▮▮▮▮▮▮

SUBJECT:  1. CLEMMONS, SAMUEL LENNIOUS; FORMERLY 1LT;
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; 04 JUN 1965; ST LOUIS, MO; M; BLACK; 625 PLEASANT
HOME RD, APT 254, AUGUSTA, GA 30907; [ALTERING A PUBLIC
DOCUMENT], [FALSE OFFICIAL STATEMENT], [FRAUD].

VICTIM:  1. US GOVERNMENT, ( OFFICE OF THE STAFF JUDGE
ADVOCATE, CLAIMS BRANCH, FT GORDON, GA 30905 ); [ALTERING A
PUBLIC DOCUMENT], [FALSE OFFICIAL STATEMENT], [FRAUD].

INVESTIGATIVE SUMMARY:
Investigation established that CLEMMONS submitted a fraudulent
claim to the US Government for damaged furniture by altering
an appraisal form from Furniture Doctor, Inc.

STATUTES:

     18 USC 287:  FALSE, FICTITIOUS OR FRAUDULENT CLAIMS
     18 USC 1001:  FALSE STATEMENTS

BASIS FOR INVESTIGATION: At 1530, 6 Jun 94, SA ▮▮▮▮▮▮was
contacted by Mr ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Chief, Office of the Staff
Judge Advocate (OSJA) Claims Branch, Ft Gordon, GA (FGG), who
related while reviewing a claim submitted by CLEMMONS, it had
been determined that the claim was fraudulent.

NARRATIVE

1. INTERVIEW OF COMPLAINANT:

     1.1 MR ▮▮▮▮▮▮ At 1545, 6 Jun 94, SA ▮▮▮▮▮▮interviewed
Mr ▮▮▮▮▮ who related that CLEMMONS had submitted a claim to

FOR OFFICIAL USE ONLY   b2, b6, 7C

2

their office on 6 Jun 94. While reviewing the claim, it appeared that the estimate form completed by Furniture Doctor, INC, submitted with the claim paperwork had been altered. The Claims Office then contacted the Furniture Doctor and obtained a copy of the estimate. Upon receipt of the copy from Furniture Doctor, it was noted that the original figure of $1,500.00 had been recorded on the estimate form and CLEMMONS had changed the figure to $2,000.00 on the original form, in an attempt to defraud the US Government $500.00.

## 2. INTERVIEW OF SUBJECTS:

2.1 MR. CLEMMONS: At 1600, 8 Jun 94, SA ▮▮▮▮ interviewed CLEMMONS in a non-custodial setting. CLEMMONS related that he had left the packet at the Claims Branch and was looking for a missing DD Form 1844. He stated that he had contacted Furniture Doctor, Inc, and spoke with someone (NFI) and informed them he was going to change the form as he had found the receipt for the bedroom set which reflected a cost of $2,000.00. He couldn't remember who he talked to at Furniture Doctor. CLEMMONS stated that he had been trying to complete this claim for the past three months.

## 3. SIGNIFICANT INTERVIEWS:

3.1 MR ▮▮▮▮▮▮▮▮ APPRAISER, FURNITURE DOCTOR, INC, 3345 PEACH ORCHARD RD, AUGUSTA, GA: At 0800, 9 Jun 94, SA ▮▮▮▮ interviewed Mr ▮▮▮▮ who stated that he conducted the estimate for CLEMMONS on 16 Mar 94. CLEMMONS told him that he paid about $1,500.00 for the bedroom set and that is what he recorded on the estimate form. When he makes a mistake on the estimate form, he circles the mistake, corrects it, and initials the mistake/correction. ▮▮▮▮ stated the receptionist refers the customer to the person that prepared the estimate when they call the store and the receptionist would not tell the customer to change the entry until coordination with the appraiser is made. It was company policy for all appraisers to correct their mistake by initialing the mistake and correction. ▮▮▮▮ provided a copy of the estimate form (Exhibit 1) with the amount of $1,500.00 as he had originally written.

AGENT'S COMMENT: A canvas was conducted of the employees of Furniture Doctor. The receptionist recalls CLEMMONS contacting the company on several occasions to check on his furniture which is being repaired by Furniture Doctor. No one could recall a conversation where CLEMMONS contacted the company and stated that he was going to change the estimate as company policy is to have the customer to come to the shop with documentation and then appraiser would correct the mistake.

**b6, 7C**

2

**4. COLLECTION OF EVIDENCE:**

4.1 At 1605, 6 Jun 94, SA ▮▮▮▮▮obtained the original DD Form 1842, Claim for Loss of or Damage to Personal Property Incident to Service (Exhibit 2); three (3) DD Forms 1844, List of Property and Claims Analysis Chart (Exhibit 3), and the original altered estimate prepared by Furniture Doctor, Inc, (Exhibit 4) as evidence.

**5. COORDINATION WITH STAFF JUDGE ADVOCATE:**

5.1 At 1400, 9 Jun 94, SA ▮▮▮▮▮coordinated this investigation with CPT ▮▮▮▮▮ Trial Counsel, OSJA, FGG, who opined there was probable cause to believe that CLEMMONS committed the offenses of False Statement and False Claim. CPT ▮▮▮▮further related that administrative type action would be taken against CLEMMONS as he is no longer subject to UCMJ and the US Government did not loose any money.

LAW ENFORCEMENT RECORDS: A check of the Defense Central Index of Investigations revealed no derogatory information pertaining to CLEMMONS.

EXHIBITS:

ATTACHED:

1. Furniture Doctor, Inc Appraisal Form, 16 Mar 94.

2. DD Form 1842, signed by CLEMMONS, 7 Mar 94.

3. DD Form 1844.

4. Altered Furniture Doctor, Inc Appraisal Form, 16 Mar 94.

5. Evidence/Property Custody Document, voucher 122-94 dated 6 Jun 94 (USACRC and file copy only).

NOT ATTACHED:  None.

The original of Exhibit 1 is maintained in the files of Furniture Doctor, Inc, 3345 Peach Orchard Rd, Augusta, GA 30906. The originals of Exhibits 2 through 5 are maintained in the files of this office.

STATUS: This is a Final (C) Report. This investigation is being terminated IAW CIDR 195-1, para 4-14a(6). Judicial report of action is pending.

3

CAUTION: THIS DOCUMENT IS THE PROPERTY OF US ARMY CRIMINAL INVESTIGATION COMMAND FOR USE ONLY BY YOUR AGENCY

Report Prepared By:               Report Approved By:



SPECIAL AGENT,                    Special Agent-In-Charge

DISTRIBUTION:

1 USACRC (orig)
1 HQ USACIDC, Attn:  CIOP-IN-FW
1 SJA
1 Provost Marshal
1 Group
1 District
1 File

b2,b6,7C

4

FOR OFFICIAL USE ONLY

5

CAUTION: THIS DOCUMENT IS THE PROPERTY OF US ARMY CRIMINAL INVESTIGATION COMMAND FOR USE ONLY BY YOUR AGENT.

# **Defendant's Exhibit #3**

P.O. Box 1001
Brookhaven, MS 39602

August 8, 2005

Director
U.S. Army Crime Records Center
U.S. Army Criminal Investigation CMD
6010 6th Street. Attn: Records Maintenance
Fort Belvoir, VA 22060-5585

Dear Director in Charge:

I am providing your office with a Power of Attorney to release any or **all** information that
I have been advised that you have in a file containing issues with me that I committed a
crime and was convicted in a military court of law of such a crime.

I would like to have returned to me all investigation reports signed by such investigator,
court documents showing such conviction and the date and time I was arrested and dates
of such trail any documents signed by me authorizing you to use my personal
information. Witness statements, etc.

Please release **all** information in your record or database pertaining to me under the
U.S.C. 552a and the FOIA and Privacy Act, 5 U.S.C. 552. I will be expecting to receive
such information within the 20 days of the regular request by law.

If there is no such record, then please advise other Agencies and myself that has placed
such requests.

Sincerely,

Samuel L. Clemmons
FOIA Requestor

FP05-1898
FP05-018968
FA05-2408

**U.S. Department of Justice**

**Certification of Identity**

**Privacy Act Statement.** In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Failure to furnish this information will result in no action being taken on the request. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 552a(i)(3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to Director, Facilities and Administrative Services Staff, Justice Management Division, U.S. Department of Justice, Washington, DC  20530 and the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC  20503.

Full Name of Requester [1]  _SAMUEL L. CLEMMONS_

Citizenship Status [2]  _ACTIVE_          Social Security Number [3]  _427086671_

Current Address  _P.O. BOX 1001, BROOK HAVEN, MS 39601_

Date of Birth  _JUNE 4, 1965_          Place of Birth  _NA_

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Signature [4]  _Sa L. Clm_          Date  _8/8/05_

## OPTIONAL:  Authorization to Release Information to Another Person

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. Section 552(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

_MRS. MARY L. LEE, PARALEGAL, P.O. BOX 28558, ATLANTA, GA 30358_
**Print or Type Name**

[1] Name of individual who is the subject of the record sought.

[2] Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an alien lawfully admitted for permanent residence," pursuant to 5 U.S.C. Section 552a(a)(2). Requests will be processed as Freedom of Information Act requests pursuant to 5 U.S.C. Section 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence.

[3] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.

[4] Signature of individual who is the subject of the record sought.

FORM APPROVED OMB NO. 1103-0016
EXPIRES 4/31/07

FORM DOJ-361
SEPT 04

AUG 2005

# SPECIAL POWER OF ATTORNEY
## To Request FOIA and Privacy Act, 5.U.S.C. 552 and 5 U.S.C. 552a

Know All Person by These Presents:

That I, **Samuel Lennious Clemmons, Jr.**, of currently in of the State of Mississippi but hold a resident of 548 Saint Charles Place, Brookhaven, MS 39601. Do hereby provide this document request to release all information in nature to me according to the Freedom of Information Act and Privacy Act, 5 U.S.C. 552 and 5 U.S.C. 552a respectively. This notice is my true and lawful attorney-in-fact to provide you the following in my name and on my behalf.

