## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

SAM L. CLEMMONS

    PLAINTIFF PRO SE

v

U.S. ARMY CRIME RECORDS CENTER

    DEFENDANT

CIVIL ACTION NO:

  CASE NUMBER: 1:05CV02353

JUDGE: ROYCE C. LAMBERTH
DECK TYPE: FOIA / PRIVACY ACT
DATE STAMP: 12/08/2005

**April 10, 2006**

---

## ADDENDUM TO MOTION REQUEST FOR SUMMARY JUDGEMENT AND MOTION

## REQUEST TO SUBPOENA DUCES TECUM

Comes Samuel Lennious Clemmons, Jr. file this ADDENDUM to the pervious **MOTION** today in the District Court for the District of Columbia requesting a summary judgement by default in the above stated case before the District Court for the District of Columbia. In this motion requests before the courts facts will be reveal to advise the court of the Plaintiff's stand with evidence of fraud. The Plaintiff wish to have such facts entered as evidence at the time the court grant this motion to enter discovery. The Plaintiff's request the courts for the courts to served the Defendant the consent form agreeing to a jury trial signed by the Plaintiff. The Plaintiff inform the court that the Defendant will be served this addendum though first-class

RECEIVED

APR 1 4 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

certified return receipt with article tracking number being as **7001 1140 0002 6561 0558** which show properly served.

The Plaintiff learned of the Defendant's counsel stand or position on this case after receiving the Defendant's counsel response by regular mail on April 8, 2006, 19 days after service to the court which is an improper served and reasons for default.

As of this dated the Defendant's counsel has failed to release **any** and **all** the records the Defendants so claim in their response to the courts therefore, violating the Freedom of Information Act in it's entirety.

Once again, the Plaintiff wishes to express to the courts that the Defendant's counsel has failed to provided the following listed below:

1. The Defendants have failed to honor the court's response deadline of 60 days after being served the summons to response on January 3, 2006. Making the Defendant to be in violation of the 20 days by law to response under the Freedom of Information Act (3)(A) that states except with respect to the records made available under paragraph (1) and (2) of this subsection, and except as provided in subparagraph (E), each agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules stating

time, place, fees (if any), and procedures to be
followed, shall make the records promptly available to
any person. Why has the Defendant failed to make such
records available to the Plaintiff? Or the Courts? But
the Defendant can make such record available to federal
law enforcement agencies to destroy the Plaintiff's
character and cause continuous hurt and harm to destroy
the Plaintiff's character causing deformation of
character without any facts, justification and court
convictions or documentation.

The Defendant and the Defendant's counsel have had well
over enough time to comply with these rules and regulation but
failed and continue to violate the laws and tries to avoid the
issues or requests before the courts.

The law clearly states for records created on or after
November 1, 1996, within one year after such date, each agency
shall make such records available, including by computer
telecommunication or, if computer telecommunication means have
not been established by the agency, by other electronic means.
Meaning it does not or should not take over **20 days** by law to
release all the requested materials any government agency may
have pertaining to orders requesting an legal investigation to
be conducted, investigations conducted, information on any court

hearing, trials and convictions. (See attached **Exhibit # 2**, 9 pages)

2. Once again, the Defendants have failed to honor the court's order of a 14 days extension in additional to the 60 days given by the courts to bring the full and complete records before the courts for *de novo* meaning to bring the complete records from what the defendant's counsel express that exist before the courts and the courts shall determine the matter of *de novo*, and may examine the contents of such agency records in camera to determine whether such records or any part thereof shall be withheld under any of the exemptions set forth in subsection (b) of this section, and the burden is on the agency to sustain its action. In addition to any other matters to which a court accords substantial weight, a court shall accord substantial weight to an affidavit of an agency concerning the agency's determination as to technical feasibility under paragraph (2)(c) and subsection (b) and reproducibility under paragraph (3)(B).

Since, the Defendant and the Defendant's counsel have failed to understand the law or just failed to honor the law or any other provision of the law. The Defendant shall now serve an answer or otherwise plead to any complaint such as this one made

under this subsection within no days after such service upon the

Defendant of the pleading in which such complaint is made,

unless the court otherwise directs for good cause shown.

