UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAM L. CLEMMONS, )<br>)<br>  Plaintiff, )<br>)<br>  v. )<br>)<br>U.S. ARMY CRIME RECORDS )<br>CENTER, )<br>)<br>  Defendant. )<br>_____) | Civil Action No. 1:05-CV-02353 (RCL) |

**REPLY MEMORANDUM
IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS IN PART
AND FOR SUMMARY JUDGMENT IN PART**

On April 14, 2006, Plaintiff filed a pleading entitled "Addendum to Motion Request for Summary Judgment." Docket entry 10. The pleading, while nearly incomprehensible, appears to be both a Reply to defendant's opposition (Docket entry 9) to plaintiff's Motion for Summary Judgment (Docket entry 8) and an opposition to Defendant's Motion to Dismiss in Part and for Summary Judgment in Part (Docket entry 7). To the extent the document is an opposition to Defendant's motion, Defendant files this Memorandum in reply in support of its Motion to Dismiss plaintiff's complaint, or in the alternative, for Summary Judgment to the extent that plaintiff's complaint relates to an alleged Freedom of Information Act, (FOIA) cause of action.

**I. INTRODUCTION**

In a confusing complaint dated December 8, 2005, Plaintiff brought suit seeking, *inter alia*, "full recovery" for myriad allegations; "complete removal of all personal information from

this agency's database"; and "punitive damage recovery." Plaintiff's Complaint, ¶ 6 (*hereinafter* Pl. Compl). The government filed a Motion to Dismiss in Part and for Summary Judgment on March 20, 2006. On April 3, 2006, Plaintiff filed a Motion for Summary Judgment requesting judgment by default against the United States Army Crime Records Center alleging that the government did not file a timely response to the complaint. The government filed its opposition on April 7, 2006 and Plaintiff filed his "addendum" on April 14, 2006.

This Addendum raises several issues which appear to address some of the arguments raised in Defendant's motion. First Plaintiff alleges that the government's response to his FOIA request was not timely. Addendum p. 22. Failure to adhere to the FOIA time limits may result in constructive exhaustion of administrative remedies. 5 U.S.C. 552(a)(6)(c). However, the government has not alleged a failure to exhaust under the FOIA. Therefore this allegation is irrelevant as Defendant has clearly now provided a response. See Docket entry 7; exhibit 2.

Plaintiff reiterates his objection to having his name appear in a criminal database controlled by defendant. Addendum p.8. However, plaintiff fails to address Defendant's argument that Plaintiff has failed to exhaust his administrative remedies under the Privacy Act for an amendment of the record or records. Accordingly, to the extent that Plaintiff's complaint can be construed to allege that the agency has wrongfully failed to amend this record under the Privacy Act, the complaint must be dismissed under Fed. R.Civ. P. 12 (b)(1) for a failure to exhaust administrative remedies. Plaintiff has not identified any other basis for this Court's Jurisdiction over a challenge to the accuracy of the Report of Investigation.

Plaintiff also appears to challenge the sufficiency of Defendant's evidence. However, in a FOIA case, summary judgment may be granted solely on the basis of agency affidavits if they are

clear, specific, and reasonably detailed; if they describe the withheld information in a factual and non-conclusory manner; and if there is no contradictory evidence on the record or evidence of agency bad faith. See Western Ctr. for Journalism v. IRS, 116 F. Supp. 2d 1, 7 (D.D.C. 2000) (citing Hayden v. NSA, 608 F.2d 1381, 1387 (D.C. Cir. 1979)).

The McGuire Declaration (docket entry 7, exhibit 8) serves the functions of a Vaughn index in this case. The McGuire Declaration has been prepared by Phillip McGuire the director of the US Army Crime Records Center. See McGuire's Decl. ¶ 1. Mr. McGuire's official duties require him to be familiar with the procedures followed by the Army in responding to plaintiff's FOIA request and appeal. Id. ¶ 3. Due to the voluminous nature of the records involved in this case, Mr. McGuire used a coded index to satisfy the requirements of a Vaughn index. Use of such a coded index is accepted practice, where, as here, each deletion is correlated specifically and unambiguously to a corresponding exemption which is adequately explained. Keys v. United States Dep't of Justice, 830 F.2d 337 (D.C. Cir. 1987).[1]

## V. **CONCLUSION**

Plaintiff's addendum is even more confusing than his complaint. None of Plaintiff's assertions address this Court's lack of Jurisdiction over plaintiff's tort and Privacy Act claims. Likewise, plaintiff fails to address the applicability of the claimed exemptions to the FOIA Act. For the foregoing reasons and those contained in our original motion, Defendant requests that the Court grant its Motion to Dismiss in Part and for Summary Judgment in Part.

---

[1] It is unclear from plaintiff's filing whether he is alleging that he never received the redacted documents. To ensure the plaintiff has the documents, the government will resend them.

Respectfully submitted,

_____/s_____
KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney


_____/s_____
RUDOLPH C. CONTRERAS D.C. Bar No. 434122
Assistant United States Attorney


_____/s_____
KEVIN K. ROBITAILLE
Special Assistant U.S. Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 353-9895

Of Counsel:
Lieutenant Colonel
Michael G. Seidel
Chief, General Litigation Branch
U.S. Army Litigation Division
901 N. Stuart Street
Arlington, VA 22203