UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SAM L. CLEMMONS

    PLAINTIFF PRO SE

V

U.S. ARMY CRIME RECORDS CENTER

    DEFENDANT

CASE NUMBER: 1:05CV02353

JUDGE: ROYCE C. LAMBERTH
DECK TYPE: FOIA / PRIVACY ACT
DATE STAMP: 12/08/2005

Motion Request

April 27, 2006

---

**ADDENDUM TO MOTION REQUEST FOR SUMMARY JUDGEMENT, MOTION REQUEST TO SUBPOENA DUCES TECUM AND TO MAINTIAN MOTION REQUEST FOR SUMMARY JUDGEMENT BY DEFAULT.**

Comes Samuel Lennious Clemmons, Jr. file this ADDENDUM to the pervious **MOTION** requests after officially receiving some of the requested documents to support the Defendants' statements in such defense and reasons for their actions. These documents was received by the Plaintiff by way of Fed Ex Express delivery service on April 25, 2006 with attached tracking number for tracking purposes being 848797262767.

The Plaintiff here today in the District Court for the District of Columbia is now requesting to make this MOTION statement under a **sworn oath.** Anything I (the Plaintiff) say to the courts or jury that is false I (the Plaintiff) will waiver

**RECEIVED**

APR 2 7 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

my rights for a jury trial and wish to be held under appropriate laws for perjury violation.

 The Plaintiff express to the honorable court that I (the Plaintiff) have read the Defendant rebuttal before the court requesting to dismiss in part and summary judgement in Part and expressing to the court to dismiss this complaint under Fed. R.Civ.P.12 (b)(1) for failure to exhaust administrative remedies and so states that the Plaintiff has not identified any other basis for this court's jurisdiction over a challenge to the accuracy of the Report of Investigation. The Plaintiff expresses to the Defendant and the court that such statement is not true. The Plaintiff has express every means and ways to the courts that such Defendant's actions are not justified and should hold no merit whatsoever at the end of the Plaintiff submission of evidence in this court of law.

 As stated in the pervious communications to the courts and the Defendants, the Defendants cannot show any orders to show cause for a felony federal investigation.

 The Defendant's counsel express in part I, paragraph 4 that the Plaintiff also appears to challenge the sufficiency of the Defendant's evidence. However, in a FOIA case summary judgement may be granted solely on the basis of agency affidavits if they are clear, specific, and reasonably detailed; if they describe the withheld information in a factual and non-conclusory manner.

Sam L. Clemmons vs. United States Army Crime Records Center / U.S. Army CID

The Defendant informs the courts to review case law **Western Ctr. For Journalism v. IRS**, 116 F. Supp.2d 1, 7 (D.D.C. 2000)(citing **Hayden v. NSA**, 608 F.2d 1381, 1387 (D.C. Cir. 1979). In contrary to the Defendant's counsel statements, the Plaintiff is requesting the courts and a jury to review Exhibit 4, Pages # 19-23 with specific attention to **page 21** in its entirely. Study the documents carefully and study the Defendants documents given and presented to the courts in Exhibit # 6, page 8, 13 and 14 to locate FRAUD, and deceit by the Defendant. Now come to a conclusion to develop intents of malice, wrongfully, willfully and an intentional act to destroy the Plaintiff's name, career and future while living in the United States of America.

With the above statements said and presented in this honorable court of law. Now the Plaintiff's addendum and the Plaintiff's complaint is becoming more confusing when the Defendant conducted an illegal investigation on the Plaintiff and stole the Plaintiff's personal information and entered it into a national criminal database for all law enforcement agencies to have access to a FRAUD investigation. The Defendants shows an intentional act to hurt and harm the Plaintiff and the Plaintiff's family.

The Plaintiff express to the courts after reviewing the Defendant's **Exhibit 1-9**, the Plaintiff states the following:

**Defendant's Exhibit # 1:** - Pages 1-3 never received. Page # 4-6 is a certified true copy of the Plaintiff request for information. Pages 7, 8 and 9 without a date and signature, the Plaintiff never received such communication and this is the very first time of reviewing those pages. Pages or documents without a date and signature should not be allow as truthful evidence and should be deleted.

**Defendant's Exhibit # 2** - pages 1-8, never received those pages of information. This is my first time seeing them and reviewing them. They were never mailed to me on such date stamped to the address given in them. I review them as misleading and an attempt to mislead the courts or a jury. The Plaintiff's Exhibit 4, **page 19 - 23** will make such communication FRAUD. These documents should be deleted.

**Defendant's Exhibit # 3:** - Pages 1-6, are certified true copy of the Plaintiff's requests for information. The Plaintiff did submit such request and never received any response back according to the **20 days** time line under the Freedom of Information Act that makes this government agency to be in violation.

