UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAM L. CLEMMONS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:05-CV-02353 (RCL) |
| ) | |
| U.S. ARMY CRIME RECORDS ) | |
| CENTER, ) | |
| ) | |
| Defendant. ) | |
| ) | |

### DEFENDANT'S RESPONSE TO PLAINTIFF'S 2nd "ADDENDUM"

On May 12, 2006, Plaintiff filed a pleading with the Court, styled "2d Addendum to Motion Request for Summary Judgment, Motion Request to Subpoena Deces Tecum and to Maintain Motion Request for Summary Judgment By Default."  This case is fully briefed.

The Government filed a Motion to Dismiss in Part and for Summary Judgment on March 20, 2006, (Docket entry 7), with service by mail issued that same day.  (Docket entry 7, attachment 5).  On April 3, 2006, Plaintiff filed a Motion for Summary Judgment requesting judgment by default against the United States Army Crime Records Center.  The Government filed an opposition to this motion on April 7, 2006.  (Docket entry 9).  On April 14, 2006, Plaintiff filed a pleading entitled "Addendum to Motion Request for Summary Judgment." (Docket entry 10).  The pleading, while nearly incomprehensible, appears to be both a reply to Defendant's opposition (Docket entry 9) to Plaintiff's Motion for Summary Judgment (Docket entry 8) and an opposition to Defendant's Motion to Dismiss in Part and for Summary Judgment in Part (Docket entry 7).  The Government filed a Reply on April 21, 2006.  Plaintiff again filed a nearly incomprehensible pleading labeled an Addendum on April 27, 2006.  While not called a

reply, this filing could be considered a reply to Defendant's opposition (Docket entry 9) to Plaintiff's Motion for Summary Judgment (Docket entry 8), if docket entry 10 is not considered his reply.

The only basis under the Local Rules for Plaintiff's latest filing would be a surreply. However, Local Civil Rule 7 provides that briefing on a motion consists of a motion, an opposition and a reply memorandum. Absent leave of Court, which Plaintiff has neither sought nor received, there is no authority for Plaintiff to file a surreply.

Even if the Court considers this latest filing from Plaintiff, the Government can discern no issues raised in it and not previously addressed. If the Court identifies any issues it believes the Government has not adequately addressed, we would of course be happy to respond.

Respectfully submitted,

/s
KENNETH L. WAINSTEIN, D.C. Bar # 451058
United States Attorney

/s
RUDOLPH C. CONTRERAS D.C. Bar No. 434122
Assistant United States Attorney

/s
KEVIN K. ROBITAILLE
Special Assistant United States Attorney
Civil Division
555 Fourth St., N.W.
Washington, D.C. 20530
202-353-9895