7. Produce any or all document showing a settlement offer or any attempt made by the Defendant to settle this matter prior to trial or prior to April 1st, 2007.

8. Produce any but all final settlement documents showing that such case matter was settled outside the realm of court prior to April 1st, 2007.

9. Produce all documents which you have received from the Department of the Army, Furniture Doctor, Attorney Chuck Pardue, Defense Security Administration, Central Intelligence Agency and all your witnesses you printed negative statements about the Plaintiff to support your defense that such statements are accurate, correct, true and legal and binding according to the law.

10. Produce all documents showing and bearing the Plaintiff signature to justify any and all your statements in attempting to explain and justify the Plaintiff was there and aware of all your illegal activities that you performed using unauthorized government documents, time and funds to justify your behavior which now makes you to be in violation of Federal Regulation 111 ALR, Fed. 295 and 18 U.S.C.A § 1001 (2) (15) (34) if such document cannot be produced.

11. Produce all certified return receipts justifying your proof of service to any or all the Plaintiff's address you disclosed claiming your attempts to inform and disclose such illegal investigation to the Plaintiff to validate how, when and who gave you the Plaintiff's private but personnel information.

12. Produce copies of all documents which you have sent to the Department of the Army, State of Georgia, Sharolyn Evans, Defense Security Administration, Central Intelligence Agency, Tonya Powell and Furniture Doctor.

Sam L. Clemmons v. Army Crime Record Center (CID) Motion Request to Interrogate Defendants, Case Number

13. Produce all certified but true copies of the Plaintiff's arrest records, investigation reports, military orders, etc.

14. Produce all documents which are in any way concerned with your dealing with the Department of the Army to provide proof to the Court in nature to your statements you submitted in your untimely response justifying your legal tactic or techniques in spying and monitoring the Plaintiff's activities and whereabouts outside your jurisdiction to operate as well as interfering with the Plaintiff's career paths keeping the Plaintiff out of certain sectors of employment and government positions of trust.

15. Produce all documents in any way connected with the allegations in the complaint filed herein to support your theory why such case should be dismissed with prejudice.

16. Produce all documents in any way connected with defense raised by you to the complaint or in any way connected with any defense to be raised by you concerning the complaint.

17. Produce all documents that justify, explain and state that the Plaintiff is a security threat to the Department of Army, Department of Defense, CID, Defense Security Service Administration, Drug Enforcement Administration, Federal Bureau of Investigation and any other federal, state or local law enforcement agencies and provide such documentation where it give you the exclusive rights to stalk, track and monitor the Plaintiff as if he is a terrorist to this country.

Sam L. Clemmons v. Army Crime Record Center (CID) Motion Request to Interrogate Defendants, Case Number

18. Produce all documents where it clearly states that no probable cause does not have to exist for an investigation to be made according to the United States Constitution for example you can use case laws to establish your defense.

19. Produce all documents where it clearly states that anyone who is subject to an investigation must have their name put in a criminal database to falsely mislead others to prevent such person from obtaining any career employment in a position of trust and to put a tracking on such a person to know his or her whereabouts at all time and to put his or her social security number in other databases or false report and other illegal activities to continue to cause hurt and harm upon such person and such person family. Produce these documents to be exempt from any discrimination, identity theft, identity fraud, and deformation of character claims.

20. Produce all documents where it states or express that any man can be investigated or arrested at anytime prior and after for the same crime even without going through the proper channels of the Due Process of Law for example you can use case laws to establish your defense.

21. Provide all statistical data information from the Army Crime Record Center that shows the numbers of men are being investigated and arrested each month and each year concerning the alleged crimes of government fraud and are being reported to Federal Government under the Federal Data Crime Statistical Report.

22. Produce all documents where it states or express that no police reports, incident reports, investigation reports, U.S. Marshall Service showing proper service to notify any man of pending actions against him in any court of law that is not

needed to make an investigation or arrest concerning illegal charges such as you have expressed before this Court in your response or defense.

23. Produce all documents from the Court granting you consolidation rights of this case into the Department of the Army case pending for jury trial before this honorable court.

24. Produce all documents showing the name, date of birth and social security numbers before the court of all individuals who are responsible for performing these illegal activities and produce all retirement documents if you so wish to claim and state that such persons are now retired from the government sector.

25. Produce all documents to the Court in accordance with the Federal Rules of Civil Procedures, Rule 26 and 34. General Provision Governing Discovery; Duty of Disclosures.

26. Produce all documents which are which you have anything to do with your banking records, including bank statements, cancelled checks, deposit slips, old draft notices and any other agreements with any bank for the past five years to show the court your means and ways to pay for this debt in a timely manner once it has been approved that such actions performed by you were unconstitutional.

