UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAM L. CLEMMONS,            )<br>                                              )<br>            Plaintiff,               )<br>                                              )<br>      v.                                    )      Civil Action No. 1:05-CV-02353 (RCL)<br>                                              )<br>U.S. ARMY CRIME RECORDS  )<br>CENTER,                                 )<br>                                              )<br>            Defendant.            )<br>_____) | |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION**
**"REQUESTING CASE BE CLOSED FOR SUMMARY JUDGMENT BY DEFAULT"**

On February 15, 2007, Plaintiff filed a pleading with the Court, styled as a motion "Requesting Case to be Closed for Summary Judgment by Default." Plaintiff's Motion is utterly meritless. The Government timely filed a Motion to Dismiss in Part and for Summary Judgment on March 20, 2006, (Docket entry 7), with service by mail issued that same day. (Docket entry 7, attachment 5). On April 3, 2006, Plaintiff filed a Motion for Summary Judgment requesting judgment by default against the United States Army Crime Records Center. The Government filed an opposition to this motion on April 7, 2006. (Docket entry 9). On April 14, 2006, Plaintiff filed a pleading entitled "Addendum to Motion Request for Summary Judgment." (Docket entry 10). The pleading, while nearly incomprehensible, appears to be both a reply to Defendant's opposition (Docket entry 9) to Plaintiff's Motion for Summary Judgment (Docket entry 8) and an opposition to Defendant's Motion to Dismiss in Part and for Summary Judgment in Part (Docket entry 7). The Government filed a Reply on April 21, 2006. Plaintiff again filed a nearly incomprehensible pleading labeled an Addendum on April 27, 2006 (Docket entry 14)

and a 2nd Addendum (Docket entry 15).

To the extent that Plaintiff's Motion seeks to compel discovery, the motion should be denied. As a general matter, the Court has broad discretion to deny or limit discovery in order to protect a party from undue burden or expense, and to promote a case's efficient resolution. See Fed. R. Civ. P. 26(c); *see, e.g.*, Brennan v. Local Union No. 639, 494 F.2d 1092, 1100 (D.C. Cir. 1974); Brune v. IRS, 861 F.2d 1284, 1288 (D.C. Cir. 1988); Gallella v. Onassis, 487 F.2d 986, 997 (2d Cir. 1973). Such an order may provide, *inter alia*, that discovery not be had, that it be delayed, or that it be had only by a method other than that selected by the asking party. Fed. R. Civ. P. 26(c)(1)-(3). Given this broad discretion, the Court "should not hesitate to exercise appropriate control over the discovery process." Herbert v. Lando, 441 U.S. 153, 177 (1979); White v. Fraternal Order of Police, 909 F.2d 512, 517 (D.C. Cir. 1990)("The decision whether to stay discovery lies in the sound discretion of the district court.").

It is entirely appropriate for a Court to stay discovery where there is a dispositive motion pending, because it is logical that "when, as here, the determination of a preliminary question may dispose of the entire suit, applications for discovery may properly be deferred until the determination of such questions." O'Brien v. Arco Corp., 309 F. Supp. 703, 705 (S.D.N.Y. 1969); *see also* Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth., 201 F.R.D. 1 (D.D.C. 2001)(discovery is appropriately stayed while a motion that would be entirely dispositive is pending); Equal Employment Opportunity Comm'n v. Local Union No. 3, 416 F. Supp. 728, 738 (N.D. Cal.1975) (discovery stayed pending resolution of jurisdiction question); Cannon v. United Ins. Co. of Am., 352 F. Supp. 1212, 1214-15 (D.S.C. 1973) (inappropriate to order extensive discovery pending resolution of jurisdiction).

This Court has defined a dispositive motion as "a motion that, if granted, would result either in the determination of a particular claim on the merits or elimination of such a claim from the case." United States ex rel. Tenn. Valley Marble Holding Co. v. Grunley Constr., 433 F. Supp. 2d 104, 111 (D.D.C. 2006), *quoting* Niedermeier v. Office of Baucus, 153 F. Supp. 2d 23, 26 (D.D.C. 2001). Here, Defendant has moved to dismiss Plaintiff's Privacy Act and tort claims for lack of subject matter jurisdiction and moved for summary judgment on Plaintiff's FOIA claims. If granted, Defendant's Motion will entirely dispose of Plaintiff's complaint. Therefore, it is an appropriate exercise of this Court's broad discretion to stay discovery until it resolves Defendants' dispositive motion.

Moreover, FOIA claims are typically resolved without discovery - a standard this Court recently reiterated:

> This court has continued to affirm the proposition that "FOIA actions are typically resolved without discovery." Voinche v. F.B.I., 2006 U.S. Dist. LEXIS 2549, No. CIV.A. 04-1824, 2006 WL 177399, at * 9 (January 24, 2006); see also Wheeler v. C.I.A., 271 F.Supp. 2d. 132, 139 (D.D.C. 2003) ("Discovery is generally unavailable in FOIA actions."); Center for National Security Studies v. Dep't of Justice, No. 01-2500, 2002 U.S. Dist. LEXIS 2983, at * 4 (D.D.C. February 21, 2002) ("Discovery in FOIA actions is generally not available."); Broaddrick v. Executive Office of the President, 139 F. Supp. 2d 55, 63 (D.D.C. 2001) (citations omitted) (discovery "is not typically a part of FOIA . . . cases, . . . and whether to permit discovery is within the sound discretion of the district court judge."). In order to obtain discovery in accordance with Rule 56(f) of the Federal Rules of Civil Procedure, a FOIA plaintiff generally "must establish how the specific discovery requested would create a genuine issue of material fact." Center for National Security Studies, 2002 U.S. Dist. LEXIS 2983, at [*4] * 5. The court may accept the affidavits offered by an agency in support of its motion for summary judgment, "without pre-summary judgment discovery," where such affidavits are made in good faith and provide reasonable detail regarding the conduct of the search for the requested documents. Broaddrick, 139 F.Supp. 2d at 64; see Voinche, 2006 U.S. Dist. LEXIS 2549, 2006 WL 177399, at * 9.

Morley v. CIA, 2006 U.S. Dist. LEXIS 6858, 3-4 (D.D.C. 2006). Plaintiff's unsupported

allegations of tortious conduct are insufficient to justify discovery in this FOIA case.

Respectfully submitted,

/s
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney


/s
RUDOLPH C. CONTRERAS D.C. Bar # 434122
Assistant United States Attorney


/s
STEVEN M. RANIERI
Special Assistant United States Attorney
Civil Division
555 Fourth St., N.W.
Washington, D.C. 20530
202-353-9895

**CERTIFICATE OF SERVICE**

      I hereby certify that on this _____ day of _____, 2007 a copy of the foregoing has been served by First-Class mail; postage prepaid to:

MR. SAM L. CLEMMONS
548 Saint Charles Pl.
Brookhaven, MS 39601

                                      _____/s_____
                                      STEVEN M. RANIERI
                                      Special Assistant U.S. Attorney
                                      Civil Division
                                      555 Fourth St., N.W.
                                      Washington, D.C.  20530
                                      202-353-9895  / FAX 202-514-8780