**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

| | |
|---|---|
| **SAM L. CLEMMONS** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | )  **Civil Action No. 05-02353 (RCL)** |
| **U.S. ARMY CRIME RECORDS** | ) |
| **CENTER** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |
| _____ | ) |

**MEMORANDUM OPINION**

This matter comes before the Court on the defendant's motion [7] to dismiss in part for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) and for summary judgment in part, the plaintiff's motion [8] for summary judgment and the plaintiff's motion [11] request for subpoena duces tecum.  Upon consideration of these motions, the oppositions thereto, the reply briefs, the applicable law, and the entire record herein, the Court concludes that the defendant's motion [7] to dismiss in part and for summary judgment in part will be GRANTED, the plaintiff's motion [8] for summary judgment will be DENIED and the plaintiff's motion [11] request for subpoena duces tecum will be DENIED.

**BACKGROUND**

**I. Facts**

Plaintiff Sam L. Clemmons filed a complaint on December 8, 2005 alleging violations of the Privacy Act of 1974, the Freedom of Information Act ("FOIA") and tort violations among

1

other claims.  (Pl.'s Compl. [1], 2).  Plaintiff's allegations arose from a criminal investigation into plaintiff by the United States Army in 1994, while he was a member of the Army, relating to possible fraudulent misrepresentations regarding an estimate to repair plaintiff's furniture that was damaged en route from Germany to the United States.  (Pl.'s Addendum to Mot. for Summary Judgment [14], Ex. 4, 14).

On July 15, 2003, plaintiff made a request under the Privacy Act and FOIA to the Drug Enforcement Administration ("DEA") seeking information upon which DEA based its background check of plaintiff and subsequently denied plaintiff employment with the DEA. (Def.'s Mot. to Dismiss [7], 5).  DEA referred the request to the defendant, the United States Army Crime Records Center ("USACRC") enclosing an unredacted official form known as a DA Form 4833, Commanders Report of Disciplinary or Administrative Action, dated September 30, 1994 and an unredacted four-page narrative of the investigation.  (Def.'s Mot. to Dismiss [7], 5). On March 18, 2004, the USACRC released these documents to the plaintiff after they had been redacted.  (Def.'s Mot. to Dismiss [7], Ex. 2).  On August 8, 2005, plaintiff wrote to the USACRC requesting all information regarding plaintiff in connection with the commission of, or conviction for, a crime that was in the USACRC records or database.  (Def.'s Mot. to Dismiss [7], Ex. 3).  In a letter dated August 29, 2005, the USACRC informed plaintiff that his request was being processed in chronological order based on when it had been received.  (Def.'s Mot. to Dismiss [7], Ex. 4).  Responding in a letter on September 7, 2005, plaintiff claimed that the USACRC was "stall[ing] for time when such request I have submitted is a simple task," once again requested the release of all documents relating to him, and informed the USACRC that he wished to treat the August 8th letter as a denial from which he would seek appeal.  (Def.'s Mot.

2

to Dismiss [7], Ex. 5). Plaintiff then filed this suit on December 8, 2005. On February, 23, 2006,

the USACRC released to plaintiff a 14-page criminal report of investigation ("ROI") regarding

the 1994 incident with redactions based on FOIA exemptions (b)(2), (b)(6) and (b)(7)(C).

(Def.'s Mot. to Dismiss [7], Ex. 6).

## DISCUSSION

### I. Applicable Law

On a motion to dismiss for failure to state a claim upon which relief can be granted

pursuant to Rule 12(b)(6), this Court must construe the allegations and facts in the complaint in

the light most favorable to the plaintiff and must grant the plaintiff the benefit of all inferences

that can be derived from the facts alleged. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957);

Barr v. Clinton, 370 F.3d 1196, 1199 (D.C. Cir. 2004) (citing Kowal v. MCI Communications

Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994)). This Court must especially read plaintiff's

complaint liberally because he is proceeding pro se, and courts have generally held pro se

complaints to "less stringent standards than formal pleadings drafted by lawyers." Haines v.

Kerner, 404 U.S. 519, 520 (1972); Razzoli v. Fed. Bureau of Prisons, 230 F.3d 371, 374 (D.C.