I hereby states that my full and legal name is Samuel Lennious Clemmons, Jr. My Date of Birth is: June 4, 1965; SSN 427086671; I am seeking all records pertaining to my background, employment records, security clearances conducted and list of all agencies whom has requested and obtain such records in my file.

Please release and send all information per request to the following addresses and person only:    S.L. Clemmons @ P.O. Box 1001, Brookhaven, MS 39602 and Mrs. Mary L. Lee @ P.O. Box 28558, Atlanta, GA 30358. (See Attached letter)

BY THIS DOCUMENT I GIVE AND GRANT TO my attorney full power and authority to perform every act that is necessary or appropriate to accomplish the purpose for which this Power of Attorney is granted, as fully and effectual as I could do if were present.

I HEREBY RATIFY ALL THAT MY ATTORNEY SHALL LAWFULLY DO OR CAUSE TO BE DONE BY VIRTUE OF THIS DOCUMENT.
All business transacted hereunder for me or for my account shall be transacted in my name / business name, and that all endorsement and instruments executed by my attorney for the purpose of carrying out the foregoing powers shall contain my name, followed by that of my attorney and the designation "attorney-in-fact."

IN WITNESS WHEREOF, I sign, seal, declare, publish, make and constitute this as and for my Power of Attorney in the presence of the Notary Public witnessing it at my request this date,

SIGNATURE: _____    Date: _26 JULY 05_
STATE OF GEORGIA
COBB COUNTY
I, undersigned, certify that I am duly commissioned, qualified, and authorized notary public. Before me personally, within the territorial limits of my warrant of authority, appeared _Samuel Lennious Clemmons, Jr_, who is known by me to be the person who described herein, who name is subscribed to, and who signed this power of attorney as Grantor, and who, having been duly sworn, acknowledged that this instrument was executed after its contents were read and duly explained, and that such execution was a free and voluntary act and deed for the use and purposes herein set forth.

IN WITNESS WHEREOF, I have hereunto set my hand and affix my official seal, on _July 26, 2005_    (Month, date, and Year)

_____    _Aug. 20, 2005_
(Notary Public Signature)    (My Commission Expires on)

Agencies Requirements in responding to releasing FOIA Requests:
Discovered May 20, 2005

You may also submit your request to the OIG by fax or electronic mail.
The fax number is (703)248-4626 and the electronic mailbox is
foia@uspsoig.gov. The OIG will begin processing your request upon
receipt by the FOIA Officer.

### How to make a FOIA Request #

You may make a FOIA request for any agency records; however, the records may
be protected by one of the FOIA exemptions or exclusions. You must submit
your FOIA request in writing and prominently note, "Freedom of Information Act
Request" on the first page. Your FOIA request should describe the records sought
in sufficient detail to enable us to locate the records with a reasonable amount of
effort. Whenever possible, you should include specific information about each
record sought, such as the date, number, title or name, author, recipient, and
subject matter of the record.

Please be aware that the FOIA does not require us to do research for you,
to analyze data, to answer written questions, or to create records in
response to a request.

### Time for Response #

We have three methods for responding to your FOIA request. The methods,
which have different response times, are regular processing, expedited
processing, and extended response time processing. A request is deemed to
have been received by the OIG for purposes of computing time for response at
the time is actually received by the FOIA Officer.

#### Regular Processing

Once your FOIA request is received, a determination will be made within twenty
days (excluding Saturday, Sundays, and legal public holidays) whether to
disclose or deny the records sought.

#### Expedited Processing

You may be entitled to expedited processing of your FOIA request if you certify
that you have a compelling need. A compelling need may be a threat to
someone's life or physical safety. You may also have a compelling need if you
are primarily engaged in disseminating information to the public and the
information is urgently needed to inform the public concerning actual or alleged
Federal Government activity. The request for expedited processing must include
your reasons why your request should be expedited. You should also certify that
your reasons are true and correct. Within ten days after receiving your request,
you will be notified regarding the decision to expedite your request. If we decide
to expedite your request, it will be processed as soon as practicable. If we deny
your request for expedited processing, you have the right to submit an appeal,
which we will handle expeditiously.

## Extended Response Time Processing

Under the FOIA, we may extend the response time for an additional ten business days based upon unusual circumstances involved in the request, such as the volume of records sought.

## Fees #

We will furnish, without charge, reasonable quantities of material that we have available for free distribution to the public. Under the FOIA, we are permitted to charge certain fees for processing FOIA requests. Fees may vary depending on the requester's category. Commercial requesters may be charged fees for searching, reviewing, and duplicating records. Noncommercial requesters, such as educational or scientific institutions and the news media, are only charged for the duplicating expenses, after the first 100 pages of copies. All other requesters who do not fall within either of these two categories are not charged for the review of the records, only for the search and duplication of the records. No charge is assessed for the first two hours of search time or for the first 100 pages of copies.

### Fees $10.00 or less

If the total fee for searching, reviewing, and duplicating is $10.00 or less no fee is assessed.

### Fees $25.00 or more

If you do not include an acceptable agreement to pay the fees at the time of your request, we will promptly notify you if the estimated cost for processing your request is expected to exceed $25.00. Once you provide us with an agreement to pay all fees, we will release the records.

### Fees over $250.00

If the estimated fees exceed $250.00, we may require you to pay the fees in advance.

### Fee Waivers

We may waive fees, if the disclosure of the requested information contributes significantly to the public's understanding of the operation or activities of the government and is not primarily in the commercial interest of the requester.

**Initial Request Determination #**

Once we have processed your request and any fee issues have been resolved, we will send you a written notice explaining our determination to disclose or deny records. If information is being withheld, we will specify the FOIA exemption that pertains to the denial. You will also be advised of your right to appeal any adverse determination. If pages of the requested information are withheld in their entirety, we will usually specify the number of pages being withheld or will make a reasonable effort to estimate the amount of withheld information.

**Appeals#**

When we deny records or a fee waiver, you may file an appeal in writing to:

# Defendant's Exhibit #4

# DEPARTMENT OF THE ARMY
## U. S. ARMY CRIMINAL INVESTIGATION COMMAND
### 6010 6TH STREET
### FORT BELVOIR, VIRGINIA 22060-5506

REPLY TO
ATTENTION OF

AUG 2 9 2005

U.S. Army Crime Records Center
(FP05-1898)

Mrs. Mary L. Lee
Paralegal
P.O. Box 28558
Atlanta, GA 30358

Dear Mrs. Lee:

This is in response to your request for release of information from the files of the U.S. Army Criminal Investigation Command- (USACIDC). Your request was received on August 10, 2005.

Your request is being, or has been, processed by this agency. The marked paragraph(s) of this letter provide explanation concerning the status of your request:

☒ Your request is being processed in chronological order based upon the date it was received. Paragraphs C1.5.4.2 and C1.5.4.3 of Department of Defense Regulation 5400.7 allows an agency with significant pending requests to process those requests in a multi-track processing system, based upon the date of receipt and the amount of work and time involved in processing the request. The agency determines whether the request is simple or complex. In order for a request to be expedited, the requestor must demonstrate a compelling or urgent need and demonstrate that failure to obtain the information could pose an imminent threat to life or physical safety or loss of substantial due process rights. It should be noted that we are currently processing requests received in February 2005.

☐ A search of the Army file indexes utilizing the information you provided revealed no files responsive to your request. You are advised that records at this center are Criminal Investigative and Military Police Reports and are indexed by personal identifiers such as names, social security numbers, dates and places of birth and other pertinent data to enable the positive identification of individuals. This can be considered a "no record" response for USACIDC records pursuant to the Privacy Act, Title 5, USC, Section 552a and the Freedom of Information Act, Title 5, USC, Section 552. You have appeal rights concerning this action. (See attached appeal instructions.)

☐ Your request did not contain sufficient information for us to conduct a proper search. You are advised that records at this center are Criminal Investigative and Military Police Reports and are indexed by personal identifiers such as names, social security numbers, dates and places of birth and other pertinent data to enable the positive identification of individuals. Additional information is needed in order to locate records. On occasion, records can be located if the date, location and nature of the offense is provided.

☐ The Privacy Act prevents government agencies from disclosing information to the public without the written consent of the individual, or a court order signed by a judge or magistrate. Absent a Privacy Act waiver or court order, this command will not confirm or deny the existence of a USACIDC record. You may obtain an appropriate release using the attached Privacy Act waiver or consider this a denial of your request pursuant to Title 5, USC, Section 552, Exemptions (b)(2), (b)(6) and (b)(7)(C) of the Freedom of Information Act. (See attached appeal instructions and consent form.)

Printed c   Recycled Paper

☐ A review has determined that the information requested by you was previously released to you on (date). A copy of our previous letter is enclosed for your perusal. Therefore, this request is being closed without further action.

☐ In order for this headquarters to appropriately process your request your signature is required; therefore your request is being returned for your signature.

☐ A review of records at this center disclosed a record(s) that is not responsive to your request. However, the requestor or subject may request copies of the record(s) by writing to the address shown on the letterhead. You should cite the following case number(s) in your request: (case numbers)

☐ Coordination is being conducted with our field element(s) to obtain information responsive to your request. Upon receipt, you will be provided with a follow-up response at that time.

☐ The report responsive to your request has been finalized and received at this headquarters. Release of this report is presently being withheld and denied to you because disciplinary or administrative action has not been completed. You may submit another written request for a copy of the report at a later date, after disciplinary or administrative action has been taken. You may consider this an initial denial of your request pursuant to Title 5, USC, Section 552a, Exemption (j)(2) of the Privacy Act and Title 5, USC, Section 552, Exemption (b)(7)(A), (b)(2), (b)(6) and (b)(7)(C) of the Freedom of Information Act. (See attached appeal instructions.)