    3. The Defendants have failed to honor and obey the laws

        under the Freedom of Information Act as explained above.

    4. As of this date this addendum is file in the courts, The

        defendants and the defendant's counsel have failed to

        produce to the courts substantive evidence to approve or

        prove any actions against the Plaintiff by the way of

        affidavit service. (See attached **Exhibit # 2**, 9 pages)

Once again, The Plaintiff has requested from the

Defendant(s) under the Freedom of Information Act such documents

as stated below and the Defendants have failed to provide such

documentation to justify any statements the Defendant and the

Defendant's counsel wishes to make through written communication

to the courts. In an attempt to mislead the courts. The

Defendant and the Defendant's counsel have failed to justify any

crimes against the government and actions taken against the

Plaintiff to label the Plaintiff as a convicted felon.

    5. The Defendant and the Defendant's counsel has failed to

        comply to the court's summons on the rules to provide an

        answer to the complaint served upon the Defendant and the

        Defendant's counsel which clearly states an answer to the

        complaint which is served on you with this summons, within

60 days after service of this summons on you, exclusive of
the day of service. If you fail to do so, judgement by
default will be taken against you for the relief demanded
in the complaint. Any answer that you serve on the parties
of this action must be filed with the clerk of this court
within a reasonable period of time after service. With that
statement said on the record and with the Defendant's
statement expressed in the Defendant's response submitted
to the courts in the Defendant's statement of material
facts which are not in genuine dispute which they are all
in dispute. The Defendant's counsel falsity states that
item # 8 which states on February 23, 2006, the ACRC
released to Plaintiff the full, 14-page criminal ROI
listing him as the subject of a 1994 criminal investigation
for fraud. DEX 6 which is FRAUD and I question according to
the courts instruction why wasn't such information released
to the court as so stated upon being served this summons?
The courts and the Plaintiff should have received such
information by way of certificate of service by way of
certified mail delivery. Provide the court the proof to
make such statement truthful in this court of law.

Therefore, with that false submission stated above which
should constitute perjury and automatic default. The Plaintiff
place this request through the courts to subpoena duces tecum by

order to order all the documents requested under the Freedom of
Information Act are:

    1. The Plaintiff place this request through the court to
order the Defendant to produce and provided orders from a
Military Post Commander requesting a criminal
investigation to be conducted on the Plaintiff by the
Defendant (The Army Criminal Investigative Command) as so
stated in the Defendant's counsel statements before the
court in their lately or timely response dated March 20th,
2006 in reference to the Defendant's motion to dismiss in
part and for summary judgement in part from page 3, part
II background which states DA Form 4833, Commanders
Report of Disciplinary or Administrative Action, dated
September 30, 1994 and others which are falsity. The
Defendant's counsel failed to mention the Plaintiff was
fully represented by professional legal counsel and
failed to elaborate on any statements made or presented
by the Plaintiff's legal counsel or propose requests for
a full hearing in a court of law. Plaintiff's request for
the Defendant to provide the facts for trial or judge
review under de novo.

    2. As stated before, The Defendant(s) have failed to produce
any warrants for the Plaintiff arrest. Plaintiff's

request for the Defendant to provide the facts for trial
or judge review *under de novo.*

3. The Defendant(s) have failed to produce any documentation
that shows a court conviction of any crime to place such
Plaintiff's personal information into a national crime
record database. Plaintiff's request for the Defendant to
provide the facts for trial or judge review *under de
novo.*

4. The Defendant(s) have failed to produce signed sworn
testimonies or confessions statements under oath or in
the custody of any investigators to justify any alleged
statements made by the Plaintiff such as "you said", "he
said", etc. Plaintiff's request for the Defendant to
provide the facts for trial or judge review *under de
novo.*

5. The Defendant(s) have failed to produce to the courts any
waiver of rights given to the Defendant to place the
Plaintiff's personal information into a national criminal
database. Plaintiff's request for the Defendant to
provide the facts for trial or judge review *under de
novo.*

6. The Defendant(s) have failed to provide the courts with
any witnesses to the facts or statements during such
interrogation to justify any Plaintiff's statements made

during this alleged crime against the government.
Plaintiff's request for the Defendant to provide the
facts for trial or judge review *under de novo*.