**Defendant's Exhibit # 4:** Pages 1-2, The Plaintiff did receive such communication through such person the information is addressed to. The Plaintiff still can't understand as to why such information requested were not already available for

Sam L. Clemmons vs. United States Army Crime Records Center / U.S. Army CID

release when other false claims or documents shows the Defendant's claims to have sent it to others including the Plaintiff in the past?

**Defendant's Exhibit # 5**: Pages 1-2 are certified true copies of the Plaintiff's requests for information. The Plaintiff did submit such request and never received any response back according to the **20 days** time line under the Freedom of Information Act that makes this government agency to be in violation once again.

**Defendant's Exhibit # 6**: Pages 1-16 never received. The Defendant should not have any reasons to show the courts or a jury that such were mail and sent to the Plaintiff such information through Affidavit of service showing a certified mail tracking number of receipt sense such information contain therein is private, sensitive and confidential information. Maybe not to the Defendant since the Defendant has proven to misuse the Plaintiff's information.

**Defendant's Exhibit # 7:** Page 1, which is from AR 195-2 · 30 October 1985, page 9. The Plaintiff express never seeing, receiving or any acknowledge of such regulation. Such regulation does not state or express that the Criminal Investigation Command has full rights and jurisdiction to enter anyone name who is the subject of an investigation into any database to label such person as a convicted criminal with a felony record.

Sam L. Clemmons vs. United States Army Crime Records Center / U.S. Army CID

In order for any investigation to be conducted one has to have orders or some sort of written communication to go outside its jurisdiction or boundaries. Therefore, the Plaintiff expresses to the courts and a jury who will be investigating the Criminal Investigation Command center on its tactics, ethics and other violation? Who will be investigating the Department of the Army for its wrongful roles in providing the Plaintiff's personal information? The Plaintiff is expressing to the courts, a jury and the Defendant that according to the Defendant's Exhibit # 7 and by the Plaintiff releasing such information label as the Plaintiff's Exhibit # 4. The Plaintiff is expressing according to paragraph (2)(e) the Plaintiff will be releasing true sensitive investigation information to the courts. The Defendants will be receiving blackout information according to the Defendant's statements in the Defendant's Exhibits # 8.

**Defendant's Exhibit # 8**: The Plaintiff have read such Defendant's response and express to the court or a jury that such information is falsity, misleading and should be removed from the court records due to an attempt to mislead the courts.

The Defendant cannot explain to the courts according to the Defendant's statements in paragraph # 2. States the USACRC is the record holding facility for the CID, which is major U.S. Army command responsible for investigating **serious crimes** whenever an Army interest exist and jurisdiction has not been

Sam L. Clemmons vs. United States Army Crime Records Center / U.S. Army CID

reserved to another agency. The Plaintiff express to the courts, jury and Defendants please show and explain to the courts or a jury what makes this a <u>serious crime</u> to be investigated? When was the Plaintiff arrested, in custody, Miranda' rights read or proof of waiver, Show the Plaintiff's and witness signed statements or testimonies, etc. for preparation for court. Where is the Defendant's paper work in relations to other serious matter involving the Plaintiff trying to defraud the government of $20,000.00? Do you think this is more of a <u>serious crime</u> then $500.00 or a mistake in communication?

Paragraph # 8, page 4, what happen to the Congressman's request on August 22, 2002? From August 22, 2002 to March 9, 2004 is still a mighty long time according to the law to release certified, true and confirmed facts to anyone. The Plaintiff states and express to the courts and a jury to review such timeline as misleading and shows an intent by the Defendant to cover up their actions but still wishes to report false or fraudulent information to law enforcement agencies to harm the Plaintiff.

Paragraph # 9, page 4, falsity never happen, never occurred. Please provide the courts or a jury with your certified return receipt from releasing such private and sensitive information.

Sam L. Clemmons vs. United States Army Crime Records Center / U.S. Army CID

Paragraph # 13, page 5, falsity and misleading if such happen provide the courts, jury and the Plaintiff your certified, true and confirmation of delivery.

Paragraph # 15, page 6, this statement is misleading, the Plaintiff never was given an opportunity to submit an administrative request for amendment of the responsive ROI as stated by the Defendant. The Plaintiff question and asks the Defendant why such was not offered to the Plaintiff's private attorney as stated in the Plaintiff's **Exhibit # 4, page 8**?

Paragraph # 16, page 6, this statement is falsity and misleading every effort was not made to provide the Plaintiff with all reasonably segregable portions of releasable material. If such were true the Plaintiff would have had such information a long time ago even when the Plaintiff's private attorney addressed such incident or problem.