27. Produce all documents which are or which you have anything to do with your federal or state income tax returns which you have prepared or filed for the past five years if you wish to take the full responsibility of these crimes committed against the Plaintiff.

28. Produce all documents from the Court granting an enlargement of time to respond on your second requests to justify why you are not in default.

If the Defendant's Counsel cannot produce one/half of the documents requested in the Plaintiff's oppositions and in the Plaintiff's First Request for Admission, Set of Interrogation, and Request for Production of Documents and Things Propounded to Defendant then this case is clearly a case of violation under the Freedom of Information Act and Privacy Act. It will clearly show before the Court that the Plaintiff's Rights to Privacy has been violation and so many actions performed against the Plaintiff were unconstitutional and outside the scope of the forbidden fruit of justice. The Plaintiff was denied Due Process of Law.

The Plaintiff had every right to file such lawsuit against those who have violated the Plaintiff's rights under the United States Constitution of America.

Due to the Defendant's Counsel harass comments expressing dismissal in part or Summary Judgment in part but not in whole, the Plaintiff express now to the Defendant's Counsel to prove the Plaintiff wrong by the abundance of evidence that you should be able to easily obtain or should have obtain by now due to an extensive delay in filing any other additional motions before the court record had closed as stated in listed in this submission before the Court and to correct all the Defendants failures to justify your harass request against the Plaintiff. The Plaintiff now wishes to file this motion in this honorable court for tort damages and full recovery of this lawsuit in this honorable court without going or proceeding over into another court of jurisdiction.

It should now be in the best interest of the Defendants to enter a motion before the Court including a motion for statutory offer of settlement which is a written offer of a specific sum of money made by a defendant to a plaintiff, which will settle the lawsuit if accepted within a short time. The offer may be filed with the court, and if the eventual judgment for the plaintiff is less than the offer, the plaintiff will not be able to claim the court costs usually awarded to the

Sam L. Clemmons v. Army Crime Record Center (CID) Motion Request to Interrogate Defendants, Case Number

prevailing party (the Plaintiff). The Defendant can enter a motion to settle this case to resolve a lawsuit without a final court judgment by negotiation between the parties, usually with the assistance of attorneys and/or insurance adjusters, and sometimes prodding by a judge. Most legal disputes are settled prior to trial this option is now totally up to the Defendants in the Plaintiff's first motion request for Admission, Interrogatories and Subpoena Duces Tecum requests before the Court.

                                            Respectfully submitted,

                                            Sam L. Clemmons
                                            Plaintiff, *Pro Se*

**See Attachment:**

    Three Proposed Orders

**Copies Sent to:**

KEVIN K. ROBITAILLE
Special Assistant U.S. Attorney
Civil Division
555 Fourth St., N.W.
Washington, DC 20530 / **Certified Mail # 7005 0390 0002 2211 2561**

U.S. ATTORNEY GENERAL
950 Pennsylvania Ave, NW
Washington, DC 20530 / **Certified Mail # 7006 0100 0001 6544 2037**

And

**District Court for the District of Columbia**
Attn: Office of the Clerk &
Judge Royce C. Lamberth's Chambers
333 Constitution Ave, NW
Room 1225
Washington, DC 20001 / **Certified Mail # 7006 0100 0001 6544 2068**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAM L. CLEMMONS )<br>)<br>Plaintiff )<br>)<br>vs. )<br>)<br>U.S. ARMY CRIME RECORDS CENTER, et )<br>al )<br>)<br>Defendant ) | CIVIL ACTION NO:<br><br>**1:05CV02353 (RCL)** |

## ORDER

Upon consideration of the Plaintiff's Motion requests and the Plaintiff's Discovery entry before the court. The Court finds it is now in the best interest of the Court and the Plaintiff to bring this case to a close according to the Court's standards.

The Court now deem it's necessary to GRANT the Plaintiff a jury trial to hear the facts as disclosed by both sides before a summary judgment to be issued.

The Plaintiff has demonstrated good cause shown and has demonstrated damaged done to the Plaintiff's short, immediate and long term life and career that are caused by the Defendant's action which brought forth the Plaintiff's complaint.

The Defendant(s) have had well over enough time to come before the Court with substantiated evidence to contradict the Plaintiff's claims or discovery.

IT IS HEREBY ORDERED that on this date of signing this document the case is assigned for a jury trial according to the Plaintiff's demands according to Rule 38 (b) (c) and Rule 8 of the Federal Civil Procedures.