Cir. 2000). However, this Court need not accept asserted inferences or conclusory allegations

that are unsupported by the facts set forth in the complaint. See Kowal, 16 F.3d at 1276. Even

when proceeding pro se, the plaintiff must still meet the notice requirements of Rule 8(a) of the

Federal Rules of Civil Procedure and give the defendant "fair notice of the plaintiff's claim and

the grounds upon which it rests." Ali v. District of Columbia, 278 F.3d 1, 8 (D.C. Cir. 2002)

(citing Sinclair v. Kleindienst, 711 F.2d 291, 293 (D.C. Cir. 1983)). The Court will dismiss a

claim pursuant to Rule 12(b)(6) only if the defendant can demonstrate "beyond doubt that the

plaintiff can prove no set of facts in support of his claim which would entitle him to relief."
Conley, 355 U.S. at 45-46.

Pursuant to Rule 12(b)(1), the plaintiff bears the burden of establishing that the court has subject matter jurisdiction. See Hilska v. Jones, 297 F. Supp. 2d 82, 86 (D.D.C. 2003); McNutt v. General Motors Acceptance Corp. of Indiana, 288 U.S. 178, 182 (1936). Unlike Rule 12(b)(6) motions, when a court is reviewing a complaint under factual attack for lack of jurisdiction, "no presumption of truthfulness applies to the factual allegations." Ohio Nat'l Life Insurance Co. v. United States, 922 F.2d 320, 325 (6th Cir. 1990). To evaluate whether a court has subject matter jurisdiction over a claim, the court may look to materials outside the pleadings. See Herbert v. Nat'l Acad. of Sciences, 974 F. 2d 192, 197 (D.C. Cir. 1992).

According to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is appropriate, in fact required, where no genuine issue of material fact exists. Id. at 323. Only facts that "might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The burden is on the party moving for summary judgment to show that there is "an absence of evidence supporting the non-moving party's case." Celotex, 477 U.S. at 325. Once the moving party has met this burden, the burden shifts to the non-moving party to proffer specific facts showing that there are genuine disputed issues of fact that must be resolved at trial. See Fed. R. Civ. P. 56(e);

4

Matsushita Electric Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  However,

a "mere scintilla of evidence in support of the plaintiff's position will be insufficient; there must

be evidence on which the jury could reasonably find for the plaintiff."  Anderson, 477 U.S. at

252.  Opposition to summary judgment "must consist of more than mere unsupported allegations

or denials and must be supported by affidavits or other competent evidence setting forth specific

facts showing that there is a genuine issue for trial."  Hayes v. Shalala, 902 F. Supp. 259, 263

(D.D.C. 1995).  The Court is authorized to weigh the evidence at the summary judgment stage in

order to determine whether there is sufficient evidence for a reasonable jury to return a verdict

for the non-moving party.  See Anderson, 477 U.S. at 249-250.

## II.  Plaintiff's Claims under the Privacy Act of 1974

Under the Privacy Act of 1974, "no agency shall disclose any record which is contained

in a system of records by any means of communication to any person, or to another agency,

except pursuant to a written request by, or with the prior written consent of, the individual to

whom the record pertains," unless the disclosure is governed by one of the numerous

exemptions.  5 U.S.C. § 552a(b).  The pertinent exception in the instant case is 5 U.S.C. §

552a(j)(2) regarding disclosure of material "pertaining to the enforcement of criminal laws,

including police efforts to prevent, control, or reduce crime or to apprehend criminals."  5 U.S.C.

§ 552a(j)(2).  The Privacy Act requires an exhaustion of administrative remedies before seeking

judicial review where an individual must appeal an adverse determination to the OIP within 60

days of the adverse determination.  5 U.S.C. § 552a(f)(4); 28 C.F.R. 16.45(a).  When an

individual requests amendment of a record under the Privacy Act, the individual must receive a

final determination denying the request to amend the record before filing a civil case in federal

district court.  5 U.S.C. § 552a(g)(1); See Holz v. Westphal, 217 F. Supp. 2d 50, 54 (D.D.C.

2002).  Records containing "information compiled for the purpose of a criminal investigation"

are exempt from the amendment requirements of the Privacy Act and Army regulations have

included U.S. Army Criminal Investigation Division ("CID") records, specifically addressing

reports of investigations ("ROIs"), in this exemption.  Id.; 5 U.S.C. § 552a(j)(2)(B); 32 C.F.R. §

505.5(c)(15).

    Plaintiff's claims under the Privacy Act ultimately fail because plaintiff did not exhaust

his administrative remedies.  Defendant focuses on plaintiff's August 8, 2005 letter in which he

sought only the release of his records and did not express a desire to have his record amended.

(Def.'s Mot. to Dismiss [7], Ex. 3).  Defendant also includes an affidavit from the Philip J.