☐ A search of the USACIDC file indexes revealed that an active investigation is in progress with an undetermined completion date. You may submit another written request for a copy of the investigation at a later date, after it is completed. You may consider this an initial denial of your request pursuant to Title 5, USC, Section 552a, Exemption (j)(2) of the Privacy Act and Title 5, USC, Section 552, Exemption (b)(7)(A), (b)(2), (b)(6) and (b)(7)(C) of the Freedom of Information Act. (See attached appeal instructions.)

☐ A search of the USACIDC file indexes revealed that the report responsive to your request has been closed by our field element, but has not been received at this center. Your request will be retained in this center until our field element forwards a copy of the report. Upon receipt, the record will be reviewed and a release determination will be made.

☐ The document(s) responsive to your request is currently undergoing a declassification review. Upon completion of this review, your request will be processed in chronological order based on the date it was received.

☒ Other: RE: Mr. Samuel L. Clemmons

Questions regarding this action should be in writing to this center at the address shown on the letterhead.

I trust this will be of assistance to you.

Sincerely,

Phillip J. McGuire
Director, Crime Records Center

# **Defendant's Exhibit #5**

P.O. Box 1001
Brookhaven, MS 39602

September 7, 2005

U.S. Army Crime Records Center
**Attn: Director Phillip J. McGuire**
U.S. Army Criminal Investigation CMD
6010 6th Street. Attn: Records Maintenance
Fort Belvoir, VA 22060-5585

**Re: Complete File or Record Request**

Dear Director Phillip J. McGuire:

I am receipt of a letter signed by someone else dated August 29, 2005 indicating not to hold you responsible for this communication. The letter reveals a delay in providing FACTS to the information I have requested through my Power of Attorney to release any or **all** information that I have been advised that you have in a file containing issues with me that I committed a crime and was convicted in a military court of law of such a crime.

I have to say that your letter is a tactic to stall for time when such request I have submitted is a simple task. If your organization were not in violation of any laws or procedures I would have received all requested information before September 6, 2005.

Once again, I am placing this request to have returned to me **all** investigation reports signed by such investigator, court documents showing such conviction. The date and time I was arrested and the dates of such trail or hearing. Provide any documents signed by me authorizing you to use my personal information. Witness statements, etc.

I wish to consider your response as an initial denial to my request pursuant to Title 5, USC, Section 552a, Exemption (j)(2) of the Privacy Act and Title 5, USC, Section 552, Exemption (b)(7)(A), (b)(2), (b)(6) and (b)(7) (C) and wish to **appeal** my pervious request to add that such request be **\*\*\*expedite \*\*\*** this request is needed in a timely manner due to the loss of substantial due process rights.

I will be looking to receive **all** the information in your record or database pertaining to me under the U.S.C. 552a and the FOIA and Privacy Act, 5 U.S.C. 552. I will be expecting to receive such information within the 20 days of the regular request by law. Your deadline date is September 6, 2005. If such information is not received by such deadline be prepare to maintain and present your log sheet of all individuals requesting the same information.

If there were no such record of FACTS, I would advise you to delete all my personal information from your database and advise other Agencies and myself that has placed such requests of your error.

Sincerely,

Samuel L. Clemmons
FOIA Requestor
(FP05-1898)

CC: Record

# Defendant's Exhibit #6



**DEPARTMENT OF THE ARMY**
U. S. ARMY CRIMINAL INVESTIGATION COMMAND
6010 6TH STREET
FORT BELVOIR, VIRGINIA 22060-5506

FEB 2 3 2006

Reply to the Attention of:

U.S. Army Crime Records Center
Reference: FP05-1898

Mr. Samuel L. Clemmons
Post Office Box 1001
Brookhaven
Mississippi 39602

Dear Mr. Clemmons:

    This letter is in response to your Freedom of Information Act (FOIA) request dated September 7, 2005, and received in this office on September 15, 2005. You requested "all investigation reports signed by such investigator, court documents showing such conviction, the date and time I was arrested and the dates of such trial or hearing

    We have reviewed the available documents and enclose to you 14 pages of the Report of Investigation (ROI) #0233-94-CID043-31332.

    The ROI is a part of a system of records exempt from the mandatory access provisions of the Privacy Act and the mandatory disclosure provisions of the Freedom of Information Act. The names of law enforcement personnel, as well as other individual names, social security numbers, and other personal items of information pertaining to third parties have been withheld. This constitutes a partial denial pursuant to 5 U.S.C. § 552a, Exemption (j)(2) of the Privacy Act and 5 U.S.C. § 552 (b)(2), (b)(6) and (b)(7)(C) of the FOIA.

    Exemption (b)(2) is invoked to protect sensitive internal agency information from security breaches and harm. In this case, the ROI includes special agent identification numbers. The numbers are predominately internal in that they do not purport to regulate activities among members of the public, nor do they set standards to be followed by agency personnel in deciding whether to proceed against or to take action affecting members of the public. Further, release of such information could result in security breaches and harm. Accordingly, identification numbers of special agents are withheld.

    Exemption (b)(6) and (b)(7)(C) of the FOIA protects from mandatory disclosure personnel, medical files and other files, the disclosure of which would constitute a clearly unwarranted invasion of privacy.

    This letter constitutes a partial denial under the FOIA by the Initial Denial Authority, the Commanding General, U.S. Army Criminal Investigation Command (USACIDC). If you wish to appeal this decision, please do so within sixty (60) days of the date of this letter. Please submit your appeal addressed to this office:

        Director, U.S. Army Crime Records Center
        Attention: CICR-FP
        6010 6th Street
        Fort Belvoir, Virginia 22060-5585.

Printed c  ⊗  Recycled Paper

Page -2-

In any such appeal, you should provide justification upon which the FOIA appellant authority, the Army General Counsel may base a decision. Please note that appeal addresses information denied in this response and cannot be used to make a new request for additional or new information.

Sincerely,

Phillip J. McGuire
Director, Crime Records Center

Enclosures

| COMMANDER'S REPORT OF DISCIPLINARY OR ADMINISTRATIVE ACTION | SUSPENSE DATE |
|---|---|
| For use of this form, see AR 190-45 and AR 195-2; the proponent agency is DCSPER. | 17 Jul 94 |

| THRU: | TO: | FROM: |
|---|---|---|
| | SAC | Commander |
| | Ft Gordon RA, 3d MP GP (CID) | |
| | Ft Gordon, GA 30905 | |

| USACRC CONTROL NUMBER | MP REPORT NUMBER | SUB-INSTALLATION IDENTIFIER |
|---|---|---|
| 0233-94-CID043-31332  5m | | |

*To be completed by the commander or supervisor of the subject identified below and in corresponding MP/CID report. Check all applicable blocks. Briefly explain circumstances not covered by blocks. For multiple offenses resulting in more than one type of action taken or action taken for offenses not listed in the report, explain in REMARKS which offenses apply to blocks checked and action taken for other offenses. Retain last copy and return all others to addressee indicated in "TO" block on completion of final action.*

| NAME OF SUBJECT (Last, first, MI) | GRADE | SOCIAL SECURITY NUMBER | DATE OF BIRTH |
|---|---|---|---|
| CLEMMONS, SAMUEL L. | 1LT | 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 | 4 Jun 65 |

| OFFENSE(S) | DATE OF OFFENSE(S) |
|---|---|
| ALTERING A PUBLIC DOCUMENT, FALSE OFFICIAL STATEMENT, FRAUD | 06 Jun 94 |

### ACTION TAKEN

A ☒ NONE  1 ☐ INSUFFICIENT EVIDENCE (Explain in remarks)  2 ☐ OTHER (Explain in remarks)

*Subject was advised that although no action was taken, the report will be retained in Army records and that requests for amendment, correction, or expungement may be submitted IAW AR 190-45 (MP Reports) or AR 195-2 (CID Reports)*

B ☐ ADMINISTRATIVE  C ☐ NONJUDICIAL (Article 15, UCMJ)

D ☐ JUDICIAL (If subject was tried by court-martial attach a copy of the court-martial order giving findings and sentences)
  1 ☐ SUMMARY COURT-MARTIAL  2 ☐ SPECIAL COURT-MARTIAL  3 ☐ GENERAL COURT-MARTIAL  4 ☐ CIVIL COURT

### JUDICIAL FINDINGS

A ☐ GUILTY  B ☐ NOT GUILTY  C ☐ DISMISSED  D ☐ OTHER (For example, guilty of a lesser included offense) (Explain below)

### RESULTANT SENTENCES, PUNISHMENTS, OR ADMINISTRATIVE ACTION

A ☐ REPRIMAND/ADMONITION (Strike inappropriate word)  1 ☐ ORAL  2 ☐ IN WRITING

B ☐ DETENTION/FORFEITURE/FINED (Strike inappropriate words)  $ _____ , _____  MONTHS

C ☐ REDUCED FROM _____ TO _____  D ☐ EXTRA DUTY FOR _____ DAYS  E ☐ RESTRICTED FOR _____ DAYS

F ☐ CORRECTIONAL CUSTODY FOR _____ DAYS  G ☐ CONFINED _____ YEARS _____ MONTHS

H ☐ PUNITIVE DISCHARGE ADJUDGED (type) _____

I ☐ ADMINISTRATIVE DISCHARGE UP PARA _____ , AR _____ — _____ , EFFECTIVE _____

J ☐ OTHER, FOR EXAMPLE, SUSPENSION OF DRIVING PRIVILEGES (Explain below)

### REMARKS

Date of Action Taken:

Date of Article 32:

| TYPED NAME & GRADE OF COMMANDING OFFICER | SIGNATURE | DATE OF REPORT |
|---|---|---|
| 5A ████████████ | ████████████ | 30 Sep 94 |

**DA FORM 4833** 1 JAN 80    REPLACES DA FORM 3976-1, 1 JAN 74, WHICH IS OBSOLETE.

b6. 7C

THIS DOCUMENT IS THE PROPERTY OF US ARMY CRIMINAL INVESTIGATION COMMAND FOR USE ONLY BY YOUR AGENCY

000001

DEPARTMENT OF THE ARMY
UNITED STATES ARMY CRIMINAL INVESTIGATION COMMAND
FORT GORDON RESIDENT AGENCY, 3D MILITARY POLICE GP (CID)
FORT GORDON, GA 30905-5670

CIRCB-RFG

16 Jun 1994

MEMORANDUM FOR SEE DISTRIBUTION

SUBJECT: CID REPORT OF INVESTIGATION — FINAL(C) —
0233-94-CID043 - 31332 - 5M3A / 5G2X / 8F4D (DIMIS)

DATES/TIMES/LOCATIONS OF OCCURRENCES:
    1. 06 Jun 1994/0700 - 06 Jun 1994/1700; OFFICE OF THE STAFF
JUDGE ADVOCATE, CLAIMS BRANCH, FT GORDON, GA 30905

DATE/TIME REPORTED: 06 Jun 1994, 1530

INVESTIGATED BY: SA ██████████ 

SUBJECT: 1. CLEMMONS, SAMUEL LENNIOUS; FORMERLY 1LT;
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; 04 JUN 1965; ST LOUIS, MO; M; BLACK; 625 PLEASANT
HOME RD, APT 254, AUGUSTA, GA 30907; [ALTERING A PUBLIC
DOCUMENT], [FALSE OFFICIAL STATEMENT], [FRAUD].