7. The Defendant(s) have failed to produce to the courts or
   the Plaintiff with print out hard copy of the exact date,
   time and name of the federal investigator who placed the
   Plaintiff's personal information into this national
   criminal database. Plaintiff's request for the Defendant
   to provide the facts for trial or judge review *under de
   novo*.

8. The Defendant(s) have failed to produce to the courts one
   article or any articles of the law. That states "if any
   person or people are a subject to a criminal
   investigation to place or enter such person names into a
   criminal database as if they will be found guilty of such
   a crime or should be label as a guilty criminal of a
   crime being investigated". Provide such documentation
   stating that no such agency does not needs any orders
   from any authority figure to do so. If such law exist,
   the Defendant(s) needs to provide to the Plaintiff and
   the courts such facts of the law to validate their
   request to the court to dismiss such case or lawsuit
   pending in District Court.

The Plaintiff states and expresses once again to the courts that the Defendants have had since August 23, 2002 which is approximately **four years** to comply with the Freedom of Information act. This is the exact time period a Member of Congress intervened to request the Plaintiff's complete background record for review and to be released to the Plaintiff under such The Freedom of Information Act. As of this date, the Defendant and the Defendant's counsel have still refused to conform and obey such honorable congressman request and the law. (See Exhibit #1, two pages)

For the Record, the Plaintiff is providing the court with this proof of this record request for the record and attaching it as Exhibit # 1, two pages. The Defendant must do the same in providing the courts with the response and date and time such documents were released to the Member of Congress in a timely manner to be in compliance with the law.

The law states, this section does not authorize withholding of information or limit the availability of records to the public, except as specifically stated in this section of the Freedom of Information Act. This section is not authority to withhold information from Congress. If such Defendants cannot provide the facts to the courts to show a log report of this Congressman's request then such Defendant as always been in

violation and anything such Defendant provide or say to the court are without credibility. (Defendant's suspicion of fraud)

The Defendant's counsel stated in it's motion that on July 15, 2003 the Plaintiff made a Privacy Act/ FOIA request to the DEA, seeking information regarding a negative DEA's background investigation but refused to provide to the courts any facts of such statements or results of such requests.

It is true that the Plaintiff as well as a Member of Congress did contact the DEA in question to fraudulent issues or concerns in the Plaintiff's background investigation report. The DEA too has failed to comply with the Freedom of Information Act. The Plaintiff nor did the Member of Congress never received the information sought. The DEA has provided the Plaintiff with nothing but fraudulent statements such as the Defendant and the Defendant's counsel is providing and trying to mislead the courts in providing false statements in a cover up against the truth in nature to this lawsuit before the courts.

Therefore, requesting such lawsuit to be dismissed after fully, knowingly and knowing that they are in violation of the Freedom of Information Act and other crimes.

The Plaintiff is requesting from the Defendant to provide the courts with proof of service of any of the Plaintiff's requested information under the Freedom of Information Act/ Privacy Act as so the Defendant so claim in their truthful

response to the courts. Meaning provide certified mail receipts in the form of Affidavit of service just as the way the Defendants have received their summons to the complaints filed in the United States District Court for the District of Columbia.

If such cannot be provided to the courts, then such honorable courts should realize that the Defendants actions or claims are fraudulent ones. This summary judgement request before the courts should be granted in whole and in favor of the Plaintiff due to the Defendant and the Defendant's counsel failure to honor the court summons to response and comply with the laws in its entirely under the Freedom of Information Act.