Paragraph # 17, page 7, the Defendant's statement "no reasonably segregable, non-exempt portions were withheld from the Plaintiff". This statement is not true. Non-exempt portion is or was withheld by not disclosing the Defendant's sources and federal employees names to show a legit investigation, who is responsible for this misconduct is withholding information. The Plaintiff never asked for personal addresses, phone numbers, social security numbers, etc. like such person or persons gave this Defendant the Plaintiff's person information without any

Sam L. Clemmons vs. United States Army Crime Records Center / U.S. Army CID

legal paperwork to place the Plaintiff's personal information into a national criminal database. Who protected the Plaintiff's privacy rights to the Plaintiff's personal information?

This investigation was <u>not</u> a top secret government investigation as the Defendant so try to allege and claim by making statements of <u>serious crimes</u> and claim under the <u>Vaughn index</u> rule under the Freedom of Information Act. This portion of the Freedom of Information Act does not apply to your agency (the Defendant) in relation to this matter before the courts or a jury. Therefore, as stated in the beginning of this paragraph. This Exhibit # 8 should be removed from the record after a judge or jury has review such document and should not have any use in the outcome of this judgement by default.

Paragraph 21 -30, page 9, it applies as the Plaintiff as stated in paragraph # 1, of the Defendant's Exhibit #8.

The Plaintiff express to the courts in all the Defendant's false communication, the Defendant shows no sign of ever investigating the shipper of the Plaintiff's household goods to justify a good cause investigation. The Shipper is the one whom is a threat to the government causing the government to pay out millions in claims due to their negligence acts not the Plaintiff.

**Defendant's Exhibit # 9:** Paragraph # 2 is the only paragraph or statement provided by the Defendant that is

Sam L. Clemmons vs. United States Army Crime Records Center / U.S. Army CID

truthful. Therefore, the Plaintiff wishes to file such administrative claim in the District Court for the District of Columbia against such Federal Agency for violation of the Freedom of Information Act. Violation of the Plaintiff's privacy rights, fraud, deceit, slander, deformation of character, identify theft, identify fraud, theft by deception in the amount of **$15,000,000.00** fifteen million dollars <u>after</u> taxes.

  This award amount should account for all the crimes as stated above and for all the emotional distress, anxiety, pain and suffering, hardships such as set backs, career interruptions, career lost and lost of income not just on behalf of the Plaintiff but the Plaintiff's family as a whole. This award amount should be granted to provide protection to the Plaintiff from people or sources such as the Defendants. The Defendant has displayed true signs of ignorance of the law that the Plaintiff wishes to add this passage of expression for the courts and the jury to understand. In hopes that the Defendant's counsel will now have some understanding upon accepting and accessing his clients fraudulent information and incidents by his clients upon the courts rendering its decision.

  The Plaintiff expresses to the Defendants that ignorance of the law is no excuses, it is one of the most familiar phrases in any branch of jurisprudence. It is not entirely without exception, although some exceptions are rare. What one has

Sam L. Clemmons vs. United States Army Crime Records Center / U.S. Army CID

intended to do results in their own passage and interruptions of the law? In other words, what the Plaintiff is saying to the Defendant that every person is presumed to know the law. In order to understand either the rule itself or the exceptions thereto, it is necessary to know in this case matter what is the words "presumed" and "presumption" and they are used in three different senses in the law. One of the senses is to signify a mere inference of fact. The second one is a true presumption, which is a rule of law which calls for certain results unless the party or defendant adversely affected comes forward with <u>evidence</u> to overcome the complaint filed against such defendant. Which now the Defendant cannot. This (although it is the true presumption) approach is often is referred to as a "*prima facie presumption*" to distinguish it from the so called "conclusive presumption" which is a legal device in the form of a what they call a postulate used for the determination of a particular case whether it represents the actual facts or not. Which bring about the rule of evidence when a typical example is the conclusive presumption of delivery by all parties or defendants to a negotiable instrument which has reached the hands of a holder such as the plaintiff in due course, the net result of this "conclusive presumption" is that such a Plaintiff as myself in due course can enforced the instrument such as a complaint such as what I have done effectively against the Defendants who did

not deliver proof to support their actions to hurt the Plaintiff.

If "everyone is presumed to know the law" in this sense, it means that a particular case will be disposed of exactly as if the Defendant actually did know the law whether such is the fact or not. And this is exactly the sense in which this word should be used in evaluation of the facts in this case before the judge court or jury today. It is known this is the sense in which it is used in all cases in which "ignorance of the law is no excuse." There are some rare and exceptional cases in which ignorance of the law is recognized as an excuse in some criminal cases the presumption is rebuttal able, but in this **case number 1:05-CV-02353 (RCL)** before the courts we have a very knowledgeable and a competent Defendant.  The Defendant claims they are a <u>felony</u> law enforcement agency of the United States Army. As such as they say is tasked to conduct <u>felony</u> criminal investigation into crimes that affect the United States Army persons or property but not protects others from wrongdoing by their Agency. The Plaintiff asks who or what Agency is in place to protect the Plaintiff from wrongful actions by the Defendants? This Agency is fully and very capable of thinking things through before committing a wrongful act or committing a crime and such Agency or Defendant should take full accountability and responsibility for their actions.