ORDERED this _____ day of_____ 200_

_____
Honorable Royce C. Lamberth
United States District Court Judge

**Copies to:**

Sam L. Clemmons
548 Saint Charles PL
Brookhaven, MS 39601

Kevin K. Robitaille
Assistant United States Attorney
Judiciary Center Building
555 4th Street, NW, Civil Division
Washington, DC 20530

U.S. ATTORNEY GENERAL
950 Pennsylvania Ave, NW
Washington, DC 20530

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAM L. CLEMMONS ) | CIVIL ACTION NO: |
| ) | |
| Plaintiff ) | **1:05CV02353 (RCL)** |
| ) | |
| vs. ) | |
| ) | |
| U.S. ARMY CRIME RECORDS CENTER, et ) | |
| al ) | |
| ) | |
| Defendant ) | |

## ORDER

Upon consideration of the Plaintiff's Motion requests and the Plaintiff's Discovery entry before the court. The Court finds it is now in the best interest of the Court and the Plaintiff to bring this case to a close according to the Court's standard of summary judgment in favor of the Plaintiff.

The Plaintiff has demonstrated good cause shown and has demonstrated damaged done to the Plaintiff's short, immediate and long term life and career that are caused by the Defendant's action which brought forth the Plaintiff's complaint.

The Defendant(s) have had well over enough time to come before the Court with substantiated evidence to contradict the Plaintiff's claims or discovery.

IT IS HEREBY ORDERED that on this date of signing this document the case is now closed by means of Summary Judgment without Prejudice.

SO ORDERED this _____ day of_____ 200_

_____
Honorable Royce C. Lamberth
United States District Court Judge

**Copies to:**

Sam L. Clemmons
548 Saint Charles PL
Brookhaven, MS 39601

Kevin K. Robitaille
Assistant United States Attorney
Judiciary Center Building
555 4th Street, NW, Civil Division
Washington, DC 20530

U.S. ATTORNEY GENERAL
950 Pennsylvania Ave, NW
Washington, DC 20530

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAM L. CLEMMONS ) | CIVIL ACTION NO: |
| ) | |
| Plaintiff ) | **1:05CV02353 (RCL)** |
| ) | |
| vs. ) | |
| ) | |
| U.S. ARMY CRIME RECORDS CENTER, et ) | |
| al ) | |
| ) | |
| Defendant ) | |

## ORDER

Upon consideration of the Plaintiff's Motion requests for Summary Judgment by Default after entering substantial evidence for the record according to <u>Lewis v. Faulkner</u>, 689 F.2d 100, 102 (7th Cir.1982) and <u>Langley v. Adams County</u>, Colorado, 987 F.2d 1473, 1476 (10th Cir.1933).

The Plaintiff has demonstrated good cause shown by means of Exhibits and timely responses and proper service upon the Defendants.

The Plaintiff's Motions requests should be granted including the Plaintiff's Motion Requests for Admissions, Interrogatories, and Subpoena Duces Tecum from the Defendants' witnesses to support their statements for the record and other documents under *de novo* as withheld by the Defendants to bring this case matter before the court to a close. It is now shall be ORDER to **"compel"** the Defendant to produce all their evidence within <u>10 days</u> after this order in accordance with Rule 37(a) or it shall be in the best interest of the Defendants to settled this case before going forth for a jury trial as demanded by the Plaintiff in the Plaintiff's motion requests before the Court.

IT IS HEREBY ORDERED that any of the Defendants' Motion Requests to dismiss will be DENIED. The Plaintiff's Motion Requests to move forth for Summary Judgment or Summary Judgment by default is GRANTED.

SO ORDERED this _____ day of _____ 200_

_____
Honorable Royce C. Lamberth
United States District Court Judge

**Copies to:**

Sam L. Clemmons
548 Saint Charles PL
Brookhaven, MS 39601

Kevin K. Robitaille
Assistant United States Attorney
Judiciary Center Building
555 4th Street, NW, Civil Division
Washington, DC 20530

U.S. ATTORNEY GENERAL
950 Pennsylvania Ave, NW
Washington, DC 20530

AO 88 (Rev. 1 94) Subpoena in a Civil Case

## Issued by the
# United States District Court
### DISTRICT OF COLUMBIA

SAM L. CLEMMONS

V.