McGuire, Director of the USACRC, stating that the USACRC has no record of plaintiff filing a

request to have his record amended (Def.'s Mot. to Dismiss [7], Ex. 8).  In arguing that plaintiff

never requested to have his record amended, defendant overlooks plaintiff's September 7, 2005

letter to the USACRC again requesting the release of his entire record and stating that plaintiff

will consider the USACRC's previous letter as a denial of his request from which he will appeal.

(Def.'s Mot. to Dismiss [7], Ex. 5).  In this letter, plaintiff concludes: "If there were no such

record of FACTS, I would advise you to delete all my personal information from your database

and advise other Agencies and myself that has placed such requests of your error."  (Def.'s Mot.

to Dismiss, [7], Ex. 5).  Even given the liberal reading of plaintiff's claims because he is

proceeding pro se, plaintiff's statement above does not constitute a proper request for amendment

of the record under the Privacy Act.  Plaintiff does not request amendment of the record but

"advises" the USACRC to delete his record, his statement is conditional upon the lack of facts to

constitute such a record, and plaintiff requests deletion of all his personal information in the record, rather than removal of information relating to a particular incident.  (Def.'s Mot. to Dismiss [7], Ex. 5).  Therefore, plaintiff never made an actual request to have his record amended as required under the Privacy Act so he is barred from asking for such relief at this stage.

Dismissal is proper under Rule 12(b)(6), not 12(b)(1) as the defendants have requested, where a plaintiff has failed to exhaust administrative remedies under the Freedom of Information Act ("FOIA") as well as the Privacy Act because failure to exhaust is not jurisdictional but rather a "condition precedent" to filing suit in these types of cases.  Taylor v. Appleton, 30 F.3d 1365, 1367-68 (11th Cir. 1994); see also Hidalgo v. FBI, 344 F.3d at 1260.  Therefore, plaintiff's claims under the Privacy Act are dismissed pursuant to Rule 12(b)(6).

## III.  Plaintiff's Tort Claims

The Federal Tort Claims Act ("FTCA") sets forth a limited waiver of sovereign immunity under which individual citizens can sue the government for certain tort claims "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment," where the United States is liable just as an individual defendant would be in similar circumstances.  28 U.S.C. § 1346.  While the FTCA has numerous exemptions, the relevant exemption in the instant case is the exemption that does not allow for suits under the act based on "assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights."  28 U.S.C. § 2680(h).

Under the FTCA, plaintiff must exhaust his or her administrative remedies by submitting an administrative claim to the agency and be denied by the agency in writing before proceeding to judicial review. 28 U.S.C. § 2675(a). Courts routinely dismiss claims that are brought to court before or without filing an administrative claim. See e.g., Logan v. Va., 404 F. Supp. 2d 72, 78 (D.D.C. 2005).

Plaintiff's claims under the Federal Tort Claims Act fail for two reasons. First, this Court does not have subject matter jurisdiction to hear plaintiff's FTCA claims. According to 28 U.S.C. § 2680(h), the FTCA's limited waiver of sovereign immunity does not apply to violations arising from slander, libel or deceit. 28 U.S.C. § 2680(h). Defamation claims are also exempted from the limited waiver of sovereign immunity because "defamation is simply a broader term for slander and libel." Hosey v. Jacobik, 966 F. Supp. 12, 15 (D.D.C. 1997). Therefore, plaintiff's allegations of "deformation [sic] of character" are barred as well as any claims for identity theft, misuse of information or other claims arising from deceit. (Pl.'s Compl., [1] 3).

Moreover, to the extent that any of plaintiff's claims fall outside the exemptions to the FTCA, all of his claims under the FTCA are barred because he failed to exhaust his administrative remedies. Plaintiff never filed an administrative claim as is required under the FTCA before proceeding to judicial review. 28 U.S.C. § 2675(a); (Def.'s Mot. to Dismiss, [7] Ex. 9). The administrative claim is a jurisdictional requirement and therefore not filing an administrative claims is grounds for dismissal pursuant to Rule 12(b)(1). See McNeill v. United States, 508 U.S. 106, 111-13 (1993). Because the court lacks subject matter jurisdiction over plaintiff's tort claims under the FTCA, these claims are dismissed pursuant to Rule 12(b)(1).