VICTIM: 1. US GOVERNMENT, ( OFFICE OF THE STAFF JUDGE
ADVOCATE, CLAIMS BRANCH, FT GORDON, GA 30905 ); [ALTERING A
PUBLIC DOCUMENT], [FALSE OFFICIAL STATEMENT], [FRAUD].

INVESTIGATIVE SUMMARY:
Investigation established that CLEMMONS submitted a fraudulent
claim to the US Government for damaged furniture by altering
an appraisal form from Furniture Doctor, Inc.

STATUTES:

    18 USC 287:  FALSE, FICTITIOUS OR FRAUDULENT CLAIMS
    18 USC 1001:  FALSE STATEMENTS

BASIS FOR INVESTIGATION: At 1530, 6 Jun 94, SA██████ was
contacted by Mr ██████████, Chief, Office of the Staff
Judge Advocate (OSJA) Claims Branch, Ft Gordon, GA (FGG), who
related while reviewing a claim submitted by CLEMMONS, it had
been determined that the claim was fraudulent.

NARRATIVE

1. INTERVIEW OF COMPLAINANT:

    1.1 MR██████: At 1545, 6 Jun 94, SA██████ interviewed
Mr██████ who related that CLEMMONS had submitted a claim to


FOR OFFICIAL USE ONLY

b2, b6, 7C

CAUTION: THIS DOCUMENT IS THE PROPERTY OF US ARMY CRIMINAL INVESTIGATION COMMAND. FOR OFFICIAL USE ONLY. AUTHORIZED KEY...

their office on 6 Jun 94. While reviewing the claim, it appeared that the estimate form completed by Furniture Doctor, INC, submitted with the claim paperwork had been altered. The Claims Office then contacted the Furniture Doctor and obtained a copy of the estimate. Upon receipt of the copy from Furniture Doctor, it was noted that the original figure of $1,500.00 had been recorded on the estimate form and CLEMMONS had changed the figure to $2,000.00 on the original form, in an attempt to defraud the US Government $500.00.

2. INTERVIEW OF SUBJECTS:

2.1 MR. CLEMMONS: At 1600, 8 Jun 94, SA ███████ interviewed CLEMMONS in a non-custodial setting. CLEMMONS related that he had left the packet at the Claims Branch and was looking for a missing DD Form 1844. He stated that he had contacted Furniture Doctor, Inc, and spoke with someone (NFI) and informed them he was going to change the form as he had found the receipt for the bedroom set which reflected a cost of $2,000.00. He couldn't remember who he talked to at Furniture Doctor. CLEMMONS stated that he had been trying to complete this claim for the past three months.

3. SIGNIFICANT INTERVIEWS:

3.1 MR ███████████, APPRAISER, FURNITURE DOCTOR, INC, 3345 PEACH ORCHARD RD, AUGUSTA, GA: At 0800, 9 Jun 94, SA███████ interviewed Mr ██████ who stated that he conducted the estimate for CLEMMONS on 16 Mar 94. CLEMMONS told him that he paid about $1,500.00 for the bedroom set and that is what he recorded on the estimate form. When he makes a mistake on the estimate form, he circles the mistake, corrects it, and initials the mistake/correction. ██████ stated the receptionist refers the customer to the person that prepared the estimate when they call the store and the receptionist would not tell the customer to change the entry until coordination with the appraiser is made. It was company policy for all appraisers to correct their mistake by initialing the mistake and correction. ██████ provided a copy of the estimate form (Exhibit 1) with the amount of $1,500.00 as he had originally written.

AGENT'S COMMENT: A canvas was conducted of the employees of Furniture Doctor. The receptionist recalls CLEMMONS contacting the company on several occasions to check on his furniture which is being repaired by Furniture Doctor. No one could recall a conversation where CLEMMONS contacted the company and stated that he was going to change the estimate as company policy is to have the customer to come to the shop with documentation and then appraiser would correct the mistake.

**b6, 7C**

2

FOR OFFICIAL USE ONLY

THIS DOCUMENT IS THE PROPERTY OF US ARMY CRIMINAL INVESTIGATION COMMAND FOR USE ONLY BY YOUR AGENCY

4. COLLECTION OF EVIDENCE:

    4.1 At 1605, 6 Jun 94, SA███████obtained the original DD Form 1842, Claim for Loss of or Damage to Personal Property Incident to Service (Exhibit 2); three (3) DD Forms 1844, List of Property and Claims Analysis Chart (Exhibit 3), and the original altered estimate prepared by Furniture Doctor, Inc, (Exhibit 4) as evidence.

5. COORDINATION WITH STAFF JUDGE ADVOCATE:

    5.1 At 1400, 9 Jun 94, SA███████coordinated this investigation with CPT███████, Trial Counsel, OSJA, FGG, who opined there was probable cause to believe that CLEMMONS committed the offenses of False Statement and False Claim. CPT███████further related that administrative type action would be taken against CLEMMONS as he is no longer subject to UCMJ and the US Government did not loose any money.

LAW ENFORCEMENT RECORDS: A check of the Defense Central Index of Investigations revealed no derogatory information pertaining to CLEMMONS.

EXHIBITS:

    ATTACHED:

        1.   Furniture Doctor, Inc Appraisal Form, 16 Mar 94.

        2.   DD Form 1842, signed by CLEMMONS, 7 Mar 94.

        3.   DD Form 1844.

        4.   Altered Furniture Doctor, Inc Appraisal Form, 16 Mar 94.

        5.   Evidence/Property Custody Document, voucher 122-94 dated 6 Jun 94 (USACRC and file copy only).

    NOT ATTACHED:   None.

    The original of Exhibit 1 is maintained in the files of Furniture Doctor, Inc, 3345 Peach Orchard Rd, Augusta, GA 30906.   The originals of Exhibits 2 through 5 are maintained in the files of this office.

STATUS: This is a Final (C) Report.   This investigation is being terminated IAW CIDR 195-1, para 4-14a(6).   Judicial report of action is pending.

b6, 7C

3

FOR OFFICIAL USE ONLY

000004

Report Prepared By:        Report Approved By:



SPECIAL AGENT,              Special Agent-In-Charge


DISTRIBUTION:

1 USACRC (orig)
1 HQ USACIDC, Attn:  CIOP-IN-FW
1 SJA
1 Provost Marshal
1 Group
1 District
1 File


b2,b6,7C


4

FOR OFFICIAL USE ONLY

CAUTION: THIS DOCUMENT IS THE PROPERTY OF US ARMY CRIMINAL INVESTIGATION COMMAND FOR USE ONLY BY YOUR AGENCY

000005

0233-94-CID043-31332-5...

# Furniture Doctor, Inc.

3345 PEACH ORCHARD ROAD
AUGUSTA, GEORGIA 30906
PHONE: (706) 793-0716
FAX: (706) 793-3776

DATE 3-16-94

CUSTOMER: Mr. Clemmons
625 Pleasant Home Rd
On the Pines A.f 254

Fort Gordon

#869-0581

Page 1

| INV. NO. | ITEM | DESCRIPTION | AMOUNT |
|---|---|---|---|
| | Schrunk | Chess section top frame mounts busted apart; Outer frame shelf 12 ½ section front molding broken, frame section busted apart, face broken out, shelf mounts broken, hardware, pews, keys, access missing; Repair sections; Replace hardware; remake parts, repair and touch up | 775 |
| | Mirror frame | Pulls apart, molding split, Repair | 80 |
| | Pool table | Frame hardware missing; C. tumble, unit to replace hardware | 50 |
| | German Secretary | Unit cracks several places, pieces | |
| | Unit | busted out at mounts, sections broken | |
| | | Not feasible to Repair Replace (E.f 1500) | N/A |
| | Computer Desk | Hardware missing Est Replacement | 35 |
| | | TOTAL | |

☐ APPRAISAL
☐ ESTIMATE

FOR OFFICIAL USE ONLY

EXHIBIT

CAUTION: THIS DOCUMENT IS THE PROPERTY OF US ARMY CRIMINAL INVESTIGATION COMMAND FOR USE ONLY BY YOUR AGENCY

b6, 7c

0233-74-CID093-31382-5m3A

## CLAIM FOR LOSS OF OR DAMAGE TO PERSONAL PROPERTY INCIDENT TO SERVICE

### PART I - TO BE COMPLETED BY CLAIMANT (See reverse side for Privacy Act Statement and Instructions)

| 1. NAME OF CLAIMANT (Last, First, Middle Initial) | 2. BRANCH OF SERVICE | 3. RANK OR GRADE | 4. SOCIAL SECURITY NUMBER |
|---|---|---|---|
| CLEMONS, SAMUEL L | ARMY | O2 | 42708-6671 |

| 5. HOME ADDRESS (Street, City, State and Zip Code) | 6. CURRENT MILITARY DUTY ADDRESS (If applicable) (Street, City, State and Zip Code) |
|---|---|
| 625 PLEASANT HOME RD  APT 25Y  AUGUSTA GA 30907 | MEDICAL HOLDER COMPANY  FT GORDON GA |

| 7. HOME TELEPHONE NO. (Include area code) | 8. DUTY TELEPHONE NO. (Include area code) | 9. AMOUNT CLAIMED |
|---|---|---|
| 706-869-0581 | | |

**10. CIRCUMSTANCES OF LOSS OR DAMAGE** (Explain in detail. Include date, place, and all relevant facts. Use additional sheets if necessary.)