In closing, let the law stand and the law states itself in saying, according to section (b) of the Freedom of Information Act it clearly states that on complaint, the District Court of the United States in the District in which the complainant resides, or has his principle place of business, or in which the agency records are situated, or in the District of Columbia. This District Court has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant. In such a case the court shall determine the matter de novo in what the Plaintiff has requested in this MOTION before the courts. The Court may examine the contents of such agency records in camera

to determine whether such records or any part thereof shall be

withheld under any of the exemption set forth in subsection (b)

of this section, and the burden is on the agency (The

Defendants) to sustain its action. In addition to any other

matters to which a court accords substantial weight, a court

shall accord substantial weight to an affidavit of an agency

concerning the agency's determination as to technical

feasibility under paragraph (2)(c) and subsection (b) and

reproducibility under paragraph (3)(b). It is known for the

records that whenever the court orders the production of any

agency records improperly withheld from the complainant (the

Plaintiff) and assesses against the Untied States reasonable

attorney fees and other litigation costs, and the court

additionally issues a written finding that the circumstances

surrounding the withholding raise questions whether agency

personnel acted arbitrarily or capriciously with respect to the

withholding, the Special Counsel shall promptly initiate a

proceeding to determine whether disciplinary action is warranted

against the officer or employee who was primarily responsible

for the withholding. The Special Counsel, after investigation

and consideration of evidence submitted, shall submit his

finding and recommendations to the administrative authority of

the agency concerned and shall send copies of the finding and

recommendations to the officer or employee or his

Sam L. Clemmons vs. United States Army Crime Records Center / U.S. Army CID

representative. The administrative authority shall take the corrective action that the Special Counsel recommends. In this case today before the courts special actions needs to be administrated upon the Defendant's counsel for coming into the honorable courts and trying to mislead the courts and failure to present the facts according to the statements made in their submissions to the courts causing **all** theirs statements to be in dispute and in question.

The Plaintiff is requesting the facts to every statement such Defendant and Defendant's counsel wish to make. "Without facts, you have nothing" "You must provide the facts, proof to support your statements"

In additional, the plaintiff wishes to add before the courts when considering a motion for summary judgment, it is known that the court must examine all evidence in the light most favorable to the plaintiff (nonmoving party). The plaintiff would like to advise the defendant to consider case laws _Langley v. Adams County_, Colorado, 987 F.2d 1473, 1476 (10th Cir.1933). When a moving party (the defendant) bears the burden of proof at trial is entitled to summary judgment only when the evidence indicates that no genuine issue of material fact exists. Facts exist, the Plaintiff's personal information is stored inside a federal criminal database and the Defendant's cannot explain to the courts who, when, how and why such information was placed

there to destroy the Plaintiff's good character and name in whole. The Plaintiff has information to reveal and show the courts that such information was placed there fraudulently and now the Defendant is fully held liable for all damages so fort requested and demanded by the Plaintiff.  See federal statue Fed.R.Civ.P.56(c); See case law: _Anthony v. United States_, 987 F.2d 670,672 (10th Cir.1993). If the moving party (the defendant) does not bear the burden of proof at trial, it must show "that there is an absence of evidence to support the nonmoving party's (the Plaintiff) case". In this case the nonmoving party (the Plaintiff) has expressed evidence to support the Plaintiff's claim; the Plaintiff has provided the court with documentation finally released to the Plaintiff as of July 27, and August 17, 2005 which is label as **Exhibit # 3, eight pages**.  Therefore, the case law to consider: _Celotex Corp. v. Catrett_, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986) holds no merit in this case matter.

The Defendant much explain and prove to the courts how such fraudulent information placed itself in a national criminal database to label such Plaintiff as a convicted criminal with a felony record without any means or documentation to support itself. If the Defendant cannot justify these actions then such judgement in whole must be in favor of the Plaintiff.

The Plaintiff states to the courts, the Defendants have sustained no loss in this action, nor did the Plaintiff cause any hurt or harm to the Defendant, the Defendant caused this action or judgment upon self. Now the Defendants have to prove this record, database submission and statements made by the Defendant, Defendant's counsel, federal agents are truthful with concrete facts to support any statements granted or given to the courts just as they so claim they provided to the Department of Justice (DEA). The Defendant should not be allow any additional time to submit to the Plaintiff and the courts any more false statements, documents to mislead and to support the Defendant's comments in this federal investigation to have this matter before the court dismissed. The Defendants have exhausted all their times in this response and submission before the courts.