Sam L. Clemmons vs. United States Army Crime Records Center / U.S. Army CID

So the Plaintiff says to the Defendants, courts and jury, these allegations and actions by the Defendants have been confirmed as false and to be in violation of 111 ALR, Fed. 295 and 18 U.S.C.A. § 1001.

The court should sanction the Defendant to stay away from their confirmed alleged witnesses due to an ongoing legal process and investigation in this manner.

The Plaintiff too would like the Defendants to know that the Plaintiff have children of his own and the Plaintiff must inform the Defendants and the courts…that this type of behavior is learned or taught by someone or retained through some source somewhere.

The Plaintiff says to the Defendants that he would never teach or inform his children to do what the Defendants have done to him and advise his children not to do it to others. The Defendants tactics and type of behavior has no justification. The Defendants should be accountable and take responsibility for their actions and accept this truthful submission under oath and reply back to the courts with the amount of awarded from the judgement rendered preferably requested by the Plaintiff. The Defendant should be order by the courts to correct their flaws, policies and procedures and reinvestigate other similar matters such as this one and repent their actions.

In conclusion, the Plaintiff would like to add and advise the courts that this is not the only time where someone within the system of the Department of Defense or the Department of the Army has misused the Plaintiff's person information. It is believe that from these actions or location someone within these boundaries someone have allowed other to the access of the Plaintiff's records to set up fraudulent accounts on a Marine Base operation or facilities in 39 Palms California (See attached Exhibit # 4, page 59).

The Plaintiff has attached **Exhibit # 5,6 & 7** to support the Plaintiff's complaint and judgement request amount. The Defendant should have <u>20 days</u> after the court's final judgement order to render the Plaintiff's award and follow all courts orders, sanction and recommendations.

Reasons for the Plaintiff's request is that the Plaintiff has creditors and other responsibilities to pay for trusting and believing in the Plaintiff as a whole. The Plaintiff wish not to allow the Defendant to ruin the creditability of those who still trust, believe and have confidence in him. (End of MOTION)

**I declare under penalty of perjury, under the laws of the United States, that the foregoing statements are true and correct I signed these statements before a certified legal notary witnessing me (the Plaintiff) signing to make any but all statements as truthful, legal and binding under oath.**

Sam L. Clemmons vs. United States Army Crime Records Center / U.S. Army CID

Respectfully submitted,

*Sam L. Clemmons*, Plaintiff Pro Se
548 Saint Charles Place
Brookhaven, MS 39601

_Jessica L Boehringer_     4-27-06
**Notary Signature**       **Date Stamped**

JESSICA L BOEHRINGER
NOTARY PUBLIC
COBB COUNTY
STATE OF GEORGIA
My Commission Expires March 23, 2009

**Attachment:**

(1) Plaintiff's signed form for consent to proceed before a United State Magistrate Judge for all purposes
(2) **Exhibit 1 - 4 (submitted)**
(3) **Exhibit 4** (87 pages)
(4) Exhibit 5 (17 pages)(pages 88-104)
(5) Exhibit 6 (6 pages) (pages 105 - 110)
(6) Exhibit 7 (cassette recording from Plaintiff's telephone service from May - June 1994) This recording will express to the courts or jury there is no sign for urgency, problems, etc concerning the Plaintiff's military claims)

Sam L. Clemmons vs. United States Army Crime Records Center / U.S. Army CID

**CERTIFICATE OF SERVICE**

I hereby certify that on this <u>28th day of April 2006</u> a copy of the <u>MOTION Addendum to Defendant's Exhibits</u> request has been served my first-class certified mail to the following:

**Court**

Office of the Clerk
UNITED STATES DISTRICT COURT
333 Constitution Ave, NW, Room 1225
Washington, DC 20001
**Fed EX Express Service: <u>851980919545</u>**

**Defendant' Counsel**

Kevin K. Robitalille
Special Assistant U.S. Attorney
Civil Division
555 Fourth Street, N.W.
Washington, DC 20530
**CERTIFIED MAIL: <u>7005 1820 0001 7572 5897</u>**

**Witness to the Records**

Mrs. Mary L. Lee, Paralegal
P.O. Box 28558
Atlanta, GA 30358

<u>April 28, 2006</u>                                    <u>/s/ Sam L. Clemmons</u>
    Date                                                    Sam L. Clemmons,
                                                              Plaintiff, Pro Se