THE U.S. ARMY CRIME
RECORD CTR. (CID), et al

SUBPOENA IN A CIVIL CASE

CASE NUMBER:

1:05CV02353(RCL)

To:

☐ **YOU ARE COMMANDED** to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE U.S. District Court for the District of Columbia 333 Constitutional Ave, N.W. Rm # 1225, Washington, DC 20001 | DATE AND TIME 3/21/2007 |
|---|---|

☐ **YOU ARE COMMANDED** to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT  *[signature]* Plaintiff | DATE 2/13/2007 |
|---|---|
| ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER   PH 866-469-7758 Sam L. Clemmons 548 Saint Charles Pl, Brookhaven, MS 39601 | |

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)
If action is pending in district other than district of issuance, state district under case number

COURT COPY TO COMPEL
EVIDENCE IF NECESSARY
THROUGH PLAINTIFF'S
MOTION REQUEST TO
PRODUCE ALL THE EVIDENCE

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | U.S. ARMY CLAIMS SERVICE CENTER (CCO), et al | JUDICIARY CENTER BLDG 555 4TH STREET, NW CIVIL DIVISION 555 4TH STREET WASHINGTON, DC 20530 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| ATTORNEY KEVIN K ROBITAILLE | CERTIFIED MAIL w/RETURN RECEIPT 7005 0390 0002 2211 2561 |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| SAM L. CLEMMONS | PLAINTIFF PRO SE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on   2/13/2007
                  Date

Signature of Server

548 SAINT CHARLES PL
Address of Server
BROOKHAVEN, MS 39601
PH # 866-469-7758

---

RULE 45, Federal Rules of Civil Procedure, Part C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that

person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(vi) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an un-retained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO 88 (Rev. 1 94) Subpoena in a Civil Case

## Issued by the
# United States District Court
### DISTRICT OF COLUMBIA

SAM L. CLEMMONS

V.

THE U.S. ARMY CRIME RECORD CTR. (CID), et al

SUBPOENA IN A CIVIL CASE

CASE NUMBER:

1:05CV02353(RCL)

To:

☐ **YOU ARE COMMANDED** to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
| | DATE AND TIME |

☐ **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |

☐ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
| --- | --- |

☐ **YOU ARE COMMANDED** to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |

Any organization not a party to this suit is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)
If action is pending in district other than district of issuance, state district under case number

COURT COPY TO COMPEL
EVIDENCE IF NECESSARY
THROUGH PLAINTIFF'S
MOTION REQUEST TO
PRODUCE ALL THE EVIDENCE

AO 88 (Rev. 1 94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE JUDICIARY CENTER BLDG |
|---|---|---|
| SERVED | U S ARMY CRIME RECORDS CENTER (CID), et al | 555 4TH STREET, NW CIVIL DIVISION 555 4TH STREET WASHINGTON, DC 20530 |

| SERVED ON (PRINT NAME) ATTORNEY KEVIN K ROBITAILLE | MANNER OF SERVICE CERTIFIED MAIL / RETURN RECEIPT 7005 0570 0002 7211 2561 |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____    _____
             Date                                Signature of Server

                                                 _____
                                                 Address of Server

---

RULE 45, Federal Rules of Civil Procedure, Part C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

   (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

   (2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

   (B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

   (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

      (i) fails to allow reasonable time for compliance;
      (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that

person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

      (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
      (vi) subjects a person to undue burden.

   (B) If a subpoena

      (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
      (ii) requires disclosure of an un-retained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
      (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

   (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

   (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this <u>12th day of February 2007,</u> a true copy of the <u>PLAINTIFF'S MOTION REQUESTS FOR ADMISSION, SET OF INTERROGATORIES, AND REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS PROPOUNDED TO DEFENDANT; PLAINTIFF'S MOTION REQUEST FOLLOWING ORDERS SUBMITTED TO COURT REQUESTING CASE TO BE CLOSED FOR SUMMARY JUDGMENT BY DEFAULT DUE TO FRAUD REVEAL, FOUND AND LOCATED BY THE PLAINTIFF AGAINST THE DEFENDANTS AND PROPOSED ORDERS</u> were served by certified regular mail concerning case #<u>1:05CV02353 (RCL).</u>

To: Defendant's Counsel

KEVIN K. ROBITAILLE
Special Assistant U.S. Attorney
Civil Division
555 Fourth St., N.W.
Washington, DC 20530 / Certified Mail # <u>7005 0390 0002 2211 2561</u>

U.S. ATTORNEY GENERAL
950 Pennsylvania Ave, NW
Washington, DC 20530 / Certified Mail # <u>7006 0100 0001 6544 2037</u>

District Court for the District of Columbia
**Attn: Office of the Clerk &**
**Judge Royce C. Lamberth's Chambers**
333 Constitution Ave, NW
Room 1225
Washington, DC 20001 / <u>7006 0100 0001 6544 2068</u>

Sam L. Clemmons, *Pro Se*
548 Saint Charles Place
Brookhaven, MS 39601