**IV.  Plaintiff's Claims under the Freedom of Information Act**

Under the Freedom of Information Act 5 U.S.C. § 552, "a federal agency must disclose agency records unless they may be withheld pursuant to one of the nine enumerated exemptions listed in § 552(b)." U.S. Dept. of Justice v. Julian, 486 U.S. 1, 8 (1988).  The "mandate of the FOIA calls for broad disclosure of Government records" and therefore, courts have construed the exemptions to FOIA very narrowly to allow for a greater dissemination of information.  See CIA v. Sims, 471 U.S. 159, 167 (1985); Julian, 486 U.S. at 8; FBI v. Abramson, 456 U.S. 615, 621 (1982).  However, Congress expressly created the exemptions to protect "legitimate governmental and private interests [that] could be harmed by release of certain types of information." Abramson, 456 U.S. at 621.  The exemptions relevant in the instant case are Exemptions (b)(2), (b)(6), (b)(7)(A) and (b)(7)(C).  Exemption (b)(2) limits disclosure of matters that are "related solely to the internal personnel rules and practices of an agency." 5 U.S.C. § 552(b)(2).  Proper exemptions under (b)(2) relate to information that is only internal to an agency and relates to an existing agency rule or practice.  See Schwaner v. Dep't of Air Force, 898 F. 2d 795-97 (D.C. Cir. 1990).  Exemptions under (b)(2) can cover trivial administrative data or more serious information that could impede the work of the agency if released.  See Lesar v. United States Dep't of Justice, 636 F.2d 472, 485 (D.C. Cir. 1980); Crooker v. Bureau of Alcohol, Tobacco and Firearms, 670 F.2d 1051, 1074 (D.C. Cir. 1981) (en banc).  In general, "courts have consistently found no significant public interest in the disclosure of identifying codes and similar information" and have recognized that the release of administrative data such as identifying codes can cause security breaches and disruption of agency activities related to law enforcement or other activities.  Maydak v. United States Dep't of Justice, 254 F. Supp. 2d 23, 36 (D.D.C.

2003).

Exemption (b)(6) governs "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of privacy." 5 U.S.C. § 552(b)(6). Files "similar" to those that are medical or personnel in nature are those that have "information which applies to a particular individual." United States Dep't of State v. Washington Post Co., 456 U.S. 595, 602 (1982). When disclosure of information about a particular individual is at issue, the court must then determine whether disclosure would result in "a clearly unwarranted invasion of personal privacy" by balancing the public interest in disclosure with the privacy interest in non-disclosure. 5 U.S.C. § 552(b)(6); Dep't of the Air Force v. Rose, 425 U.S. 352, 372 (1976). In this balancing analysis, the plaintiff bears the burden of establishing a legitimate public interest supporting disclosure which is in line with the core purpose of FOIA, to contribute to greater general understanding of agency practice and procedure. See Dep't of Defense v. Federal Labor Relations Auth., 510 U.S. 487, 495 (1994).

Exemption (b)(7)(C), in relevant part, exempts "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7). An analysis under Exemption (b)(7)(C) requires a two-step analysis to determine that the records were first, "compiled for law enforcement purposes" and second, disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy." Id. Though both Exemption (b)(6) and (b)(7)(C) require a balancing of public interests in disclosure and private interests in personal privacy, Exemption (b)(7)(C) is broader and allows for greater deference to the agency in withholding information related to law

10

enforcement.  See United States Dep't of Justice v. Reporter's Comm. for Freedom of Press, 489 U.S. 749, 756 (1989).

As stated in the Code of Federal Regulations, individuals may file an appeal of an adverse determination under the FOIA to the Office of Information and Privacy ("OIP") but must do so within 60 days of the letter denying the request.  28 C.F.R. § 16.9(a).  The regulations also require that an appeal be filed before an individual seeks judicial review of his or her claim.  28 C.F.R. § 16.9(c).

On the issue of plaintiff's FOIA claims, defendant is entitled to summary judgment because defendant has established that there is no genuine issue of material fact regarding the use of FOIA Exemptions (b)(2), (b)(6) and (b)(7)(C).  Plaintiff has failed to meet his burden to proffer any facts, in his voluminous motions and addendums, that suggest that the exemptions were improper, and the information should not have been withheld, upon which a reasonable fact-finder could enter a verdict in his favor.  The identifying codes that the USACRC withheld are clearly within the ambit of Exemption (b)(2) and merely internal identification codes where release serves no public interest.  The withholding of similar codes by which the Federal Bureau of Investigation ("FBI") referred to its informants was deemed proper under Exemption (b)(2).  See Lesar v. United States Dep't of Justice, 636 F.2d 472, 485 (D.C. Cir. 1980).  Additionally, defendant makes a convincing argument that the release of the identification codes not only has no public interest rationale, but could actually harm the public interest by allowing improper access to the USACRC database from which unauthorized users could gain confidential information about themselves or others, and thereby compromise ongoing investigations.  (Def.'s Mot. to Dismiss [7], 21); see also Coleman v. FBI, 13 F. Supp. 2d 75, 79 (D.D.C. 1998).