Pursuant to official orders, my property was picked up on 19 OCT 93 from my residence in Germany by VICTOR?? The property was delivered on 18 FEB 94 at 625 PLEASANT HOME APT 25Y by ANTHONY'S MOVING STORAGE pursuant to U. S. Government Bill of Lading Number W1-452-916

05 JUN 1994 MDA

Office of the Staff Judge Advocate
ATTN: Claims Office
Fort Gordon, Georgia 30905-5280

| | | YES | NO |
|---|---|---|---|
| 11. DID YOU HAVE PRIVATE INSURANCE COVERING YOUR PROPERTY? (E.g., say "Yes" on a shipment or quarters claim if you had renter's or homeowner's insurance, say "Yes" on a vehicle claim if you had vehicle insurance. Attach a copy of your policy.) | | | X |
| 12. HAVE YOU MADE A CLAIM AGAINST YOUR PRIVATE INSURER? (If "Yes," attach a copy of your correspondence. If you have insurance covering your loss, you must submit a demand before you submit a claim against the Government.) | | | X |
| 13. HAS A CARRIER OR WAREHOUSE FIRM INVOLVED PAID YOU OR REPAIRED ANY OF YOUR PROPERTY? (If "Yes," attach a copy of your correspondence with the carrier or warehouse firm.) | | | X |
| 14. DID ANY OF THE CLAIMED ITEMS BELONG TO THE GOVERNMENT OR TO SOMEONE OTHER THAN YOU OR YOUR FAMILY MEMBER? (If "Yes," indicate this on your "List of Property and Claims Analysis Chart," DD Form 1844.) | | | X |
| 15. WERE ANY OF THE CLAIMED ITEMS ACQUIRED OR HELD FOR SALE, OR ACQUIRED OR USED IN A PRIVATE PROFESSION OR BUSINESS? (If "Yes," indicate this on your "List of Property and Claims Analysis Chart," DD Form 1844.) | | | X |

**16. UNDER PENALTY OF LAW, I DECLARE THE FOLLOWING AS PART OF SUBMITTING MY CLAIM:**

If any missing items for which I am claiming are recovered, I will notify the office paying this claim. (For shipment claims) Missing items were packed by the carrier, they were owned prior to shipment but not delivered at destination; after my property was packed, I/my agent checked all rooms in my dwelling to make sure nothing was left behind.

I assign to the United States any right or interest I have against a carrier, insurer, or other person for the incident for which I am claiming. I authorize my insurance company to release information concerning my insurance coverage.

I authorize the United States to withhold from my pay or accounts for any payments made to me by a carrier, insurer, or other person to the extent I am paid on this claim, and for any payment made on this claim in reliance on information which is determined to be incorrect or untrue. I have not made any other claim against the United States for the incident for which I am claiming. I understand that if any information I provide as part of my claim is false, I can be prosecuted.

| 17. SIGNATURE OF CLAIMANT (or designated agent) | 18. DATE SIGNED (MMDDYY) |
|---|---|
| Samuel L. Clemons | March 7, 1994 |

### PART II - CLAIMS APPROVAL (To be completed by Claims Office)

| 19. PROCEDURE (X one) | 20. AMOUNT AWARDED. The claim is cognizable and meritorious under 31 U.S.C. 3721; the claimant is a proper claimant, the property is reasonable and useful; the loss has been verified in accordance with applicable procedures as prescribed by the controlling departmental regulation; and the following award is substantiated. | |
|---|---|---|
| a SMALL CLAIMS | | $ |
| b REGULAR CLAIMS | | |

**21. SIGNATURES** (Signatures at a and c not required if small claims procedure is utilized.)

| a CLAIMS EXAMINER | b DATE SIGNED (MMDDYY) | c REVIEWING AUTHORITY | d DATE SIGNED (MMDDYY) |
|---|---|---|---|
| | | | |
| e TYPED NAME AND GRADE OF APPROVING AUTHORITY | | f SIGNATURE OF APPROVING AUTHORITY | g DATE SIGNED (MMDDYY) |
| | | | |

DD Form 1842, DEC 88          Previous editions may be used until exhausted          1191050

EXHIBIT 2

FOR OFFICIAL USE ONLY          1605/6 JL 94/CFP

...TION: THIS DOCUMENT IS THE PROPERTY OF US ARMY CRIMINAL INVESTIGATION COMMAND. FOR USE ONLY BY AGENCIES OF...

000007

6233-94-C1D043-31332-5M3M

# LIST OF PROPERTY AND CLAIMS ANALYSIS CHART
ITEMS 1-11 (PARAGRAPHS 3-11) TO BE FILLED OUT BY CLAIMS OFFICE

**EXHIBIT**

DD Form 1844, FEB 89   Previous editions may be used until exhausted

5,699.

11.05'11 J... 94 1CFP   Page   of   Page:

FOR OFFICIAL USE ONLY

CAUTION: THIS DOCUMENT IS THE PROPERTY OF US ARMY CRIMINAL INVESTIGATION COMMAND. FOR USE ONLY BY YOUR AGENCY

000008

0233-94-CID043-31332-5M3A

# LIST OF PROPERTY AND CLAIMS ANALYSIS CHART

ITEMS 3a THROUGH 33 TO BE FILLED OUT BY CLAIMS OFFICE

*(This document is a handwritten DD Form 1844 claims chart; most handwritten entries are illegible.)*

DD Form 1844, FEB 89    Previous editions may be used until exhausted.    Page ___ of ___ Page(s)

FOR OFFICIAL USE ONLY

EXHIBIT

CAUTION: THIS DOCUMENT IS THE PROPERTY OF US ARMY CRIMINAL INVESTIGATION COMMAND AND FOR USE ONLY BY YOUR AGENCY

000009

0233-94-CID043-31332-5M3A

# LIST OF PROPERTY AND CLAIMS ANALYSIS CHART

ITEMS 14 THROUGH 31 TO BE FILLED OUT BY CLAIMS OFFICE

| 5. LINE ITEM NO. | 6. QTY | 7. LOST OR DAMAGED ITEMS (Describe the item fully, including brand name, model and size. List the nature and extent of damage. If making, state "MISSING".) | 8. ORIGINAL COST | 9. ORIGINAL COST | 11. AMOUNT CLAIMED | 14. ADJUDICATOR'S REMARKS |
|---|---|---|---|---|---|---|
| 28 | 2 | YHELDED at 1/1986 | 200.00 | 200.00 | | QCL |
| 28 | | PLAYER Damaged | 80.00 | 80.00 | | PCL |
| 30 | 1 | TRANSFER Blocks, mad recorts | 84.00 | 94.00 | -35 | Q7U |
| 31 | 1 | ESTRANGE fee for Remedition | 85.00 | 85.00 | -25 | Q7700 |
| 32 | 1 | ESTERILIZE IN SPEED CLEANED | 68.00 | 2850.00 | -0 | N.TN |
| 33 | 1 | INSURANCE DEDUCTIBLE | | | -0- | |

0233-94-CID043-21332-5M3A

## Furniture Doctor, Inc.

3345 PEACH ORCHARD ROAD
AUGUSTA, GEORGIA 30906
PHONE (706) 793-0716
FAX (706) 793-3776

DATE 3-16-94

CUSTOMER: Mr Clemmons          Fort Gordon
625 Pleasant Home Rd
In The Pines Apt 254

# 869-0581          PAGE 1

| INV. NO. | ITEM | DESCRIPTION | AMOUNT |
|---|---|---|---|
| #1 | Schrank: | China section top frame mounts busted apart; Center frame shelf 12 ll section front molding broken, btm section busted apart, base broken out; shelf mounts broken, hardware, pins, keys, screws missing; Repair sections; Replace hardware; remake parts, repair and touchup | 775. |
| #2 | Mirror frame: | Broken apart, molding split, Repair | 80. |
| | Pool table : | Frame hardware missing; Estimate cost to replace hardware | 250. |
| | German Bedroom Unit | Unit broken several places, pieces busted out of mounts; sections broken. Not feasible to Repair, Replace (Est $4000) | N/A |
| #3 | Computer Desk: | Hardware missing; Est Replacement | 35. |
| | | TOTAL | |

☐ APPRAISAL
☐ ESTIMATE

FOR OFFICIAL USE ONLY

4

EXHIBIT

SIGNATURE

1605/6 Jun 94 /LFP

CAUTION: THIS DOCUMENT IS THE PROPERTY OF US ARMY CRIMINAL INVESTIGATION COMMAND FOR USE ONLY BY YOUR AGENCY

b6, 7C

000011



0233-94-CID043-31332-5M3A

**Furniture Doctor, Inc.**
3345 PEACH ORCHARD ROAD
AUGUSTA, GEORGIA 30906
PHONE: (706) 793-0715
FAX: (706) 793-3776

DATE  3 - 16 - 94

CUSTOMER: *Clemmons*                    F.6

PAGE 2

| INV. NO. | ITEM | DESCRIPTION | AMOUNT |
|---|---|---|---|
| #9 | Dresser | Mirror broken, round, plastic trim mount; Est. Replace | 50.⁰⁰ |
| | | Top frame gauged out, discolored, lose trim broken loose, gauged, scratched; Repair | 225.⁰⁰ |
| | Desk | Left corners broken out, rubbed, chipped, scratched; Repair | 185.⁰⁰ |
| # 10# | Two Stand | Top crushed in; Not Repairable, (Est 120⁰⁰) | N/A |
| | Chest | Top gauged, front scratched; Repair, Recovered to metal | 250.⁰⁰ |
| | | Est Fee | 35.⁰⁰ |
| | | *(signature)* Check | |
| s | | | |

TOTAL  4

☐ APPRAISAL
☐ ESTIMATE

EXHIBIT

1105/1 Jun 94/LFA  FOR OFFICIAL USE ONLY    SIGNATURE

CAUTION: THIS DOCUMENT IS THE PROPERTY OF US ARMY CRIMINAL INVESTIGATION COMMAND FOR USE ONLY BY YOUR AGENCY

b4, 7C

000012

## EVIDENCE/PROPERTY CUSTODY DOCUMENT

For use of this form see AR 190-45 and AR 195 5, the proponent agency is US Army Criminal Investigation Command

MPR CID SEQUENCE NUMBER: 0233-94-CID043

CID REPORT/CID RCI NUMBER: 31332 - 5m3A

RECEIVING ACTIVITY: Ft Gordon RA, Third MPGRPCCID

LOCATION: Ft Gordon, GA

NAME, GRADE AND TITLE OF PERSON FROM WHOM RECEIVED

☐ OWNER ▨ OTHER ▇▇▇ Chief, Claims

ADDRESS (Include Zip Code): Claims Branch, SJA Ft Gordon, GA.