In closing of this summary judgement and according to section (5), the Attorney General of the Untied States should use this case upon his submission of submitting an his annual report on or before April 1 of each calendar year which shall include for the prior calendar year a listing of the number of cases arising under this section, the exemption involved in each case, the disposition of such case, and the cost, fee and penalties assessed under subparagraphs (E),(F), and (G) of subsection (a)(4). Such report shall also include a description of the efforts undertaken by the Department of Justice to

encourage agency compliance with this section. As for the court can see by the Defendant long drawn out process and proof in failure to comply with the laws. This case should be given congressional attention and interest in establishing severed punishment to those who failed to obey the law, comply with the law and provide truthful information within the law and under the law.

These individual names should be placed in a national criminal database to cause humiliation, embarrassment, and set backs in their futures or careers. They should be allowed to get a true feeling and see how the Plaintiff feel today in fighting to save the Plaintiff's good name and the Plaintiff's character. Over some minor incident concerning a household good claim which is in favor of the plaintiff when all the evidence is submitted in a court of law.

It's a serious crime to Place anyone personal information into a criminal database. This is identity theft, identity fraud and theft by deception. All are criminal acts subject to prison time.

This act was not a mistake it was a wrongful, intentionally, deliberately, maliciously and a well thought out criminal act as so the Plaintiff stated in the initial complaint before the courts. It was committed by a criminal minded person who never conducted an investigation, never had orders to do so

and never sought the proper channels to do so. This person had access and control to enter the Plaintiff's personal information without proper documentation; therefore, making such Defendants to be fully liable for all the crimes and damages sought.  This was intentional act to cause harm to the Plaintiff, to ruin the Plaintiff's careers opportunities, to cause harm, hardship and due stress upon the Plaintiff, the Plaintiff's family, etc. The award amount will cover all punitive damages, emotional distress, lost of career; tarnish of name and other scarifies the plaintiff had to endure due to the Defendants' negligence acts. The award the Plaintiff seeks is generous for full recovery totaling **$15,000,000.00** by default.

Therefore, the Defendant and the Defendant's counsel have no one to blame except for the person who is fully responsible for this criminal act.

The Plaintiff have **fifty-seven** pages of exhibit facts to provide to the courts upon the court's receipt of all the failures the Defendants have failed to provide to the courts. This information will clear the Plaintiff's name and show the court or a jury that the Defendant's actions are FRAUD. The Plaintiff expresses to the courts in providing these 24 pages of documentation of proof that the Defendant's actions are FRAUD should be justified.

The Plaintiff states for the record, if the Federal Bureau of Investigation can set the bar by providing it's correspondence to the facts without the Plaintiff submitting a Freedom of Information request why couldn't the Army Crime Record Center do the same? The Federal Bureau of Investigation fact will be added in as **Exhibit # 4**. Additional information to these facts will be sent to the courts upon the courts' issuing an order after the receipt of the Defendant's facts to support statements made in their response to the courts.

If the court feels that such information is not needed to render a decision. Therefore, this **MOTION** request should be granted and a judgement once again should be entered by default in favor of the Plaintiff to bring this case matter before the courts to a close and label such actions by the Defendants as FRAUD.


**I declare under penalty of perjury, under the laws of the United States, that the foregoing is true and correct.**

Respectfully submitted,

Sam L. Clemmons, Plaintiff Pro Se
548 Saint Charles Place
Brookhaven, MS 39601

**Attachment:** (1) Plaintiff's signed form for consent to proceed before a United State Magistrate Judge for all purposes.
(2) **Exhibit 1 - 4**
(3) **Exhibit 4** (53 pages is being withheld waiting Orders to enter.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of April 2006 a copy of the <u>MOTION Addendum</u> request has been served my first-class certified mail to the following:

### Court

Office of the Clerk
UNITED STATES DISTRICT COURT
333 Constitution Ave, NW, Room 1225
Washington, DC 20001
**CERTIFIED MAIL:** <u>7005 1820 0001 7573 9535</u>