11

The identities of CID special agents, military police, other government personnel and third parties witnesses were all properly withheld under Exemptions (b)(6) and (b)(7)(C).  This information clearly is related to particular individuals, as required by Exemption (b)(6), namely the agents, government employees and witnesses, and was compiled for a law enforcement purpose, as required by Exemption (b)(7)(C), because it was in connection with a criminal investigation by the CID.  Therefore, this Court must determine whether the privacy interests of the individuals whose identities were protected by the redactions outweigh the public interest in disclosure.  In this analysis, there is no public interest rationale that plaintiff can offer, and he has not offered any, to support his claim because the release of this personal information will not further the goal of FOIA, which is to shed light on agency procedures and practices.  Plaintiff is seeking specific information about the investigators involved in an investigation of his own suspected criminal activity.  The privacy interests of the individuals involved far outweigh any public interest rationale that plaintiff could drum up.  Release of the names of CID agents could subject them to harassment by current or past subjects of investigations, physical harm and injury or compromise the effectiveness of those investigations.  (Def.'s Mot. to Dismiss [7], 26). Further, there is a significant interest in maintaining the secrecy of the identity of witnesses and third party interviewees so that law enforcement can continue to gather information through these interviews while assuring that the interviewees will not be subject to harassment or reprisal. (Def.'s Mot. to Dismiss [7], Ex. 8).  Defendant has shown that there is no evidence to support a view that the identifying codes and names of individuals involved in the criminal investigation of plaintiff were improperly withheld in violation of the FOIA exemptions.  Plaintiff has not countered the strong privacy interests at stake with any public interest reasons to support

12

disclosure of the names and identities of the individuals involved with the criminal investigation into plaintiff in 1994.  Therefore, defendant is entitled to summary judgment on plaintiff's FOIA claims.

## V.  Plaintiff's Additional Claims

In addition to his Privacy Act, FOIA and tort claims, plaintiff includes a laundry list of laws, regulations and executive orders that he claims have been violated by the defendant's actions including U.S. Executive Orders (EO) 10450, 10865, 12333, and 12356, 5 U.S.C. § 3301, 5 U.S.C. § 9101, 42 U.S.C. § 2165, 42 U.S.C. §2201, 50 U.S.C. § 781-887, 5 C.F.R. Part 732, and 5 C.F.R. Part 736.  (Pl.'s Compl. [1], 2).  Plaintiff merely mentions these acts, orders and regulations in the opening of his complaint, and never again throughout his voluminous motions, and he fails to allege any facts whatsoever that support a claim under any of them.  Plaintiff has failed to comply with Rule 8(a) of the Federal Rules of Civil Procedure demanding a "short and plain statement" detailing the court's jurisdiction and a claim showing that the plaintiff is entitled to relief.  To the extent that this list even constitutes a claim or claims, those claims are dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

## VI.  Plaintiff's Motion for Summary Judgment

On April 4, 2006, plaintiff filed a motion [8], nominally a motion for summary judgment, in which he asked the court to find a judgment of default against the defendant.  However, the defendant was not in default for failing to file a timely motion to dismiss in lieu of an answer to the complaint.  Defendant filed a timely motion [4] for extension of time on February 28, 2006, which was granted on March 1, 2006 giving the defendant an opportunity to file its motion until

March 21, 2006 and defendant filed its motion [7] to dismiss on March 20, 2006, within the time allotted. Therefore, plaintiff's motion [8] is DENIED.

**VII. Plaintiff's Motion Request for Subpoena Duces Tecum**

On April 14, 2006, plaintiff filed a motion [11] request for summary judgment and a request for subpoena duces tecum. In light of the dismissal in part of plaintiff's claims and a finding of summary judgment in part for the defendant on plaintiff's other claims, plaintiff's motion [11] request for summary judgment and for subpoena duces tecum is denied.

<u>CONCLUSION</u>

For the reasons stated herein, this Court shall grant defendant's motion [7] to dismiss in part and for summary judgment in part. Additionally, this Court shall deny plaintiff's motion [8] for summary judgment and plaintiff's motion [11] request for subpoena duces tecum.

A separate order shall issue this date.

Signed by Royce C. Lamberth, United States District Judge, March 30, 2007.

14