LOCATION FROM WHERE OBTAINED: From the right hand of ▇▇▇ Building 32402, FGG.

REASON OBTAINED: Evidence

TIME/DATE OBTAINED: 1605/6 Jun 94

| ITEM NO | QUANTITY | DESCRIPTION OF ARTICLES (include model, serial number, condition and unusual marks or scratches) |
|---|---|---|
| 1 | 1 | DD Form 1842, bearing the name signature of 1LT Clemmons, 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, Marked for ID 1605/6 Jun 94/ LFP. |
| 2 | 3 | DD Form 1844, bearing the name of 1LT Samuel L Clemmons. Marked for ID 1605/6 Jun 94/LFP. |
| 3 | 2 | Paper, Furniture Doctor, Inc Estimate of Repairs, bearing the name of Mr. Clemmons. Marked for ID 1605/6 Jun 94/ ▇▇▇ ———— Last Item ———— |

### CHAIN OF CUSTODY

| ITEM NO | DATE | RELEASED BY | RECEIVED BY | PURPOSE OF CHANGE OF CUSTODY |
|---|---|---|---|---|
| 1 thru 3 | 6 Jun 94 | SIGNATURE ▇▇▇ / NAME GRADE OR TITLE ▇▇▇ | SIGNATURE ▇▇▇ / NAME GRADE OR TITLE ▇▇ SA ▇▇ | Evaluation as Evidence |
| 1 thru 3 | 6 Jun 94 | SIGNATURE ▇▇▇ / NAME GRADE OR TITLE SA ▇▇ | SIGNATURE ▇▇▇ / NAME GRADE OR TITLE SA ▇▇ | Received By: Evidence Custodian |
| | | SIGNATURE / NAME GRADE OR TITLE | SIGNATURE / NAME, GRADE OR TITLE | |
| | | SIGNATURE / NAME, GRADE OR TITLE | SIGNATURE / NAME, GRADE OR TITLE | |
| | | SIGNATURE / NAME, GRADE OR TITLE | SIGNATURE / NAME, GRADE OR TITLE | |

DA FORM 4137
1 JUL 76

Replaces DA FORM 4137, 1 Aug 74 and DA FORM 4137-R Privacy Act Statement 26 Sep 76 Which are Obsolete

LOCATION: ▇▇▇

DOCUMENT NUMBER: 122-94

FOR OFFICIAL USE ONLY

EXHIBIT

CAUTION: THIS DOCUMENT IS THE PROPERTY OF US ARMY CRIMINAL INVESTIGATION COMMAND FOR USE ONLY BY ▇▇▇ AGENCY ▇▇▇

b6, 7C

000013

FOR OFFICIAL USE ONLY

EXHIBIT

## CHAIN OF CUSTODY (Continued)

| ITEM NO. | DATE | RELEASED BY | RECEIVED BY | PURPOSE OF CHANGE OF CUSTODY |
|---|---|---|---|---|
| | | SIGNATURE | SIGNATURE | |
| | | NAME, GRADE OR TITLE | NAME, GRADE OR TITLE | |
| | | SIGNATURE | SIGNATURE | |
| | | NAME, GRADE OR TITLE | NAME GRADE OR TITLE | |
| | | SIGNATURE | SIGNATURE | |
| | | NAME, GRADE OR TITLE | NAME GRADE OR TITLE | |
| | | SIGNATURE | SIGNATURE | |
| | | NAME, GRADE OR TITLE | NAME, GRADE OR TITLE | |
| | | SIGNATURE | SIGNATURE | |
| | | NAME, GRADE OR TITLE | NAME, GRADE OR TITLE | |
| | | SIGNATURE | SIGNATURE | |
| | | NAME, GRADE OR TITLE | NAME, GRADE OR TITLE | |
| | | SIGNATURE | SIGNATURE | |
| | | NAME, GRADE OR TITLE | NAME, GRADE OR TITLE | |
| | | SIGNATURE | SIGNATURE | |
| | | NAME, GRADE OR TITLE | NAME, GRADE OR TITLE | |

### FINAL DISPOSAL ACTION

RELEASE TO OWNER OR OTHER (Name/Unit)_____

DESTROY_____

OTHER (Specify)_____

### FINAL DISPOSAL AUTHORITY

ITEM(S)_____ON THIS DOCUMENT, PERTAINING TO THE INVESTIGATION INVOLVING_____ (Grade)

_____ (IS) (ARE) NO LONGER
(Name)                              (Organization)

REQUIRED AS EVIDENCE AND MAY BE DISPOSED OF AS INDICATED ABOVE (If article(s) must be retained do not sign, but explain in accurate correspondence.)

_____     _____     _____
(Typed/Printed Name, Grade, Title)          (Signature)                    (Date)

### WITNESS TO DESTRUCTION OF EVIDENCE

THE ARTICLE(S) LISTED AT ITEM NUMBER(S)_____ (WAS) (WERE) DESTROYED BY THE EVIDENCE
CUSTODIAN IN MY PRESENCE, ON THE DATE INDICATED ABOVE

_____     _____
(Typed/Printed Name, Organization)          (Signature)

CAUTION: THIS DOCUMENT IS THE PROPERTY OF US ARMY CRIMINAL INVESTIGATION COMMAND FOR USE ONLY BY YOUR AGENCY

000014

# Defendant's Exhibit #7

(1) Disclosure of criminal information originated or maintained by the USACIDC may be made to any Federal, State, local, or foreign law enforcement agency that has an investigative or law enforcement interest in the matter disclosed, provided the disclosure is not in contravention of any law, regulation, or directive, as applied to law enforcement activities. Disclosures under this paragraph to a non-DOD law enforcement element is a routine use under the Privacy Act and must be accounted for in accordance with AR 340–21, chapter 3.

(2) Acquisition of criminal information from Federal, State, local, or foreign law enforcement agencies is authorized provided it relates to a matter within USACIDC investigative authority or responsibility. Criminal information may be acquired for the purpose of determining whether it meets the criteria of this paragraph, but will not be retained if determined to be outside its scope.

*e. Sensitive investigative information.* The identity of confidential sources, information pertaining to CID investigative techniques, and date contained in internal CID records, reports, or indices thereof will be released only as authorized by paragraph *d* above or by the Commanding General, USACIDC. All other inquiries or requests regarding this type of information, not made under the provisions of paragraph below, will be forwarded to the Director, U.S. Army Crime Records Center, ATTN: CICR-FP, 2301 Chesapeake Ave, Baltimore, MD 21222–4099

*f. Juvenile records.*

(1) Investigative information pertaining to juveniles identified in a CID ROI, SSI, or criminal information report as suspects, subjects, or victims may be disclosed only as provided below. The status of "juvenile" is determined with reference to the age of the person as of the date of the offense.

*(a)* To those persons in the normal distribution channels of CID reports.

*(b)* To other law enforcement authorities when information acquired or maintained by CID indicates criminal activity which may fall within another law enforcement agency's jurisdiction or responsibility.

*(c)* To other persons as required or authorized by law (e.g., parents, pursuant to the Juvenile Justice Act, 18 U.S.C. 5033, or child welfare agencies).

(2) The fact that the individual to whom the information pertains has become an adult does not alter the protection provided juvenile records. CID reports pertaining to juvenile subjects, suspects or victims will be marked so that they are readily identifiable as juvenile records when filed with other records. This requirement also applies when automated indexing of juvenile records is utilized.

(3) Any order from a Federal or State court of competent jurisdiction directing the sealing of juvenile records or juvenile court proceedings will be attached to the file at the local level and, if appropriate, at the Crime Records Center. When it appears that the terms of a court order or statute pertaining to the sealing of juvenile records or court proceedings restrict DOD use of records remaining in the custody of the USACIDC, clarification or guidance must be obtained from the Commanding General, USACIDC, ATTN: CIJA-ZA.

(4) Requests for release of juvenile records that appear to conflict with the guidance in this regulation and proposed denials for such CID juvenile records will be forwarded promptly to the Commanding General, USACIDC, ATTN: CIJA-ZA, for determination of the USACIDC position and response.

*g. Requests for information.* Legislative or civilian judicial requests from Federal, State or foreign governments for access to or copies of CID reports or information from CID investigative efforts will be forwarded to the Commander, USACIDC, ATTN: CIJA–ZA, 5611 Columbia Pike, Falls Church, VA 22041–5015. Congressional requests will be processed in accordance with AR 1–20 and AR 340–21. Civilian judicial requests or subpoenas, including those originated by prosecution and defense counsel, will also include that information required by AR 27–40, chapter 7.