### Defendant' Counsel

Kevin K. Robitalille
Special Assistant U.S. Attorney
Civil Division
555 Fourth Street, N.W.
Washington, DC 20530
**CERTIFIED MAIL:** <u>7001 1140 0002 6561 0558</u>

### Witness to the Records

Mrs. Mary L. Lee, Paralegal
P.O. Box 28558
Atlanta, GA 30358

_April 11, 2006
Date

Sam L. Clemmons,
Plaintiff, Pro Se

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Plaintiff(s)<br>SAM L. CLEMMONS<br>v.<br>THE U.S. ARMY CRIME RECORD CENTER<br>Defendant(s) | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No. _05 2353 RCL_

## CONSENT TO PROCEED BEFORE
## A UNITED STATES MAGISTRATE JUDGE FOR ALL PURPOSES

In accordance with the provisions of 28 U.S.C. § 636(c)(3), the parties to the above-captioned civil matter by and with the advice of their counsel hereby voluntarily waive their rights to proceed before a District Judge of the United States District Court and consent to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial.

_Sam M. Clemmon, PLAINTIFF PROSE_      _APRIL 10, 2006_

Attorney for the Plaintiff(s)            Date

Attorney for the Defendant(s)            Date

NOTICE:    The foregoing Consent by Counsel shall be accepted upon the understanding that all counsel have secured the consent of their respective clients to the Consent and Referral to a United States Magistrate Judge for all purposes.

## ORDER OF REFERENCE

IT IS HEREBY ORDERED that the above-captioned matter be referred to a United States Magistrate Judge for all further proceedings and the entry of judgment in accordance with 28 U.S.C. § 636(c)(3) and the foregoing consent of the parties.

United States District Judge            Date

NOTE:  RETURN THIS FORM TO THE CLERK OF THE COURT <u>ONLY</u> IF ALL PARTIES HAVE CONSENTED TO PROCEED BEFORE A UNITED STATES MAGISTRATE JUDGE.

CO-942B
Rev 3/95

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Nancy M. Mayer-Whittington
Clerk of Court

## NOTICE OF RIGHT TO CONSENT TO TRIAL
## BEFORE A UNITED STATES MAGISTRATE JUDGE

The substantial criminal caseload in this Court and the requirements of the criminal Speedy Trial Act frequently result in the delay in the trial of civil cases. Aware of the hardship and expense to the parties, counsel, and witnesses caused by the delays which are beyond the control of the Court, this notice is to advise you of your right to trial of your case by a United States Magistrate Judge. By statute, 28 USC § 636(c), Fed.R.Civ.P. 73 and Local Civil Rule 73.1, the parties, by consent, can try their case by means of a jury trial or bench trial before a United States Magistrate Judge. Appeals from judgments and final orders are taken directly to the United States Court of Appeals for the District of Columbia Circuit, in the same manner as an appeal from a judgment of a District Judge in a civil case.

## WHAT IS THE PROCEDURE?

One of the matters you are required to discuss at the meet-and-confer conference mandated by Local Civil Rule 16.3 is whether the case should be assigned to a United States Magistrate Judge for all purposes, including trial

All parties must consent before the case is assigned to a Magistrate Judge for trial. You may consent at any time prior to trial. If you expressly decline to consent or simply fail to consent early in the case, you are not foreclosed from consenting later in the case. However, a prompt election to proceed before a Magistrate Judge is encouraged because it will facilitate a more orderly scheduling of the case.

Counsel for the plaintiff has been furnished a copy of the "Consent to Proceed Before a United States Magistrate Judge for all Purposes" form. If and when the form is executed, your response should be made to the Clerk of the United States District Court only.

## WHAT IS THE ADVANTAGE?

The case will be resolved sooner and less expensively. The earlier the parties consent to assigning the case to a Magistrate Judge the earlier a firm and certain trial date can be established, even if the case is to be tried to a jury.

Upon the filing of the consent form and with the approval of the District Judge, the case will be assigned to all purposes to a Magistrate Judge.

CO-942A
Rev. 7/99