*h. Official requests.* Official requests for information from CID reports of investigation from agencies of the executive branch of the Federal Government identified as routine users in AR 340–21 and similar requests from other Department of Defense components will be referred to the Director, U.S. Army Crime Records Center, 2301 Chesapeake Ave, Baltimore, MD 21222–4099. The Director, U.S. Army Crime Records Center, is authorized direct communication with these agencies and components for this purpose.

*i. Disclosure.* Individuals, agencies, or components that receive CID investigative reports or other information may further disclose such material only for administrative, non-judicial, or judicial purposes or proceedings. No other disclosure is permitted without the prior approval of the Commanding General, USACIDC. These limitations do not apply to requesters or recipients under the Freedom of Information or Privacy Acts. (See para 4–4.)

*j. News media requests.* News media requests under AR 340–17 for CID criminal investigative information not resolved at the investigating element's level may be directed to the Commander, USACIDC, ATTN: CIIO–ZA, 5611 Columbia Pike, Falls Church, VA 22041–5015.

*k. Other requests.* All other requests not specifically addressed above for copies of CID investigative reports or information will be referred to the Director, U.S. Army Crime Records Center, ATTN: CICR–FP, 2301 Chesapeake Ave, Baltimore, MD 21222–4099.

## 4–4. Individual requests for access to or amendment of CID reports of investigation

*a. Access to CID reports.* All requests for access to CID reports made under the Privacy Act or Freedom of Information Act will be processed in accordance with AR 340–21 and AR 340–17, respectively.

*b. Amendment of CID reports.* CID reports of investigation are exempt from the amendment provisions of the Privacy Act and AR 340–21. Requests for amendment will be considered only under the provisions of this regulation. Requests to amend CID reports of investigation will be granted only if the individual submits new, relevant, and material facts that are determined to warrant revision of the report. The burden of proof to substantiate the request is upon the individual. Requests to delete a person's name from the title block will be granted if it is determined that probable cause does not exist to believe that the individual committed the offense for which titled as a subject. The decision to list a person's name in the title block of a CID report of investigation is an investigative determination that is independent of judicial, non-judicial, or administrative action taken against the individual or the results of such action. Within these parameters, the decision to make any changes in the report rests within the sole discretion of the Commanding General, USACIDC. His decision will constitute final action on behalf of the Secretary of the Army with respect to this regulation.

*c. Submission of requests.* Requests for access to or amendment of CID investigative reports will be forwarded to the Director, U.S. Army Crime Records Center, ATTN: CICR–FP, 2301 Chesapeake Ave, Baltimore, MD 21222–4099.

## Chapter 5
## Crime Records Center, USACIDC

### 5–1. General

The U.S. Army Crime Records Center will receive and maintain the permanent files of CID and selected MPI reports of investigation, selected military police reports (DA Form 3975), and commanders reports of disciplinary or administrative action taken (DA Form 4833). The Director will ensure the retention and proper use of these records and furnish data and copies of files, documents, or information therefrom to persons or agencies authorized to receive such information. The Director will refer requests to agencies controlling release of the requested information. For crime records purposes, the Director will maintain liaison for the Commanding General, USACIDC, with the Defense Investigative Service, the U.S. Army

# **Defendant's Exhibit #8**

*IN THE UNITED STATES DISTRICT COURT*
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| Sam L. Clemmons )<br><br>Plaintiff, )<br><br>v. )<br><br>United States Army )<br>  Crime Records Center )<br><br>Defendant ) | Civ. Action No. 1:05CV02353 (RCL) |

### DECLARATION OF PHILLIP J. MCGUIRE

I, Phillip J. McGuire, declare as follows:

(1)  I am currently the Director of the United States Army Crime Records Center ("USACRC"), U.S. Army Criminal Investigation Command ("CID") Fort Belvoir, Virginia. I have held this position since September 1, 1995. Prior to my current assignment, I was Deputy Director of the USACRC from March 1, 1993 until assuming the Director's position. I have been a Special Agent member of the CID since 1975.

(2)  The USACRC is the record holding facility for the CID, which is the major U.S. Army command responsible for investigating serious crimes whenever an Army interest exists and jurisdiction has not been reserved to another agency.₁ The USACRC retains criminal Reports of Investigation ("ROI")

---

1 *See generally* Army Regulation (AR) 195-1, Army Criminal Investigation Program, 1 October 1974; AR 195-2,

and Military Police Reports ("MPR") for the U.S. Army.

(3)  In my current capacity as Director, USACRC, I supervise the
Freedom of Information and Privacy Act Division at USACRC. Due to the
nature of my official duties, I am familiar with the procedures followed by the
USACRC in responding to requests for information from its files pursuant to
the provisions of 5 U.S.C. 552, commonly known as the Freedom of
Information Act ("FOIA"), and 5 U.S.C. 552a, commonly known as the Privacy
Act of 1974. Specifically, I am aware of the treatment which has been afforded
the FOIA request of Plaintiff for records concerning him. The statements
contained in this declaration are based on my personal knowledge, upon
information provided to me in my official capacity, and upon conclusions and
determinations reached and made in accordance therewith.

## PURPOSE OF THIS DECLARATION

(4)  This declaration describes the records systems at USACRC, an
accounting of CID documents determined to be responsive to Plaintiff's request,
a detailed description of the search for and release of responsive records, and a
justification of information withheld from USACRC/USACIDC records pursuant
to FOIA exemptions (b)(2), (b)(6) and (b)(7)(C), in accordance with Vaughn v.
Rosen, 484 F.2d 820 (D.C. Cir. 1973).

## EXPLANATION OF USACRC'S RECORD SYSTEM

---

Criminal Investigation Activities, 30 October 1985. Available at http://www.usapa.army.mil/

report. In addition to report preparation, ACI2 has numerous data fields for collecting and reporting information required by the National Incident Based Reporting System and the Defense Incident Based Reporting System.

(7) CID ROIs are indexed and retrievable in ACI2 by the names of subjects, victims, and selected witnesses. The CID ROI numbering system provides for a unique number to account for ROIs and an offense code that identifies the type of crime or crimes investigated in specific investigations. Upon receipt at USACRC, ROIs are also entered into the Automated System Crime Records Center ("ASCRC") that provides for management of the paper file and later electronic records (most ROIs are converted to electronic records and entered in an electronic archive system after three years). ASCRC also allows for retrieval of records by subject and victim identities and case numbers.

## CORRESPONDENCE BETWEEN PLAINTIFF AND USACRC

(8) On March 9, 2004, USACRC received a FOIA referral from the Drug Enforcement Administration (DEA) through the Department of the Army Freedom of Information and Privacy Act Office. The DEA referral consisted of an unredacted copy of the first five pages of an ROI listing Mr.Clemmons as the subject of a criminal investigation (DA Form 4833 and the narrative portion of the ROI) **(Defendant's Exhibit 1).**

(9) On March 18, 2004, USACRC released these five pages to Mr.

4

(5) The USACRC is the central repository of CID Reports of Investigation ("ROI") conducted worldwide. ROIs begin with an initial report transmitted by CID field units electronically to the USACRC. A paper file is then created at USACRC to document that there is a pending investigation. When required by regulation, status reports are submitted by field units and added to the pending ROI. Upon completion of the investigation, a final report is prepared by the field unit and forwarded to appropriate military commanders and USACRC. The narrative of the report (minus the attached exhibits) is transmitted electronically to USACRC and a signed paper copy of the Final ROI and exhibits are mailed. If any action taken against a subject is known at that time, it is entered into the narrative of the Final ROI. If the action taken is unknown or has not occurred, a DA Form 4833, Commanders Report of Disciplinary or Administrative Action, is forwarded with a copy of the final ROI to the appropriate military commander. When action is taken, the Commander is to complete the form and return it to the CID field unit, which mails the document to USACRC.

(6) CID uses an electronic reporting system - Automated Criminal Investigations and Intelligence System ("ACI2") to prepare and transmit many of its reports. Initial, Status, Final, and Supplemental ROIs are written into, and transmitted electronically within, ACI2 to USACRC and other users of the

3

Clemmons with appropriate redactions under FOIA Exemptions (b)(2), (b)(6) and (b)(7)(C) **(Defendant's Exhibit 2).**

(10) On August 8, 2005, Mr. Clemmons made a FOIA request of USACRC for information concerning himself. **(Defendant's Exhibit 3)**

(11) On August 29, 2005, USACRC responded to Mr. Clemmons, advising him that his request was being processed in chronological order based on the date his request was received. **(Defendant's Exhibit 4)**

(12) On September 7, 2005, Mr. Clemmons addressed a letter to USACRC indicating his desire to consider the USACRC response of August 29, 2005 to be a denial of his request and his intent to file an administrative appeal. *Plaintiff additionally requested expedited processing of his request* **(Defendant's Exhibit 5).**

## DETERMINATION OF RECORDS RESPONSIVE TO PLAINTIFF'S FOIA REQUEST

(13) USACRC identified one criminal investigation ROI, consisting of 14 pages that contained information regarding Plaintiff as the subject of a criminal investigation (the first five pages are identical to those released as a result of the DEA referral). On February 23, 2006 USACRC provided all 14 pages of the ROI, with appropriate FOIA redactions, to Plaintiff **(Defendant's Exhibit 6).** The material withheld was redacted pursuant to FOIA exemptions (b)(2), (b)(6)

5

and (b)(7)(C), which are justified below.

## PRIVACY ACT EXEMPTION (j)(2)

(14) The criminal investigation which is responsive to Plaintiff's request for records is exempt from the mandatory access provisions of the Privacy Act pursuant to 5 U.S.C. § 552a (j)(2).

## PROCEDURES FOR REQUESTING AMENDMENT OF CID REPORTS OF INVESTIGATION

(15) CID reports of investigation are exempt from the amendment provisions of the Privacy Act. Requests for amendment of ROI's may be filed pursuant to Army Regulation 195-2, *Criminal Investigation Activities,*paragraph 4-4. As of the date of this declaration, Mr. Clemmons has not filed an administrative request for amendment of the responsive ROI.

## EXPLANATION OF FORMAT USED FOR THE JUSTIFICATION OF DELETED MATERIAL

(16) All documents provided were processed to achieve maximum disclosure consistent with the provisions of the FOIA. Every effort was made to provide Plaintiff with all reasonably segregable portions of releasable material. To further describe the information withheld could identify the material sought to be protected. The FOIA exemptions asserted as grounds for nondisclosure of portions of the documents are FOIA Exemptions (b)(2), (b)(6) and (b)(7)(C).

(17) Copies of the documents contain, on their face, a notation of the

6

FOIA exemptions asserted thereon. To further describe the information withheld in more detail could identify the very material that is being protected. No reasonably segregable, non-exempt portions were withheld from Plaintiff.

## EXEMPTION (b)(2)
## INTERNAL AGENCY RULES AND PRACTICES

(18)  5 U.S.C. § 552 (b)(2) exempts from disclosure information "related solely to the internal personnel rules and practices of an agency." This exemption protects routine internal administrative matters and functions of an agency which have no effect on the public at large.  Disclosure of this information could impede the effectiveness of CID's internal law enforcement procedures.

### CID Special Agent Sequence Numbers

(19)  Exemption (b)(2)  has been asserted to protect special agent sequence numbers. As an internal administrative practice, a sequence number is assigned to every CID agent when he or she is accepted as a special agent. These numbers are assigned sequentially and are used to identify agents when they perform a myriad of administrative functions (writing reports, accessing CID information systems, etc.)

(20)  If CID disclosed these agent sequence numbers, individuals who are not agents could conceivably use these numbers to attempt to access CID data bases and otherwise impersonate CID agents.  Agents sequence number are

7

part of the security measures used to verify identity when agents conduct criminal history checks with the US Army Crime Records Center. Unauthorized access could potentially allow individuals to obtain both DOD and US Civilian law enforcement criminal history information about others. In addition, they could also ascertain if they were personally under criminal investigation, thus compromising on going investigations. Routine, internal administrative information such as these sequence numbers serve no public benefit and there is no indication that there is a legitimate public interest in the disclosure of these numbers. Disclosure of these numbers, however, could impede CID's effectiveness by allowing unauthorized individuals to access sensitive information within CID systems. Therefore, this information is withheld pursuant to Exemption (b)(2).

### EXEMPTION (b)(6)
### UNWARRANTED INVASION OF PERSONAL PRIVACY

(21) 5 U.S.C. 552 (b)(6) permits the government to withhold all information about individuals contained in personnel and medical files and similar files when the disclosure of such information "would constitute a clearly unwarranted invasion of personal privacy." This exemption is used in conjunction with Exemption (b)(7)(C) and is fully justified below.

### EXEMPTION 7
### LAW ENFORCEMENT RECORDS

8

(22) Exemption 7 protection under the FOIA is available only for "information compiled for law enforcement purposes." (5 U.S.C. 552(b)(7) (2000)). The United States Army Criminal Investigation Command is the felony law enforcement agency of the United States Army. As such, it is tasked to conduct felony criminal investigations into crimes that affect U.S. Army persons or property. The records that have been identified as responsive to the Plaintiff's request include a criminal investigation file conducted during the normal course of law enforcement duties of CID agents and employees. As such, all of these documents are entitled to protection under FOIA Exemption 7.

### EXEMPTION (b)(7)(C)
### UNWARRANTED INVASION OF PERSONAL PRIVACY

(23) 5 U.S.C. § 552 (b)(7)(C) exempts from disclosure:

...records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . could reasonably be expected to constitute an unwarranted invasion of personal privacy.

(24) When withholding information pursuant to this exemption, CID is required to balance the privacy interests of the individuals mentioned in the documents against any public interest in disclosure. In asserting this exemption, each piece of information was examined to determine the degree and nature of the privacy interest of any individual whose name and/or

9

identifying data appear in the documents at issue. The public interest in

disclosure of the information is determined by whether the information in

question would inform Plaintiff or the general public about CID's performance

of its mission to conduct felony investigations into crimes that affect the

persons or property of the United States Army. As explained below, there is no

legitimate public interest in the information withheld pursuant to

Exemption (b)(7)(C). Following are justifications for the withholding of

personally identifying information, categorized by the types of individuals

protected.

## Names and/or Identifying Information
## of Law Enforcement Agents

(25) Exemptions (b)(6) and (b)(7)(C) have been asserted to protect the

names of and/or identifying data of CID special agents and Military Police

("MP") officers who were responsible for conducting, supervising, and/or

maintaining the investigative activities reported in the file at issue.

Assignments of law enforcement agents to any particular investigation are not

by choice; they retain a legitimate privacy interest in not having personal ·

information about them released. Publicity, (adverse or otherwise), regarding

any particular investigation they have been assigned to may seriously prejudice

their effectiveness in conducting other investigations. The privacy

consideration is also to protect CID agents and MP officers, as individuals, from

10

unnecessary, unofficial questioning as to the conduct of this or other investigations, whether or not they are currently employed by the U.S. Army. CID agents and MP officers conduct official inquiries into various criminal and national security cases. They come into contact with all strata of society. They conduct searches and make arrests, both of which constitute reasonable, but nonetheless serious intrusions into peoples' lives. Many of these people carry grudges which last for years and they may seek any excuse to harass the law enforcement agent they deem responsible for these intrusions. The publicity associated with the release of a law enforcement agent's identity in connection with a particular investigation could rekindle animosity toward that agent. Accordingly, law enforcement agents maintain substantial privacy interests in not having their identities disclosed. The public interest is not served by the disclosure of the agents' identities, as this information sheds no light on how CID is performing its mission. Thus, any such disclosure would constitute an unwarranted invasion of the personal privacy of the agents named.

## Names and/or Identifying Information of Other Government Employees

(26) Exemptions (b)(6) and (b)(7)(C) were asserted to withhold the names and identifying information of other, non-law enforcement, government employees mentioned in the responsive criminal investigative file. During the course of this investigation, CID received information from, or contacted, other

11

government employees in their professional capacities. These individuals were not considered subjects of possible criminal activity, nor were these persons interviewed as victims or witnesses. Examples of such individuals include the attorney who provided a legal opinion regarding the activities of Plaintiff, and the government employee who reported the suspected fraud to CID. These third parties maintain legitimate privacy interests in not having information about them disclosed. Disclosure of their identities could subject these individuals and their family members to possible harassment or criticism and focus derogatory inferences and suspicion on them. Accordingly, CID determined that these government employees maintained a substantial privacy interest in not having information about them disclosed. After identifying the substantial privacy interests these individuals maintain, CID weighed their right to privacy against the public interest in the disclosure of the names and identifying information of persons merely mentioned. CID has determined that these names, in and of themselves, do not shed light on how CID or the Army performs its overall mission, therefore there is no legitimate public interest in this information.

## Names and/or Identifying Information
## of Third Party Interviewees

(27) As part of the law enforcement investigations involved, individuals familiar with possible criminal activities were interviewed by CID agents. The

12

identities of these individuals are withheld in the responsive records pursuant to exemptions (b)(6) and (b)(7)(C). The third party interviewees provided CID with valuable information concerning possible criminal activities.

(28) CID has found that information provided by individuals during an interview is one of the most productive investigative tools utilized by law enforcement agencies. The largest roadblock in successfully obtaining the desired information through an interview is fear by the interviewee that his identity will possibly be exposed and that he will consequently be harassed, intimidated, or threatened with legal or economic reprisal or possible physical harm. In order to surmount these obstacles, persons interviewed must be assured that information received from them will be held in the strictest confidence. The continued access by CID to persons willing to honestly relate pertinent facts bearing upon a particular investigation outweighs any benefit Plaintiff or the general public might derive from being furnished the names of those who cooperated with CID.

(29) The information provided by the interviewees was processed in an effort to release as much information as possible, protecting only the names of the interviewees and only that additional information which would reveal the identities of the interviewees or violate the privacy of individuals mentioned by the interviewee.

13

## CONCLUSION

(30) CID has processed and released to Plaintiff all reasonably segregable information contained in the investigation requested. Plaintiff was provided all information which did not reveal internal administrative information or violate the personal privacy of third parties.

Pursuant to 28 U.S.C. § 1746, I declare the foregoing to be true and correct.

Executed this 14th day of March 2006.

**Phillip J. McGuire**
**Director**
**U.S. Army Crime Records Center**

14

# **Defendant's Exhibit #9**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SAM L. CLEMMONS                                    )
548 SAINT CHARLES PL                               )    Case Number:  1:05CV02353
BROOKHAVEN, MS 29601                               )
                                                   )
                              Plaintiff,           )
                                                   )
              v.                                   )
                                                   )
U.S. ARMY CRIME RECORDS CENTER,                    )
ATTN:  DIRECTOR PHILLIP J. McGUIRE                 )
U.S. ARMY CRIMINAL INVESTIGATION                   )
CMD                                                )
6010 6TH STREET, ATTN: RECORDS                     )
MAINTENANCE                                        )
FORT BELVOIR, VA 22060-5585                        )
                                                   )
                              Defendant.           )

DECLARATION

I, Joseph H. Rouse, declare as follows:

1. The undersigned is presently and has been at all times since August 1, 1967, Chief and since

August 1987, Deputy Chief of Tort Claims Division, U.S. Army Claims Service, Fort Meade,

Maryland. In this capacity I receive all claims against the Army in the amount in excess of

$50,000. This includes claims under the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680, and

other related tort claims statutes arising from the acts or omission of members or employees of

the active Army, Army National Guard and Department of Defense.

2. A thorough search of all records and files available to this Service since 1988 has found that

no administrative claim was filed by Sam L. Clemmons under the above-mentioned statutes.

1

3. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.


JOSEPH H. ROUSE
Deputy Chief, Tort Claims Division
U.S. Army Claims Service
Office of The Judge Advocate General
4411 Llewellyn Avenue
Fort Meade, MD 20755-5360
(301) 677-7009, ext. 212

Executed this the 28th day of February, 2006, at Fort Meade, Maryland.

2